Philip D. Dracht (SBN 219044)
FABIAN VANCOTT, PLC
95 S State St Suite 2300
Salt Lake City, UT 84111
Tele:              (801) 531-8900
Email:            pdracht@fabianvancott.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCOBEDO, Plaintiff, <br><br> v. <br><br> GODFREY TRUCKING, INC.; SCOTT GODFREY; and DOES 1-100, inclusive, Defendants. | Case No.: 5:26-cv-929 <br><br> **NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

    Defendants Godfrey Trucking, Inc. and Scott Godfrey (collectively, *"Defendants"*) hereby remove this action from the Superior Court of California, County of San Bernardino, Case No. CIVSB2537205, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully show this Court as follows:

## INTRODUCTION

    1.        This is an employment action in which Plaintiff Jorge Escobedo, a California resident, asserts fourteen causes of action against Defendants Godfrey Trucking, Inc., a Utah corporation, and Scott Godfrey, a Utah

citizen. Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has original jurisdiction under 28 U.S.C. § 1332(a), and removal is proper under 28 U.S.C. § 1441(a).

## THE STATE COURT ACTION

2.          On December 19, 2025, Plaintiff filed a complaint in the Superior Court of California, County of San Bernardino, Case No. CIVSB2537205, asserting fourteen causes of action arising from the termination of his employment on December 22, 2023. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.          The original Complaint incorrectly alleged that Defendant Godfrey Trucking, Inc. was "a California Corporation." (Compl. ¶ 2(a).) On February 5, 2026, Plaintiff filed an Amendment to Complaint correcting this allegation to identify Godfrey Trucking, Inc. as "a Utah Corporation." A true and correct copy of the Amendment to Complaint is attached hereto as **Exhibit B**.

4.          On January 27, 2026, Plaintiff attempted service of process on Defendants at the Utah office of Godfrey Trucking, Inc. A Proof of Service of Summons was filed on February 2, 2026. A true and correct copy of the Proof of Service is attached hereto as **Exhibit C**. Defendants reserve all objections to the sufficiency of service of process.

## GROUNDS FOR REMOVAL

5.          This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.          Diversity of Citizenship

6.          Plaintiff Jorge Escobedo is a resident of the State of California. (Compl. ¶ 1.)

7.         Defendant Godfrey Trucking, Inc. is a Utah corporation with its principal place of business in Utah. (Am. Compl.; Declaration of Scott Godfrey ¶ 10, attached hereto as **Exhibit D**.) Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. Godfrey Trucking, Inc. is therefore a citizen of Utah.

8.         Defendant Scott Godfrey is a resident of the State of Utah. A natural person's citizenship for diversity purposes is determined by domicile, not residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile is established by physical presence in a state combined with the intent to remain indefinitely. *Id.*

9.         As set forth in his Declaration (Exhibit D), Scott Godfrey:

a.         Has maintained his permanent residence in Utah since 1964;

b.         Resides in Sandy, Utah 84092;

c.         Holds a Utah driver's license;

d.         Is registered to vote in Utah;

e.         Files his state income tax returns in Utah; and

f.         Intends to remain in Utah indefinitely.

(Godfrey Decl. ¶¶ 3-8.)

10.        The Amended Complaint continues to allege, incorrectly, that Scott Godfrey is "a resident of San Bernardino County, California." (Am. Compl. ¶ 2(b).) This allegation is false. (Godfrey Decl. ¶ 9.) Scott Godfrey has never resided in San Bernardino County, California. Id.

11.        In a factual challenge to diversity jurisdiction, the Court may look beyond the pleadings to determine the true citizenship of the parties. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Declaration of Scott Godfrey establishes that he is domiciled in Utah. Plaintiff's contrary allegation is demonstrably false and does not defeat removal.

12.          Complete diversity therefore exists: Plaintiff is a citizen of California; both Defendants are citizens of Utah.

**B.          Amount in Controversy**

13.          The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges:

a.          Annual earnings of approximately $72,000 (Compl. ¶ 18);

b.          Lost wages and benefits (Compl. ¶¶ 21-24);

c.          Emotional distress damages (Compl. ¶ 24);

d.          Punitive damages (Compl., Prayer for Relief); and

e.          Attorney's fees (Compl., Prayer for Relief).

14.          Plaintiff's claims for back pay alone, calculated from December 22, 2023 to the present (over two years), would exceed $144,000. Combined with Plaintiff's claims for emotional distress, punitive damages, and attorney's fees, the amount in controversy substantially exceeds the $75,000 jurisdictional threshold.

<b>TIMELINESS OF REMOVAL</b>

15.          This Notice of Removal is timely. Under 28 U.S.C. § 1446(b)(3), if a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt of an amended pleading or other paper from which it may first be ascertained that the case is removable.

16.          The original Complaint alleged that Godfrey Trucking, Inc. was "a California Corporation." (Compl. ¶ 2(a).) Based on this allegation, complete diversity did not appear on the face of the Complaint.

17.          The Amendment to Complaint, filed February 5, 2026, corrected this allegation to identify Godfrey Trucking, Inc. as "a Utah Corporation." Defendants received the Amendment to Complaint on or about February 5, 2026. This Notice of Removal is filed within 30 days of that date.

18.        Additionally, the Proof of Service of Summons was filed on February 2, 2026, indicating service was attempted on January 27, 2026. Even measuring from that date, this Notice of Removal is timely filed within 30 days.

## CONSENT OF ALL DEFENDANTS

19.        All defendants who have been served consent to this removal. Defendant Godfrey Trucking, Inc. and Defendant Scott Godfrey join in filing this Notice of Removal. 28 U.S.C. § 1446(b)(2)(A).

## VENUE

20.        Venue is proper in this District. The state court action was pending in the Superior Court of California, County of San Bernardino. San Bernardino County is located within the Central District of California. 28 U.S.C. § 84(c). Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to this Court.

## ATTACHMENTS

21.        Pursuant to 28 U.S.C. § 1446(a), filed with this Notice of Removal are true and correct copies of all process, pleadings, and orders served upon Defendants in the state court action:

Exhibit A:   Complaint and all accompanying documents (ADR face page, Civil Case Coversheet, Certificate of Assignment, Notice of Trial Setting Conference and Notice of Case Assignment)

Exhibit B:   Amendment to Complaint

Exhibit C:   Proof of Service of Summons

Exhibit D:   Declaration of Scott Godfrey

Exhibit E:   Summons

## NOTICE TO STATE COURT

22.        Promptly after filing this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the Superior Court of California,

County of San Bernardino, and serve all adverse parties, as required by 28 U.S.C. § 1446(d).

### RESERVATION OF DEFENSES

23.        By filing this Notice of Removal, Defendants do not waive any defenses, including but not limited to any objections to the sufficiency of service of process, personal jurisdiction, or any other defense available under the Federal Rules of Civil Procedure or applicable law.

WHEREFORE, Defendants Godfrey Trucking, Inc. and Scott Godfrey respectfully remove this action from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California.

DATED: February 26, 2026

FABIAN VANCOTT, PLC

Philip D. Dracht, Attorney for Defendants
GODFREY TRUCKING, INC. and SCOTT
GODFREY