# EXHIBIT A

# EXHIBIT A

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
12/19/2025 1:05 PM
By: Amalia Molina, DEPUTY

Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
Michael Zelman (SBN 297682)
mzelman@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, PC**
1875 Century Park East, Suite 480
Los Angeles, CA 90067
Telephone: (424) 231-2366
Facsimile:  (323) 319-5148

Attorneys for Plaintiff,
JORGE ESCOBEDO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

JORGE ESCOBEDO,

      Plaintiff,

v.

GODFREY TRUCKING, INC. (a
California Corporation), SCOTT
GODFREY (an Individual), and DOES 1-
100, inclusive,

      Defendants.

Case No.:  CIVSB2537205

**PLAINTIFF JORGE ESCOBEDO'S COMPLAINT FOR DAMAGES FOR:**

**(1) DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF FEHA;**

**(2) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**

**(3) HARASSMENT ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**

**(4) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;**

**(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;**

**(6) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF FEHA;**

**(7) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

**(8) VIOLATION OF LABOR CODE § 1102.5;**

**(9) FAILURE TO PROVIDE**

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

UNINTERRUPTED MEAL BREAKS;

**(10)** FAILURE TO PROVIDE UNINTERRUPTED REST BREAKS

**(11)** INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

**(12)** FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;

**(13)** VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.;* AND

**(14)** FAILURE TO PAY OVERTIME COMPENSATION

**DEMAND FOR JURY TRIAL**

Plaintiff JORGE ESCOBEDO, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by JORGE ESCOBEDO, ("plaintiff" or "Escobedo"), whose employment with defendants GODFREY TRUCKING, INC. (a California Corporation); SCOTT GODFREY (an Individual) was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff JORGE ESCOBEDO is, and at all times mentioned in this Complaint was, a resident of the County of San Bernardino, California.

2.  *Defendants:*

a.  Defendant GODFREY TRUCKING, INC., is a California Corporation, that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

b.  Defendant SCOTT GODFREY ("Godfrey"), and individual, is, and at all times mentioned in this Complaint was a resident of San Bernardino County, California.

c.  Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

d.  Godfrey Trucking, Inc., Scott Godfrey, and Doe defendants 1 to 100 may be collectively referred to as "defendants."

3.  *Relationship of defendants:*

a.  All defendants and all Doe defendants directly and/or indirectly employed plaintiff, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

b.  All defendants and all Doe defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged throughout, which is prohibited under California Government Code section 12940(i).

c.  All defendants and all Doe defendants were acting as the agents of all other defendants and employers, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

d.  All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, on behalf of all defendants, and engaged in, authorized, ratified, and approved of the conduct of all other defendants.

e.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant

PLAINTIFF'S COMPLAINT FOR DAMAGES

hereto, all defendants, and each of them, were the principals, agents, servants, employers, employees, partners, joint venturers, predecessors in interest, successors in interest, and/or authorized representatives of each of the other defendants, were at all times relevant herein acting within the purpose, course and scope of their agency, service, employment, partnership, joint venture, and/or representation, and were doing so with the knowledge, permission, and consent of their principals, employers, partners, joint venturers, and co-defendants, and each of them. Plaintiff further alleges that each and every defendant was negligent, careless, and legally liable in the selection and hiring of each and every other defendant as its agent, servant, employee, consultant, assistant, representative, partner, and/or joint venturer.

f. All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

g. Defendants directly and indirectly employed plaintiff Escobedo, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

h. In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

4.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

5.   Some of the actions at issue in this case occurred in the State of California, in the County of San Bernardino.  Under the California Fair Employment and Housing Act, this case can alternatively, at plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the aggrieved person would have worked . . .

California Government Code § 12965(b) (emphasis added).

6.   Plaintiff worked in California, and at times, conducted certain job duties in the County of Los Angeles.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.   *Plaintiff's protected status and activity:*

   a.   Plaintiff is more than 40 years old.

   b.   Plaintiff suffered from a disability and/or medical condition.

   c.   Plaintiff made good faith complaints about the discrimination and harassment he experienced while employed by defendants to defendants' human resources department and to his supervisors and/or managers.

8.   Jorge L. Escobedo (hereinafter "Escobedo") a 48 year old male, began his employment with Godfrey Trucking, Inc. (hereinafter "Defendant" or "Godfrey Trucking") on October 2, 2019, as a Local CA Driver. Escobedo was hired by Neil Sebring, the Drivers Supervisor, and was initially assigned to work at Defendant's Fontana, California location at 15777 Slover Ave, Fontana, CA 92335. At the time of his hire, Escobedo understood his position would consist of "drop and hook" loads, meaning he would not be required to unload heavy freight. Escobedo maintained a clean safety record and was a reliable employee who came to work every day and fulfilled his job duties. Throughout his employment,

-5-

Escobedo worked long hours—regularly 12 to 14 hours per day and 45 to 55 hours per week—to ensure Defendant's operations ran smoothly. His employment with Defendant went without major incident until mid-2022, when he began experiencing a hostile work environment that would ultimately culminate in his wrongful termination on December 22, 2023.

9.    In October 2021, Escobedo briefly resigned from his position following disputes regarding his work assignments. On October 22, 2021, there was a miscommunication regarding a scheduled load, which left Defendant in a difficult position. On October 26, 2021, Alex Pereira (hereinafter "Pereira"), approximately 40 years old, who would later become Escobedo's direct supervisor and dispatcher, informed Escobedo that he needed to run a relay with another driver to cover for a colleague. When Escobedo expressed concerns about this assignment, he ultimately resigned on October 29, 2021. Following his resignation, Defendant reached out to Escobedo and offered to rehire him. On November 5, 2021, Defendant issued a "Conditions for Employment" letter, which Escobedo signed on November 9, 2021. This letter specifically required Escobedo to "work and communicate with [his] dispatcher/reporting supervisor Alex" and acknowledged that while Escobedo did not desire to run over-the-road routes, "there is a possibility during your course of employment that you'll be required to run over the road or on a relay to assist the fleet 'out of state.'" Despite these conditions, Escobedo returned to work with the understanding that he would be treated fairly and professionally.

10.    However, beginning in mid-2022, Escobedo started experiencing increasingly hostile and abusive treatment from Pereira, who by that time had become his direct supervisor and dispatcher. Pereira persistently harassed Escobedo regarding his occasional need for time off for medical appointments. Due to medical issues, Escobedo occasionally needed to attend doctor's appointments. Each time Escobedo requested time off, Pereira harassed him at work, accusing him of lying about his doctor's visits. Under California labor laws, Escobedo was not required to provide a doctor's note unless he missed more than three consecutive days, yet Pereira continued to question and challenge his absences. In March 2022, when Escobedo reported that he believed he had gout in his foot and needed to miss work on March 27-28, 2022, to seek medical treatment, Pereira sent an email to Human Resources expressing suspicion about Escobedo's injury. In the email dated March 30, 2022, Pereira wrote: *"I received a call from Jorge on Sunday night March 27th that he thought he had GOUT in his foot, hurting him and that he couldn't*

*work Monday 28th left me in a bad way Monday... It is hurting me, I was not expecting to lose the driver this week... seems weird to me. First it was gout, then ankle sprain, then it usually doesn't take this long to get x ray results from an urgent care ??"* This email demonstrates Pereira's pattern of questioning and doubting Escobedo's legitimate medical needs.

11.    After these incidents, Escobedo's interactions with Pereira became increasingly hostile. Pereira persistently engaged in verbal disagreements with Escobedo and would raise his voice and yell at him over the phone. Escobedo complained to Supervisor Neil Sebring (hereinafter "Sebring") in 2021 and 2022 about Pereira's discriminatory and/or harssing behavior, explaining that Pereira would call and yell at him and was overworking the drivers, expecting too much to be accomplished within the legally permitted 11-hour driving window. Despite Escobedo's complaints, no corrective action was taken. Sebring merely told Escobedo he would "speak to him," but Pereira's hostile behavior continued and escalated.

12.    By August and September 2023, Pereira escalated his harassment significantly. In September 2023, Pereira pressured Escobedo to perform work assignments that were beyond the scope of his job duties and that Escobedo was physically unable to perform. Specifically, Escobedo was assigned a local move for Ashley Furniture that would require him to provide "driver assist"—meaning he would need to physically unload heavy furniture at the destination. Due to a pre-existing back condition, Escobedo was unable to safely perform this type of heavy lifting. When Escobedo refused to take the assignment on September 18, 2023, Pereira became hostile and retaliatory. In an email dated September 18, 2023, sent to Human Resources Manager Kathy Dang and CEO Scott Godfrey, Pereira wrote: *"Jorge is refusing to cover a local move I have booked for Ashley furniture tomorrow... Jorge does not have any physical restrictions that I am aware of... Jorge is flat refusing, saying that if he has to do any driver assist that he will QUIT and find another Job. That he has received many job offers, and that he will just take one of those... Please add this to his driver file Kathy."* In response to this email, Dang replied: *"It seems like he's an ongoing challenge so I would suggest looking for a new driver."* This email exchange makes clear that Defendant began contemplating terminating Escobedo's employment in retaliation for his refusal to perform work that was unsafe and beyond his physical capabilities.

13.    Throughout September 2023, Pereira also made derogatory comments about Escobedo's work

PLAINTIFF'S COMPLAINT FOR DAMAGES

performance. In an email dated September 18, 2023, Pereira wrote: *"He is a challenge, I have complaints about him for sure. But he comes in every day, never has called in on me and for the most part reliable. He is very slow, the slowest local driver I have. But he has had a safe record and he gets us at least 2 loads per day at the Andrus yard or the milk run which helps turn the OTR fleet quicker."* Despite acknowledging that Escobedo was reliable, maintained a safe driving record, and never called in sick, Pereira characterized Escobedo as "the slowest local driver" in a manner intended to undermine and demean him.  The comment is offensive to Escobedo and he finds it to be harassing based upon his age and/or his disability.

14.    The harassment continued to escalate throughout the fall of 2023. Pereira regularly pressured Escobedo to work without taking his legally required meal and rest breaks. Pereira would send text messages and call Escobedo, demanding that he skip his breaks in order to pick up additional loads and return to the yard more quickly. Pereira expected Escobedo to violate California labor laws and federal motor carrier safety regulations in order to meet unrealistic productivity demands. When Escobedo attempted to assert his rights to take breaks and work safely, Pereira became angry and would retaliate by cutting Escobedo's hours or sending him home early.

15.    On December 21, 2023, the situation reached a breaking point. That day, Pereira once again harassed Escobedo, pressuring him to take a truck load to Rancho Dominguez despite the fact that Escobedo was fatigued and had not taken his legally required lunch break. Federal motor carrier safety regulations, specifically 49 C.F.R. § 392.3, prohibit a driver from operating a commercial motor vehicle when "the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle." Escobedo informed Pereira that given his fatigued condition, he needed to take the rest of the day off. Shortly thereafter, Scott Godfrey (hereinafter "Godfrey"), the CEO and owner of Godfrey Trucking, called Escobedo directly and insisted, "We need to get this stuff going." Godfrey then left a voicemail for Escobedo in which he stated that Pereira said they got into a shouting match and that "Alex is 'our guy'" and they have to "get this shit done."

16.    Feeling overwhelmed, harassed, and pressured to violate safety regulations, Escobedo reached out to Kathy Dang, Defendant's Human Resources Manager, to report what was happening. Dang advised

Escobedo to take the rest of the day off on December 21, 2023. However, just one day later, on December 22, 2023, Dang and Godfrey called Escobedo on a three-way telephone call and informed him that his employment was being terminated effective immediately.

17.    In a termination letter dated December 22, 2023, the company acknowledged a workplace conflict between Escobedo and his supervisor Pereira, which had occurred on multiple occasions. Despite Escobedo reporting that Pereira was pressuring him to violate laws and drive while he was stressed and exhausted, the company backed Pereira and terminated Escobedo.  The termination was discriminatory and/or retaliatory based upon Escobedo's age, disability and/or his good faith complaints of illegal activity.  In an attempt to thinly veil these reasons for termination, the company has pretextually characterized the reason for termination as Escobedo and Pereira's "inability to work together."  In reality the company knowingly and boldy elected to terminate the victim.

18.    As a result of his wrongful termination, Escobedo has suffered significant financial and emotional harm. Escobedo was earning approximately $72,000 per year and has lost his income, bonuses, and benefits including dental and vision insurance. He is currently unemployed and actively seeking work, but has been forced to rely on his savings to support himself and his family, which includes his wife and four children. The sudden and unjust termination has caused Escobedo to experience daily stress, anxiety, and emotional distress. Escobedo loved his job, took pride in his safe driving record, and was a loyal and reliable employee. He has been deeply hurt by Defendant's decision to terminate him for asserting his legal rights and complaining about unlawful treatment.

19.    Defendants' stated reason for terminating was false and mere pretext as defendants' real reason for terminating Escobedo's employment was for wrongful, illegal, discriminatory and/or retaliatory purposes related to his medical condition/disability, age, requests for accommodation and his good faith complaints regarding discrimination, harassment, retaliation, and/or other conduct that Escobedo reasonably believed to be illegal.

20.    Following the termination, Escobedo suffered severe symptoms of emotional distress including, but not limited to depression, anxiety, stress, headaches, and weight loss.

21.    *Economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, stock options, damage to

PLAINTIFF'S COMPLAINT FOR DAMAGES

his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

22. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

23. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his age, disability, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and con-scious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his age, disability, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

24. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

25. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his

administrative remedies by filing a timely administrative complaint with the Civil Rights Department ("CRD") and receiving a CRD right-to-sue letter.

### FIRST CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*) (Age

### Discrimination)—Against Defendants GODFREY TRUCKING, INC.

### and Does 1 to 100, Inclusive)

26.    The allegations set forth in paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27.    At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendant to refrain from discriminating against any employee because he or she is more than 40 years old.  Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

28.    During plaintiff's employment with defendants, defendants, through their supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old. Specifically, defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees.

29.    During plaintiff's employment with defendants, defendants intentionally engaged in age discrimination.  During plaintiff's employment with defendants, defendants had a pattern and practice of discriminating against employees who were more than 40 years old.

30.    Plaintiff was a qualified employee at the time of the termination of his employment and was more than 40 years old.  All of defendants' conduct raises an inference of discrimination.

31.    Defendants, through their managers and supervisors, made a number of comments to and about plaintiff and made staffing decisions and/or transfers that exhibited ageist motivations, intentions, and consciousness.  Plaintiff believes and, on that basis, alleges that defendants' real motivation was to discharge him because of his age.

32.    Defendants' conduct, as alleged, violated FEHA, and defendants committed unlawful

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  employment practices, including by the following, separate bases for liability:

2      a.   Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or

3  otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's age and/or other

4  protected characteristics, in violation of Government Code section 12940(a);

5      b.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the

6  basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section

7  12940(j);

8      c.   Failing to take all reasonable steps to prevent discrimination and harassment based on age

9  and/or other protected characteristics, in violation of Government Code section 12940(k);

10      d.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or

11  opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

12      33.   On the basis of the above, plaintiff believes and alleges that his age was a substantial

13  motivating factor in defendants' termination of his employment.

14      34.   As a proximate result of defendants' willful, knowing, and intentional discrimination against

15  plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other

16  employment benefits.

17      35.   As a proximate result of defendants' willful, knowing, and intentional discrimination against

18  plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and

19  physical pain and anguish, all to his damage in a sum according to proof.

20      36.   Defendants' discrimination was done intentionally, in a malicious, fraudulent, oppressive

21  manner, entitling plaintiff to punitive damages.

22      37.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant to

23  Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs

24  (including expert costs) in an amount according to proof.

25

26  **SECOND CAUSE OF ACTION**

27  **(Violation of FEHA (Government Code § 12900, *et seq.*) (Disability**

28  **Discrimination)—Against Defendants GODFREY TRUCKING, INC.**

-12-

**and Does 1 to 100, Inclusive)**

38. The allegations set forth in paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

39. Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

40. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(a);

b. Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

e. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

f. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of

-13-

1    Government Code section 12945.2.

2        41.  As a proximate result of defendants' willful, knowing, and intentional discrimination against

3    plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other

4    employment benefits.

5        42.  As a proximate result of defendants' willful, knowing, and intentional discrimination against

6    plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and

7    mental pain and anguish, all to his damage in a sum according to proof.

8        43.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant to

9    Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs

10   (including expert costs) in an amount according to proof.

11       44.  Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive

12   manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

13

14                          **THIRD CAUSE OF ACTION**

15             **(Violation of FEHA (Government Code § 12900, *et seq.*) (Medical**

16             **Condition and/or Disability Harassment— GODFREY TRUCKING,**

17                  **INC., SCOTT GODFREY, and Does 1 to 100, Inclusive)**

18       45.  The allegations set forth in paragraphs 1 through 44 are re-alleged and incorporated herein by

19   reference.

20       46.  Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and

21   defendants committed unlawful employment practices, including by the following, separate bases for

22   liability:

23           a.  Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the

24   basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in

25   violation of Government Code section 12940(j);

26           b.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation

27   based on actual, perceived, and/or history of medical condition and/or physical disability, in violation of

28   Government Code section 12940(k).

-14-

47. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

48. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

49. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

50. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12940(a), (i), (m), (n)) (Failure to Provide Reasonable Accommodation)— Against Defendants GODFREY TRUCKING, INC., and Does 1 to 100, Inclusive)

51. The allegations set forth in paragraphs 1 through 50 are re-alleged and incorporated herein by reference.

52. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

53. Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability. Defendants used plaintiff's disability and his need to take medical leave as an excuse for terminating plaintiff's employment.

54. Plaintiff believes and, on that basis, alleges that his disability and the need to accommodate his

disability were substantial motivating factors in defendants' termination of his employment.

55.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

57.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

58.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

### FIFTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*) (Failure to

### Engage in Interactive Process)—Against Defendants GODFREY

### TRUCKING, INC. and Does 1 to 100, Inclusive)

59.    The allegations set forth in paragraphs 1 through 58 are re-alleged and incorporated herein by reference.

60.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for liability: failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n).

61.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

62.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

63. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

64. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

## SIXTH CAUSE OF ACTION

### (Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA (Government Code § 12940(k))—Against Defendants GODFREY TRUCKING, INC. and Does 1 to 100, Inclusive)

65. The allegations set forth in paragraphs 1 through 64 are re-alleged and incorporated herein by reference.

66. At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the CRD and received a right-to-sue notice.

67. During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*i.e.,* his age, disability, and/or participation in protected activities and/or his good faith complaints and opposition). During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees on the basis of such protected classes. During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination on the basis of engagement in protected activity and protected status.

68. Plaintiff believes and on that basis alleges that his protected status and/or engagement in a

-17-

protected activity was a substantial motivating factor in defendants' employees' discrimination and retaliation against him.

69.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

70.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

71.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

72.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy

### (Labor Code § 1102.5; FEHA, Government Code § 12900, *et seq.*)—

### Against Defendants GODFREY TRUCKING, INC., and Does 1 to

### 100, Inclusive)

73.    The allegations set forth in paragraphs 1 through 72 are re-alleged and incorporated herein by reference.

74.    Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's employment was terminated in part because of his protected status (*i.e.,* his age, disability, and/or good faith complaints).  These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

75.    As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

76.  As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

77.  Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

78.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq., plain*tiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

### EIGHTH CAUSE OF ACTION

#### (Violations of Labor Code § 1102.5, *et seq.*—

#### Against All Defendants and Does 1 to 100, Inclusive)

79.  The allegations set forth in paragraphs 1 through 78 are re-alleged and incorporated herein by reference.

80.  At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality.

81.  Plaintiff raised complaints of illegality while he worked for defendants, and defendants retaliated against him by terminating his employment.

   a.  Specifically, plaintiff reported the unlawful discrimination and retaliation he was experiencing from defendants on the basis of his age, disability and/or good faith complaints.

   b.  Plaintiff also reported what he reasonably believed to be unsafe working conditions in violation of OSHA and/or other state laws, rules, codes, and/or regulations.

82.  As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

83.  As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

84.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive

manner, entitling plaintiff to punitive damages against defendants.

## NINTH CAUSE OF ACTION

### (Failure to Provide Uninterrupted Meal Breaks - Cal. Labor Code §§ 226.7; 512(a) - Against Defendants GODFREY TRUCKING, INC., and Does 1 to 100, Inclusive)

85.   The allegations set forth in paragraphs 1 through 84 are re-alleged and incorporated herein by reference.

86.   At all times relevant hereto, Labor Code sections 226.7(a) and 512(a) applied to Defendants' employment of Plaintiff.

87.   At all times relevant hereto, Labor Code section 226.7(a) provided that no employers could require employees to work during any meal period mandated by an applicable wage order.

88.   At all times relevant hereto, Labor Code section 512(a) provided that employers could not require or permit an employee to work a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

89.   At all times relevant hereto, Labor Code section 512(a) provided that employers could not require or permit an employee to work a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of both the employer and the employee only if the first meal period was not waived.

90.   On many occasions throughout his employment with Defendants, they did not provide Plaintiff with thirty (30) minute; uninterrupted meal breaks as required by the Labor Code.

91.   During Plaintiff's employment, Defendants frequently failed to compensate Plaintiff with an additional hour of pay for work performed during his earned meal period thereby violating Labor Code sections 226.7(a) and 512(a).  Accordingly, pursuant to section 226.7(b), Plaintiff is entitled to recover from Defendants an additional hour of pay at Plaintiff's regular rate of compensation for each work day

that a meal period was not provided.

## TENTH CAUSE OF ACTION

### (Failure to Provide Uninterrupted Rest Breaks - Cal. Labor

### Code §§ 226.7 - Against Defendants GODFREY

### TRUCKING, INC., and Does 1 to 100, Inclusive)

92.    The allegations set forth in paragraphs 1 through 91 are re-alleged and incorporated herein by reference.

93.    At all times relevant hereto, Labor Code sections 226.7(a) and IWC Order No. 5-2001 applied to Defendants' employment of Plaintiff.

94.    At all times relevant hereto, Labor Code section 226.7(a) provided that no employers could require employees to work during any rest period mandated by an applicable wage order.

95.    At all times relevant hereto, IWC Order Number 5-2001(12) required employers to provide to an employee a ten (10) minute rest period for every four (4) hours worked, absent exceptions which are not applicable to Plaintiff's claim.

96.    Throughout the entirety of his employment, Plaintiff worked shifts of sufficient length to require Defendants to provide two ten (10) minute rest periods.  On many occasions, Defendants did not provide Plaintiff with one or both of his rest breaks, thereby violating Labor Code § 226.7 and the applicable wage order.  Accordingly, pursuant to § 226.7(c), Plaintiff is entitled to recover from Defendants one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that a rest period was not provided.

## ELEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All

### Defendants and Does 1 to 100, Inclusive)

97.    The allegations set forth in paragraphs 1 through 96 are re-alleged and incorporated herein by reference.

98.    Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted

-21-

1   severe and outrageous misconduct and caused plaintiff extreme emotional distress.

2   99.    Defendants were aware that treating plaintiff in the manner alleged above, including depriving

3   him of his livelihood, would devastate plaintiff and cause him extreme hardship.

4   100.    As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered

5   and continues to suffer severe emotional distress.    Plaintiff has sustained and continues to sustain

6   substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

7   101.    As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered

8   and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to

9   his damage in a sum according to proof.

10  102.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive

11  manner, entitling plaintiff to punitive damages.

12

13                      **TWELVFTH CAUSE OF ACTION**

14              **(Failure to Pay All Wages Upon Termination (Labor Code**

15                **§ 203)— Against All Defendants and Does 1 to 100, Inclusive)**

16  103.    The allegations set forth in paragraphs 1 through 102 are re-alleged and incorporated herein by

17  reference.

18  104.    Plaintiff is no longer employed by defendants.

19  105.    Defendants failed to pay plaintiff sums certain at the time of termination.

20  106.    Defendants' failure to pay wages, as alleged above, was willful in that defendants knew wages

21  to be due but failed to pay them; this violation entitles plaintiff to penalties under Labor Code section

22  203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from

23  the date they were due.

24

25                      **THIRTEENTH CAUSE OF ACTION**

26              **(Violation of Business and Professions Code § 17200, *et seq.*—**

27                **Against Defendants GODFREY TRUCKING, INC., and Does**

28                              **1 to 100, Inclusive)**

107.    The allegations set forth in paragraphs 1 through 106 are re-alleged and incorporated herein by reference.

108.    Plaintiff brings this case of action on behalf of himself and in his capacity as a private attorney-general.

109.    Defendants, and each of them, have engaged in unfair and unlawful business practices as set forth above.

110.    Business and Professions Code section 17200 *et seq.* prohibits unlawful and unfair business practices.

111.    By engaging in the above-described acts and practices, defendants, and each of them, have committed one or more acts of unfair competition within the meaning of Business and Professions Code section 17200 *et seq.*

112.    Defendants, and each of them, have violated statutes and public policies.  Through the conduct alleged in this complaint, defendants have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code section 17200 *et seq.*, depriving plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

113.    As a direct and proximate result of the aforementioned acts and practices, plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of defendants.

114.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business and Professions Code section 17200 *et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

### FOURTEENTH CAUSE OF ACTION

### (Failure To Pay Overtime Compensation, in Violation of

### Labor Code §§ 510, 558, 1194, and 1197.1) — Against All

### Defendants and Does 1 to 100, Inclusive)

115.    The allegations set forth in paragraphs 1 through 114 are re-alleged and incorpo-rated herein

by reference.

116.   This cause of action is brought pursuant to Labor Code §§ 510, 558, 1194, and 1197.1, which requires an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

117.   As a pattern and practice, Defendant suffered and forced Plaintiff to work in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 510 and 1194.

118.   Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510, 558, 1194, and 1197.1.

119.   Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all overtime wages due and owing Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203.

## PRAYER

WHEREFORE, plaintiff, JORGE ESCOBEDO, prays for judgment against defendants as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages, according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4.   For reasonable attorneys' fees;

5.   For costs of suit incurred;

6.   For injunctive relief;

7.   For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, JORGE ESCOBEDO, demands trial of this matter by jury. The amount demanded exceeds $35,000.00 (Government Code § 72055).

Dated: December 19, 2025

**SOUTHERN CALIFORNIA**
**LABOR LAW GROUP, P.C.**

By: _____

Taylor M. Prainito, Esq.
Michael Zelman, Esq.

Attorneys for Plaintiff,

JORGE ESCOBEDO

PLAINTIFF'S COMPLAINT FOR DAMAGES



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
sanbernardino.courts.ca.gov
909-708-8678

| Escobedo -v- Godfrey et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2537205 |

SOUTHERN CALIFORNIA LABOR LAW GROUP PC
1875 CENTURY PARK EAST
SUITE 480
LOS ANGELES CA  90067

mzelman@scllgpc.com

This case has been assigned to:  Jeffrey R Ericksonin Department S14 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 7/9/2026 at 8:30 AM in Department S14 - SBJC

Date:  1/9/2026                                    By: _____
                                                        Amalia Molina, Deputy Clerk

----------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

☒  A copy of this notice was electronically served via email to the interested party at the email address provided through eFile or the case file as shown above, in compliance with court procedures and applicable laws.

Date of Mailing:  1/9/2026

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 1/9/2026 at San Bernardino, CA.

By: _____
      Amalia Molina, Deputy Clerk

Michael Zelman (SBN 297682)
mzelman@scllgpc.com
Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**
15760 Ventura Blvd. Suite 880
Encino, CA 91436
(424) 231-2366 Telephone
(323) 319-5148 Facsimile

Attorneys for Plaintiff
JORGE ESCOBEDO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JORGE ESCOBEDO, | **CASE NO:**   CIVSB2537205 |
| vs. | **NOTICE OF ADDRESS CHANGE** |
| GODFREY TRUCKING, INC. (a California Corporation), SCOTT GODFREY (an Individual), and DOES 1-100, inclusive, | Complaint Filed:   December 19, 2025<br>Trial Date:             TBD<br>Department:          S14 |
| Defendants. | Assigned for All Purposes to Honorable Judge Jeffrey R. Erickson |

1

NOTICE OF ADDRESS CHANGE

**PLEASE TAKE NOTICE** that as of January 1, 2026, Southern California Labor Law Group, PC, has changed their address for services of notices and documents in the above-captioned action. The new address for Southern California Labor Law Group is as follows:

**15760 Ventura Blvd., Suite 880**
**Encino, CA 91436**

Telephone and facsimile numbers, and email addresses, are to remain the same. All notices and documents regarding this action should be sent to the above address.

DATED: January 15, 2026                          **SOUTHERN CALIFORNIA**
                                                 **LABOR LAW GROUP, P.C.**

By: _____

Michael Zelman, Esq.
Taylor M. Prainito, Esq.
Attorneys for Plaintiff,
JORGE ESCOBEDO

2

NOTICE OF ADDRESS CHANGE

ESCOBEDO v. GODFREY TRUCKING, INC., et al.              CASE NO.: CIVSB2537205

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 15760 Ventura Blvd. Suite 880, Encino, CA 91436.

On January 15, 2026, I served the foregoing document, described as **"NOTICE OF ADDRESS CHANGE"** on all interested parties in this action by placing a digital copy thereof in an email, addressed as follows:

**Godfrey Trucking, Inc.**
Agent: Bo Wu
1322 W 6th St.
Ontario, CA 91762

☒       **(BY HAND DELIVERY)** I arranged for such documents to be served by hand via A&G Attorney Services to the attorneys noted at the address above.

☒       **(STATE)**  I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on January 15, 2026, at Los Angeles, California.


                                            Jacy Ferido

PROOF OF SERVICE



# Alternative Dispute Resolution

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, landlord tenant, civil, family law, probate case with a trained mediator. The Inland Fair Housing and Mediation Board (IFHMB) provides in-person services for all case types listed above. These services are available for the following court locations:

♦ San Bernardino Historic

♦ San Bernardino Justice Center

♦ Barstow

♦ Fontana

♦ Joshua Tree

Using ADR to resolve disputes can:

◊ Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

◊ Save money on attorney's fees, fees for expert witnesses and other expenses.

◊ More control over the outcome. In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury. Also, it can create solutions that go beyond what the court can do.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Taylor M. Prainito (286965), Michael Zelman (297682)<br>Southern California Labor Law Group, PC<br>1875 Century Park East, 480, Los Angeles, CA 90067<br>TELEPHONE NO.: (424) 231-2366      FAX NO.: (323) 319-5148<br>EMAIL ADDRESS: tprainito@scllgpc.com, mzelman@scllgpc.com<br>ATTORNEY FOR *(Name):* Plaintiff, Jorge Escobedo | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>12/19/2025 1:05 PM<br>By: Amalia Molina, DEPUTY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 West 3rd St.
MAILING ADDRESS: 247 West 3rd St.
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Escobedo v. Godfrey Trucking, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVSB2537205 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Fourteen (14) Causes of Action
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 19, 2025
Taylor M. Prainito, Esq.
_____            ►            _____
(TYPE OR PRINT NAME)                                                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**

San Bernardino District
247 West 3rd St
San Bernardino CA  92415
sanbernardino.courts.ca.gov
909-708-8678

| Escobedo -v- Godfrey et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2537205 |

SOUTHERN CALIFORNIA LABOR LAW GROUP PC
1875 CENTURY PARK EAST
SUITE 480
LOS ANGELES CA  90067

mzelman@scllgpc.com

This case has been assigned to:  Jeffrey R Ericksonin Department S14 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  7/9/2026 at 8:30 AM in Department S14 - SBJC

Date:  1/9/2026                              By:  _____
                                                    Amalia Molina, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

☒  A copy of this notice was electronically served via email to the interested party at the email address provided through eFile or the case file as shown above, in compliance with court procedures and applicable laws.

Date of Mailing:  1/9/2026

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 1/9/2026 at San Bernardino, CA.

By:  _____
      Amalia Molina, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Jorge Escobedo

CASE NO.: CIVSB2537205

vs.

**CERTIFICATE OF ASSIGNMENT**

Godfrey Trucking, Inc., et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☑ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Godfrey Trucking, Inc. | | 15777 Slover Ave | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Fontana | CA | | 92337 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on December 19, 2025 at Los Angeles , California

_____
*Signature of Attorney/Party*

CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

# EXHIBIT B

# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address): | COURT USE ONLY |
|---|---|
| Tayllor M. Prainito (286965); Michael Zelman (297682)<br>15760 Ventura Blvd., Suite 880<br>Encino, CA 91436<br>Telephone No.: (424) 231-2366    Fax No. (Optional): (323) 319-5148<br>ATTORNEY FOR (Name): Plaintiff, Jorge Escobedo    Bar No.: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

| STREET ADDRESS | 247 West 3rd St. | |
|---|---|---|
| MAILING ADDRESS | 247 West 3rd St. | |
| CITY AND ZIP CODE | San Bernardino, CA 92415 | |
| BRANCH NAME | San Bernardino Justice Center | |

| PLAINTIFF(S)/PETITIONER(S):<br>Jorge Escobedo | CLERK'S USE ONLY |
|---|---|
| DEFENDANT(S)/RESPONDENT(S):<br>Godfrey Trucking, Inc., et al. | |

| AMENDMENT TO COMPLAINT | CASE NUMBER:<br>CIVSB2537205 |
|---|---|

**FICTITIOUS NAME** (No order required)

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

_____

and having discovered the true name of the said defendant to be:

_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____    _____
*Date*    *Declarant's Signature*

**INCORRECT NAME** (Order required)

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of :
    Godfrey Tucking, Inc. (a California Corporation)
_____

and having discovered the true name of the said defendant to be:
    Godfrey Trucking, Inc. (a Utah Corporation)
_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

February 5, 2026    _____
_____    _____
*Date*    *Declarant's Signature*

**ORDER**

Proper cause appearing, the above amendment to the complaint is allowed

Dated _____    _____
    *Judge/Commissioner*

AMENDMENT TO COMPLAINT

SB-16778,
Rev. 04-2014 **Optional**

**ESCOBEDO v. GODFREY TRUCKING, INC., et al.**          **CASE NO.: CIVSB2537205**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 15760 Ventura Blvd. Suite 880, Encino, California 91436.

On February 5, 2026, I served the foregoing document, described as **"PLAINTIFF JORGE ESCOBEDO'S AMENDMENT TO COMPLAINT – INCORRECT NAME – GODFREY TRUCKING, INC. (A UTAH CORPORATION)"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Tanner J. Bean<br>Attorney<br>FABIAN VANCOTT<br>95 South State, Suite 2300<br>Salt Lake City, UT 84111<br>Phone: 801.323.2266<br>Samuel Adams<br>www.fabianvancott.com | Email:<br>tbean@fabianvancott.com<br>sadams@fabianvancott.com |

☒   **(BY MAIL)** As follows:

☒   I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

☒   I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☒   **(BY ELECTRONIC MAIL)**  Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address skillinger@scllgpc.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(STATE)**  I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on February 5, 2026, at Los Angeles, California.

*Stacey Killinger*

Stacey Killinger

---

PROOF OF SERVICE

# EXHIBIT C

# EXHIBIT C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Michael Zelman (SBN297682); Taylor M. Prainito (SBN286965)<br>Southern California Labor Law Group, PC<br>1875 Century Park East Suite 480<br>Los Angeles, CA 90067<br>TELEPHONE NO: (424) 231-2366   FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  skillinger@scllgpc.com<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>**SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF SAN BERNARDINO**<br>**SAN BERNARDINO DISTRICT**<br>2/2/2026 8:05 AM<br>By: Sylvia Guajardo, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Bernardino
STREET ADDRESS:  247 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Bernardino, 92415
BRANCH NAME:  San Bernardino

| PLAINTIFF / PETITIONER:  Jorge Escobedo<br>DEFENDANT / RESPONDENT:  Godfrey Trucking, Inc., et al | CASE NUMBER:<br>CIVSB2537205 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>15005828 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:  CERTIFICATE OF ASSIGNMENT, NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT, NOTICE OF ADDRESS CHANGE
3. a.  Party served *(specify name of party as shown on documents served)*:
      Godfrey Trucking, Inc., et al
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      receptionist Shannon Guerra, who is authorized to accept for Godfrey trucking Inc.
4. Address where the party was served:
   6173 West 2100 South, Salt Lake City, UT 84128
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  Tue, Jan 27 2026   (2) at *(time)*:  03:07 PM
   b. [ ] by substituted service. On *(date)*:           at *(time)*:           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:           from *(city)*:           or [ ] a declaration of mailing is attached.
      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  Jorge Escobedo | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Godfrey Trucking, Inc., et al | CIVSB2537205 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)   on *(date):*                                 (2)   from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

       ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐  as an individual defendant.

   b. ☐  as the person sued under the fictitious name of *(specify):*

   c. ☐  as occupant.

   d. ☐  On behalf of *(specify):*

       under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

   a.  Name:                Ryan Condie

   b.  Address:          13089 Peyton Drive Suite C-154 Chino Hills, CA 91709

   c.  Telephone number:    909.579.7766

   d.  The fee for service was: $192.00

   e.  I am:

     (1)  ☒  not a registered California process server.

     (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

     (3)  ☐  a registered California process server:

          (i)   ☐ owner  ☐ employee  ☒ independent contractor

          (ii)  Registration No:

          (iii)  County:

8.  ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  01/28/2026

Ryan Condie

      (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

*Ryan T. Condie*

                                    (SIGNATURE)

# EXHIBIT D

# EXHIBIT D

Philip D. Dracht (SBN 219044)
**FABIAN VANCOTT**
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
Email: pdracht@fabianvancott.com

*Attorney for Defendants*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JORGE ESCOBEDO, Plaintiff, <br><br> v. <br><br> GODFREY TRUCKING, INC., a Utah corporation; SCOTT GODFREY; and DOES 1-25, inclusive, Defendants. | Case No.: <br><br><br> **DECLARATION OF SCOTT GODFREY** |

I, Scott Godfrey, declare as follows

1. I have been named as a defendant in this action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. I am a citizen of the United States.

3. I am domiciled in the State of Utah. I have maintained my permanent residence in Utah since 1964.

4. My current residence address is 1953 East Ryan Park Avenue, Sandy, Utah 84092.

5. I hold a Utah driver's license, number 14029008, issued on May 19, 2023.

6. I am registered to vote in Utah.

7. I file my state income tax returns in Utah.

8. I intend to remain in Utah indefinitely. Utah is my permanent home.

9.   I am not a resident of California. I have never resided in San Bernardino County, California. The allegation in the Amended Complaint at paragraph 2(b) that I am "a resident of San Bernardino County, California" is false.

10. I am the President of Godfrey Trucking, Inc., a Utah corporation. Godfrey Trucking, Inc. is incorporated under the laws of the State of Utah and maintains its principal place of business in Utah.

I declare under penalty of perjury under the laws of the state of Utah and California that the foregoing is true and correct.

Executed on February 16, 2026, in West Valley City, Utah.

Scott Godfrey

# EXHIBIT E

# EXHIBIT E

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GODFREY TRUCKING, INC. (a California Corporation), SCOTT
GODFREY (an Individual), and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JORGE ESCOBEDO,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
01/09/26
By: Amalia Molina, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*   San Bernardino Justice Center

247 West 3rd St, San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso):*   **CIVSB2537205**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Taylor M. Prainito, Esq., 1875 Century Park East, Suite 480, Los Angeles CA 90067, (424) 231-2366

DATE:   1/9/2026
*(Fecha)*

Clerk, by   /s/ Amalia Molina   , Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Jorge Escobedo

CASE NO.: CIVSB2537205

vs.

**CERTIFICATE OF ASSIGNMENT**

Godfrey Trucking, Inc., et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☑ General            ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☑ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Godfrey Trucking, Inc. | | 15777 Slover Ave | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Fontana | CA | | 92337 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on December 19, 2025 _____ at Los Angeles _____, California

_____
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT