Philip D. Dracht (SBN 219044)
FABIAN VANCOTT
15 W. Carrillo St.
Santa Barbara, CA 93101
Tele: (801) 531-8900
pdracht@fabianvancott.com

Tanner J. Bean (pro hac vice pending)
FABIAN VANCOTT
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
tbean@fabianvancott.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCOBEDO, Plaintiff, <br><br> v. <br><br> GODFREY TRUCKING, INC.; SCOTT GODFREY; and DOES 1-100, inclusive, Defendants. | Case No.: 5:26-cv-929 <br><br> **DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6); MEMORANDUM** <br><br> Complaint Served: January 27, 2026 <br> Complaint Amended: February 5, 2026 <br> Complaint Removed to Federal Court: February 26, 2026 <br> Trial Date: None Set <br> Hearing Date: April 27, 2026 at 9:00 a.m. |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Godfrey Trucking, Inc. and Scott Godfrey (collectively, "Defendants") hereby move this Court for an order dismissing causes of action in the Complaint of Plaintiff Jorge Escobedo ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made on the following grounds:

Under Rule 12(b)(6), multiple causes of action in the Complaint fail to state a claim upon which relief can be granted because: (a) the FEHA claims consist of conclusory recitations of statutory elements; (b) the meal and rest break claims are preempted by federal law as applied to commercial motor vehicle drivers subject to FMCSA hours-of-service regulations; (c) the overtime claim is barred by the DOT hours-of-service exemption in IWC Wage Order 9; (d) the IIED claim is barred by workers' compensation exclusivity and fails to allege outrageous conduct; (e) the FEHA discrimination and retaliation claims against Scott Godfrey individually are barred as a matter of law; and (f) the Complaint impermissibly attributes all conduct to Defendants collectively. Defendants do not challenge the Eighth Cause of Action (Labor Code § 1102.5) at this time and will answer that claim within fourteen days of the Court's ruling on this Motion, or as otherwise directed.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and on such oral argument as the Court may allow.

Pursuant to Local Rule 7-3, counsel for Defendants met and conferred with counsel for Plaintiff on March 9, 2026, to discuss the substance of this Motion. The parties were unable to resolve the issues.

March 27, 2026        **FABIAN VANCOTT**

/s/ *Philip D. Dracht*

Philip D. Dracht

Tanner J. Bean

*Attorneys for Defendants*

-ii-

MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………...v

MEMORANDUM……………………………………………………………………...1

I.      INTRODUCTION………………………………………………………………..1

II.     STATEMENT OF FACTS…………………………………………………….....2

III.      LEGAL STANDARD…………………………………………………………….2

IV.     THE FEHA CLAIMS (FIRST THROUGH SIXTH CAUSES OF ACTION) SHOULD BE DISMISSED…………………………………………………………………………..3

        A.      The Age Discrimination Claim (First Cause of Action) Lacks Factual Support  .  3

        B. . . .   The Disability-Based FEHA Claims (Second Through Fifth Causes of Action) Are Insufficiently Pleaded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C. The Harassment Claim (Third Cause of Action) Alleges Only Managerial Conduct  .  9

        D.      The Failure-to-Prevent Claim (Sixth Cause of Action) Is Derivative  . . . . . . . .  11

V.      THE CLAIMS AGAINST SCOTT GODFREY INDIVIDUALLY SHOULD BE DISMISSED…………………………………………………………………………..11

        A.      Individual FEHA Liability Is Categorically Barred . . . . . . . . . . . . . . . . . . . . .  11

        B.      The Remaining Claims Against Scott Godfrey Lack Any Factual Basis . . . . . .  13

VI.     THE WRONGFUL TERMINATION CLAIM (SEVENTH CAUSE OF ACTION) SHOULD BE PARTIALLY DISMISSED……………………………………………13

VII.      THE MEAL AND REST BREAK CLAIMS (NINTH AND TENTH CAUSES OF ACTION) ARE PREEMPTED BY FEDERAL LAW……………………………………..14

MOTION TO DISMISS

VIII.    THE OVERTIME CLAIM (FOURTEENTH CAUSE OF ACTION) SHOULD BE DISMISSED……………………………………………………………………………..14

IX.    THE IIED CLAIM (ELEVENTH CAUSE OF ACTION) SHOULD BE DISMISSED..15

   A.    Workers' Compensation Exclusivity  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

   B.    No Extreme and Outrageous Conduct  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

X.    WAITING TIME PENALTIES (TWELFTH CAUSE OF ACTION)…………………..17

XI.    THE UCL CLAIM (THIRTEENTH CAUSE OF ACTION) SHOULD BE DISMISSED……………………………………………………………………………..17

XII.    CONCLUSION…………………………………………………………………..18

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aguilar v. Avis Rent A Car System, Inc.*,
 21 Cal.4th 121 (1999) ................................................................................ 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................ 2, 3, 11, 13

*Avila v. Continental Airlines, Inc.*,
 165 Cal. App. 4th 1237 (2008) ................................................................ 7

*Bayer v. Neiman Marcus Grp., Inc.*,
 861 F.3d 853 (9th Cir. 2017) ................................................................ 17

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................ 2, 4

*Brundage v. Hahn*,
 57 Cal. App. 4th 228 (1997) ................................................................... 7

*City of Los Angeles v. Lyons*,
 461 U.S. 95 (1983) ................................................................................. 17

*Claudio v. Regents of the Univ. of California*,
 134 Cal. App. 4th 224 (2005) ................................................................. 7

*Cole v. Fair Oaks Fire Prot. Dist.*,
 43 Cal. 3d 148 (1987)............................................................................ 15

*Colmenares v. Braemar Country Club, Inc.*,
 29 Cal. 4th 1019, n.6 (2003) .................................................................. 6

*Davidson v. Kimberly-Clark Corp.*,
 873 F.3d 1103 (9th Cir. 2017)............................................................... 17

*Featherstone v. Southern California Permanente Medical Group*,
 10 Cal. App. 5th 1150 (2017) ................................................................. 7

*France v. Johnson*,
 795 F.3d 1170 (9th Cir. 2015)................................................................. 4

*Gelfo v. Lockheed Martin Corp.*,
 140 Cal. App. 4th 34 (2006) ................................................................... 7

*Guz v. Bechtel Nat'l, Inc.*,
 24 Cal. 4th 317 (2000) ......................................................................... 3, 6

*Harris v. City of Santa Monica*,
 56 Cal. 4th 203 (2013) ..................................................................... 3, 5, 6

*Hughes v. Pair*,
 46 Cal. 4th 1035 (2009) ......................................................................... 16

*Int'l Bhd. of Teamsters, Local 2785 v. FMCSA*,
 986 F.3d 841 (9th Cir. 2021)................................................................. 13

*Janken v. GM Hughes Elecs.*,
  46 Cal. App. 4th 55 (1996).............................................................................. 9, 16

*Jones v. Lodge at Torrey Pines P'ship*,
  42 Cal. 4th 1158 (2008) ..................................................................................... 11

*Landers v. Quality Communications, Inc.*,
  771 F.3d 638 (9th Cir. 2014)............................................................................. 14

*Light v. California Dep't of Parks & Recreation*,
  14 Cal. App. 5th 75 (2017)................................................................................ 15

*Lyle v. Warner Bros. Television,*
  *Prods.*, 38 Cal. 4th 264 (2006)............................................................................ 9

*Miklosy v. Regents of Univ. of Cal.*,
  44 Cal. 4th 876 (2008) ....................................................................................... 15

*Naranjo v. Spectrum Sec. Servs., Inc.*,
  13 Cal. 5th 93 (2022) ......................................................................................... 16

*Nealy v. City of Santa Monica*,
  234 Cal. App. 4th 359 (2015) ............................................................................... 6

*O'Connor v. Consolidated Coin Caterers Corp.*,
  517 U.S. 308 (1996) .............................................................................................. 4

*Pensinger v. Bowsmith, Inc.*,
  60 Cal. App. 4th 709 (1998) ................................................................................. 6

*Raine v. City of Burbank*,
  135 Cal. App. 4th 1215 (2006) ............................................................................. 7

*Raines v. U.S. Healthworks Medical Group*,
  15 Cal. 5th 268 (2023) ................................................................................... 11, 12

*Reno v. Baird*,
  18 Cal. 4th 640 (1998) ............................................................................... 9, 10, 11

*Roby v. McKesson Corp.*,
  47 Cal. 4th 686 (2009) ........................................................................................ 10

*Schechner v. KPIX-TV*,
  686 F.3d 1018 (9th Cir. 2012)............................................................................... 3

*Scotch v. Art Inst. of Cal.*,
  173 Cal. App. 4th 986 (2009) ....................................................................... 6, 7, 8

*Serri v. Santa Clara Univ.*,
  226 Cal. App. 4th 830 (2014) ............................................................................. 10

*Tameny v. Atl. Richfield Co.*,
  27 Cal. 3d 167 (1980)......................................................................................... 13

*Trujillo v. N. Cnty. Transit Dist.*,
  63 Cal. App. 4th 280 (1998) ............................................................................... 11

Statutes

28 U.S.C. § 1332(a) ................................................................................................. 1

MOTION TO DISMISS

Rules

FRCP 12(b)(6)............................................................................................. 1, 2

Regulations

8 Cal. Code Regs. § 13520.............................................................................. 16
49 C.F.R. § 392.3 ............................................................................... 1, 2, 14
49 C.F.R. § 395.3(a)(3)(i) ........................................................................ 2, 14
49 C.F.R. §§ 395.1 through 395.13.................................................................. 14
Title 13, California Code of Regulations, subchapter 6.5, sections 1200 through
    1211 ................................................................................................... 15

Other Authorities

CACI No. 2521A ............................................................................................ 9
L.R. 11-6 .................................................................................................... 18

MOTION TO DISMISS

**<u>MEMORANDUM</u>**

**I.      INTRODUCTION**

Plaintiff Jorge Escobedo worked as a truck driver for Godfrey Trucking for four years. He was terminated in December 2023. He filed this fourteen-count action in the Superior Court of California, County of San Bernardino, asserting claims under the Fair Employment and Housing Act ("FEHA"), the California Labor Code, the California Unfair Competition Law, and common law. Defendants removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

The Complaint has three fundamental problems. First, its FEHA claims rest on a disability the employer did not know about. The Complaint alleges that Plaintiff had a pre-existing back condition, but it does not allege that he told anyone at the company. His supervisor's contemporaneous email to HR says, in terms, that Plaintiff "does not have any physical restrictions that I am aware of." (Compl. ¶ 12.) A disability the employer does not know about cannot be a substantial motivating factor in a termination, cannot trigger a duty to accommodate, and cannot start an interactive process. The age discrimination claim fares no better: it alleges a pattern-or-practice theory with no pattern, no practice, no comparator, and no age-related comment.

Second, the wage-and-hour claims run into the Complaint's own regulatory citations. The Complaint invokes the FMCSA's 11-hour driving window and cites 49 C.F.R. § 392.3, placing Plaintiff squarely within the class of commercial motor vehicle drivers whose meal and rest breaks are preempted by federal law and whose overtime is exempt under IWC Wage Order No. 9.

Third, the claims against Scott Godfrey individually are barred. The California Supreme Court has held, twice, that non-employer individuals are not personally liable under FEHA. And the remaining claims against him rest on two

phone calls and a termination meeting, with no factual basis for individual liability on wages, overtime, or outrageous conduct.

## II.    STATEMENT OF FACTS

Godfrey Trucking, Inc. is a Utah corporation. (Compl. ¶ 2(a), as amended Feb. 5, 2026.) Defendant Scott Godfrey is alleged to be an individual who served as the company's chief executive and participated in personnel decisions, including Plaintiff's termination. (Compl. ¶¶ 15-16.)

Plaintiff is a California resident who worked as a "Local CA Driver" for Godfrey Trucking from approximately October 2019 through December 22, 2023. (Compl. ¶¶ 1, 8.) He drove commercial motor vehicles, hauling loads between distribution facilities. (Compl. ¶¶ 8-9, 13.) The Complaint expressly references federal motor carrier safety regulations, including the "legally permitted 11-hour driving window" (Compl. ¶ 11), the FMCSA's driving limit under 49 C.F.R. § 395.3(a)(3)(i), and 49 C.F.R. § 392.3, which governs when a commercial motor vehicle driver may not operate (Compl. ¶ 15).

Plaintiff alleges he was terminated on December 22, 2023, following a workplace dispute with his supervisor, Alex Pereira. (Compl. ¶¶ 15-17.)

## III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims. The court accepts well-pleaded factual allegations as true but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV.  THE FEHA CLAIMS (FIRST THROUGH SIXTH CAUSES OF ACTION) SHOULD BE DISMISSED

### A.  The Age Discrimination Claim (First Cause of Action) Lacks Factual Support

To state a claim for age discrimination under FEHA, Plaintiff must allege facts showing: (1) membership in a protected class; (2) competent performance; (3) an adverse employment action; and (4) circumstances suggesting discriminatory motive. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000). Discriminatory motive must be a "substantial motivating factor" in the adverse action. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013). The first three elements are not in dispute here. Plaintiff is 48 years old (Compl. ¶ 8), alleges competent performance (Compl. ¶ 8), and was terminated (Compl. ¶¶ 16-17). The claim fails on the fourth element: the Complaint does not plead facts from which a court could plausibly infer that age was a motivating factor in Plaintiff's termination.

The Complaint's sole attempt to establish discriminatory motive is paragraph 28, which alleges that "defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees." That is a recitation of the legal standard for a pattern-or-practice theory, not an allegation of fact. It identifies no specific older employee who was discharged, no specific younger employee who received preferential treatment, no hire or termination dates, no job titles, no departments, and no statistics. Under *Iqbal*, that is precisely the kind of "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements" that does not cross the plausibility threshold. 556 U.S. at 678.

The Complaint also identifies no comparator. The fourth *Guz* element may be satisfied by showing that "substantially younger employees with equal or inferior qualifications" were treated more favorably. *Schechner v. KPIX-TV*, 686

F.3d 1018, 1023 (9th Cir. 2012). But the Complaint does not name a single younger employee who received better treatment. It does not allege that anyone was hired as Plaintiff's replacement, let alone someone substantially younger. It does not allege that any younger driver received better assignments, lighter discipline, or more favorable scheduling. A plaintiff need not identify a comparator by name at the pleading stage, but must allege facts from which the Court can infer differential treatment. *See Twombly*, 550 U.S. at 570. This Complaint does not.

The Complaint's own allegations about the relevant decisionmaker further undercut the inference of age-based motive. Plaintiff alleges that his supervisor, Alex Pereira, is "approximately 40 years old" (Compl. ¶ 9), placing Pereira in the same protected class. The Supreme Court made clear in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996), that age discrimination turns on age, not class membership, and that "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination" than whether the replacement falls inside or outside the protected class. The converse principle applies here: when the decisionmaker is only approximately eight years younger than the plaintiff and is himself over 40, the inference of age-based animus is substantially weakened, particularly in the absence of any age-linked statement, comparator, or statistical pattern. *See e.g., France v. Johnson*, 795 F.3d 1170, 1172-3 (9th Cir. 2015) (analyzing whether supervisors harbored age bias by looking for corroborating evidence such as comments about wanting "young, dynamic agents"). No such corroborating facts appear in this Complaint.

The only specific remark attributed to a supervisor is that Plaintiff was "the slowest local driver" (Compl. ¶ 13). That is a performance observation. The Complaint itself simultaneously acknowledges Plaintiff's reliability and safe driving record, making "slowest" a mixed performance evaluation rather than evidence of age-based hostility. There is no allegation that the word "old" was

used, that age was referenced, or that the comment was connected to Plaintiff's age rather than his pace of work.

The First Cause of Action fails to satisfy the fourth *Guz* element. It pleads conclusions rather than facts on discriminatory motive, identifies no comparator, and alleges a same-protected-class decisionmaker with no corroborating evidence of age bias. The claim should be dismissed.

**B.** **The Disability-Based FEHA Claims (Second Through Fifth Causes of Action) Are Insufficiently Pleaded**

The core problem with these four causes of action is that the Complaint asks the Court to infer disability discrimination, failure to accommodate, and failure to engage in the interactive process, but it never alleges that Defendants knew about the disability that supposedly required accommodating. A disability the employer does not know about cannot be a substantial motivating factor in a termination, cannot trigger a duty to accommodate, and cannot obligate the employer to initiate an interactive process. The Complaint's own allegations confirm this gap.

The Complaint references three isolated medical episodes over twenty-one months, gout (Compl. ¶ 10), a back condition on September 18, 2023 (Compl. ¶ 12), and fatigue, but does not allege that any Defendant knew about the condition that forms the basis of the accommodation claims. Disability discrimination requires that the disability was a "substantial motivating factor" in the adverse action. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013). Begin with the timeline. The gout episode occurred in March 2022. Eighteen months passed. The Ashley Furniture dispute occurred on September 18, 2023. Three more months passed. Plaintiff was terminated on December 22, 2023, after a dispute about driving while fatigued, a voicemail from Scott Godfrey about completing loads, and a termination call the next day (Compl. ¶¶ 15-17). The Complaint does not allege that any decisionmaker referenced Plaintiff's disability in connection with the termination. It does not allege that Plaintiff was replaced by a non-disabled

employee. It does not allege that the termination followed a pattern of adverse actions tied to disability rather than to the performance and attendance disputes that dominate the Complaint's own narrative.

The Complaint's strongest factual link is the email from Ms. Dang suggesting the company "look for a new driver" (Compl. ¶ 12). But read that email in the context the Complaint itself provides. Ms. Dang was responding to Mr. Pereira's report that Plaintiff was "refusing" the Ashley Furniture assignment, that Plaintiff *"does not have any physical restrictions that I am aware of ... Jorge is flat refusing, saying that if he has to do any driver assist that he will QUIT and find another Job. That he has received many job offers, and that he will just take one of those."* (Comp. ¶ 12, *italics* in Complaint). Ms. Dang was not responding to a disability disclosure. She was responding to an employee who refused an assignment and threatened to walk. And that response came three months before the termination, in a different context (a staffing dispute over one load), with no alleged connection to the December 22 decision. That does not create a plausible inference that disability was a substantial motivating factor in Plaintiff's termination. *See Harris*, 56 Cal. 4th at 232; *see also Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000) (plaintiff must show "circumstance[s] suggest[ing] discriminatory motive," not merely adverse action following protected activity).

Now put those pieces together to see why the Fourth and Fifth Causes of Action are even weaker. The duty to accommodate arises only when the employer knows of the disability and resulting limitations. *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1009-10 (2009); *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 373 (2015). "Put simply, unless there is some evidence an employer knows an employee is suffering from a disability, it is impossible for an employee to claim he or she was discharged because of it or that an employer refused to accommodate the disability." *Pensinger v. Bowsmith, Inc.*, 60 Cal. App. 4th 709, 722 (1998), *disapproved on other grounds by Colmenares v. Braemar Country*

*Club, Inc.*, 29 Cal. 4th 1019, 1031 n.6 (2003). Knowledge of a disability "will only be imputed to the employer when the fact of disability is the only reasonable interpretation of the known facts," and "[v]ague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the FEHA." *Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1248-49 (2008) (quoting *Brundage v. Hahn*, 57 Cal. App. 4th 228, 237 (1997)). The employee bears the burden of giving the employer notice of the disability, and the employer has no affirmative duty to investigate whether an employee's condition might qualify. *Featherstone v. S. California Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1167 (2017) (quoting *Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1222 (2006)). The interactive process is triggered by a request for accommodation or by the employer's recognition that one is needed. Gov. Code § 12940(n); *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 54 (2006). Where the disability and resulting limitations are not open, obvious, and apparent, the initial burden rests on the employee to identify the disability and resulting limitations and to suggest reasonable accommodations. *Scotch*, 173 Cal. App. 4th at 1013. And the employee bears the responsibility to "present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee." *Claudio v. Regents of the Univ. of California*, 134 Cal. App. 4th 224, 244 (2005), *as modified on denial of reh'g* (Dec. 13, 2005) (citation omitted).

The Complaint does not allege that Plaintiff ever did any of this. It alleges he had a "pre-existing back condition" that rendered him "unable to safely perform" heavy lifting (Compl. ¶ 12). It does not allege that he communicated that condition or any resulting limitation to Mr. Pereira, to Ms. Dang, to HR, or to anyone else at the company. Mr. Pereira's contemporaneous email to HR says, in terms, that Plaintiff "does not have any physical restrictions that I am aware of" (Compl. ¶ 12). The supervisor responsible for the assignment did not know about the back

condition or any limitation flowing from it. The Complaint does not allege that anyone else did. True, the Complaint alleges that Mr. Pereira knew about Plaintiff's gout eighteen months earlier (Compl. ¶ 10). But that is knowledge of a different condition, not knowledge of the back-related limitations that are the basis of the accommodation and interactive-process claims. The *Scotch* court drew exactly this line: knowing an employee has a medical history is not the same as knowing the employee has specific limitations requiring accommodation. *See Scotch*, 173 Cal. App. 4th at 1013.

Without employer knowledge of the back condition and its resulting limitations, the accommodation and interactive-process claims collapse. There was no duty to accommodate a limitation the employer did not know about. There was no obligation to initiate an interactive process for a condition the supervisor expressly said he was unaware of. And Ms. Dang's suggestion to "look for a new driver" does not change this result. That remark was a response to an employee who threatened to quit, not to an employee who disclosed a disability or identified a limitation. Even accepted as true, it does not supply the missing element: employer knowledge of a limitation requiring accommodation. The Complaint does not allege what accommodation Plaintiff requested, when, or of whom. Refusing a single assignment is not requesting an accommodation.

At bottom, the Complaint tells a story about an employee with an undisclosed back condition who refused an assignment, threatened to quit, and was terminated three months later after a separate workplace dispute. That may describe a bad outcome. It does not allege disability discrimination, failure to accommodate, or failure to engage in the interactive process. The Second through Fifth Causes of Action should be dismissed.

### C. The Harassment Claim (Third Cause of Action) Alleges Only Managerial Conduct

Harassment under FEHA requires conduct "sufficiently severe or pervasive to alter the conditions of [the employee's] employment." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006); *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal. 4th 121, 129-30 (1999). The conduct must be both objectively and subjectively offensive, and it must be directed at the plaintiff because of a protected characteristic. CACI No. 2521A. Two independent deficiencies defeat this claim.

The allegations describe personnel management, not harassment. California law draws a fundamental distinction between harassment and discrimination. "Harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 645-46 (1998). "Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties." *Id.* (citation omitted). In *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63-65 (1996), the court elaborated on this distinction at length: "[C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* at 64-65. "These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives," but in that event the proper remedy is a suit against the employer for discrimination, not a suit against the supervisor for harassment. *Id.* at 65.

Every allegation in the Complaint falls within the *Janken* catalog. Questioning medical absences (Compl. ¶ 10) is supervision of attendance. Assigning the Ashley Furniture load and other work (Compl. ¶ 12) is a project assignment. Characterizing Plaintiff as "the slowest local driver" (Compl. ¶ 13) is a performance evaluation. Directing Plaintiff to complete additional loads and asking him to work through breaks (Compl. ¶ 14) is assignment of supervisory functions and workload management. Calling Plaintiff and leaving a voicemail to insist "we need to get this stuff going" (Compl. ¶ 15) is a work directive. Terminating employment (Compl. ¶¶ 16-17) is the most quintessential personnel management action of all. None of these allegations describes conduct "outside the scope of necessary job performance." *Reno*, 18 Cal. 4th at 645-46.

The California Supreme Court in *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707-09 (2009), clarified that in some circumstances official employment actions can provide evidentiary support for a harassment claim by "communicating a hostile message" where the actions are part of a larger pattern of discriminatory animus. But *Roby* did not overrule *Reno* or *Janken*; it reaffirmed the distinction between harassment and discrimination while recognizing a narrow area of overlap where the same supervisor engages in both biased personnel actions and harassing personal conduct, and the former corroborates the latter. *Id.* at 708-09. That overlap does not exist here. The Complaint does not allege any personal conduct by Mr. Pereira outside his supervisory function: no slurs, no epithets, no demeaning comments referencing a protected characteristic, no physical threats, no social humiliation. There is no harassing 'personal conduct' for the personnel actions to corroborate. Every allegation sounds in the management of a trucking operation.

The Complaint does not plausibly allege harassment because of a protected characteristic. Even if the allegations could be recharacterized as something other than personnel management, the Complaint does not connect them to a protected

characteristic. Harassment must be "because of" the plaintiff's membership in a protected class. *See Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830, 869 (2014) (distinguishing between harassment based on a protected characteristic and general workplace conflict). The Complaint does not allege that Mr. Pereira made any comment referencing Plaintiff's age. The "slowest local driver" remark (Compl. ¶ 13) is facially a comment about performance, not about age or disability. The Complaint characterizes Mr. Pereira's conduct as motivated by age and/or disability, but that characterization is a legal conclusion, not a factual allegation, and is not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. No allegation identifies a remark, slur, reference, pattern, or course of conduct that a court could reasonably connect to age or disability rather than to an ordinary workplace dispute over performance and attendance. The Third Cause of Action should be dismissed.

### D. The Failure-to-Prevent Claim (Sixth Cause of Action) Is Derivative

A claim for failure to prevent discrimination or harassment under Government Code § 12940(k) requires an underlying act of actual discrimination or harassment. *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998), *as modified* (May 12, 1998). If the underlying FEHA claims are dismissed, this derivative claim fails.

## V. THE CLAIMS AGAINST SCOTT GODFREY INDIVIDUALLY SHOULD BE DISMISSED

### A. Individual FEHA Liability Is Categorically Barred

This one is simple. The California Supreme Court has held, twice, that non-employer individuals are not personally liable under FEHA. *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998) (discrimination); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173 (2008) (retaliation). That rule bars the First, Second, Fourth, Fifth, and Sixth Causes of Action as to Scott Godfrey. No amendment can fix this. Dismissal should be with prejudice.

The California Supreme Court's recent decision in *Raines v. U.S. Healthworks Medical Group*, 15 Cal. 5th 268 (2023), does not change this result. *Raines* held that an employer's business-entity agent may be held directly liable under FEHA when that agent has at least five employees and carries out FEHA-regulated activities on the employer's behalf. *Id.* at 273. The defendant in *Raines* was U.S. Healthworks Medical Group, a nationwide occupational health company that employers hired under contract to conduct pre-employment medical screenings. *Id.* at 274-75. It was a separate legal entity, alleged to be the nation's and California's largest provider of occupational health, performing a discrete employment function from outside the employer's corporate structure. *See gen. id.* at 274-78.

The *Raines* court took pains to distinguish *Reno* and *Jones*. It explained that the policy concerns underlying those decisions do not apply to business-entity agents because such entities already satisfy FEHA's five-employee threshold, have bargaining power comparable to the employer, and can negotiate contractual protections against liability. 15 Cal. 5th at 278, 288-90. The court stated expressly: "The interpretation we advance today will not impose liability on individuals who might face 'financial ruin for themselves and their families' were they held directly liable under the FEHA." *Id.* at 289.

Scott Godfrey is an individual alleged to have acted within the employer's internal management structure. (Compl. ¶¶ 2(b), 15-16.) He is alleged to be the CEO of Godfrey Trucking (Compl. ¶ 12). He is not alleged to be an outside business-entity agent who has contracted with Godfrey Trucking to conduct FEHA-regulated activities, as addressed in *Raines*. He made personnel decisions from the inside, in his capacity as the company's principal. That is the *Reno*/*Jones* scenario.

**B.** **The Remaining Claims Against Scott Godfrey Lack Any Factual Basis**

The Complaint also alleges Scott Godfrey's individual liability for harassment (Third Cause of Action), violation of Labor Code § 1102.5 (Eighth Cause of Action), intentional infliction of emotional distress (Eleventh Cause of Action), failure to pay wages upon termination in violation of Labor Code § 203 (Twelfth Cause of Action), and failure to pay overtime in violation of Labor Code §§ 510, 558, 1194, and 1197.1 (Fourteenth Cause of Action). Yet, the Complaint attributes only two instances of specific personal conduct to Mr. Godfrey: one phone call and one voicemail on December 21, 2023 (Compl. ¶ 15), and participation in the termination call on December 22, 2023 (Compl. ¶ 16). No allegation attributes any act relating to harassment (See Section IV.C), retaliation, outrageous conduct, wages, or overtime to Mr. Godfrey individually. These claims against him should be dismissed because the Complaint does not allege that he had any role distinct from the company regarding these causes of action. The Complaint alleges only employer-level decisions attributed to "Defendants" collectively, which is insufficient under *Iqbal*, 556 U.S. at 678.

**VI.    THE WRONGFUL TERMINATION CLAIM (SEVENTH CAUSE OF ACTION) SHOULD BE PARTIALLY DISMISSED**

The Seventh Cause of Action alleges wrongful termination in violation of public policy, invoking FEHA, Labor Code § 1102.5, and the California Constitution. (Compl. ¶ 74.) A *Tameny* claim requires discharge in violation of a fundamental public policy. *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980). To the extent this claim relies on the FEHA causes of action discussed above, it is insufficiently pled for the same reasons.

-13-
MOTION TO DISMISS

## VII. THE MEAL AND REST BREAK CLAIMS (NINTH AND TENTH CAUSES OF ACTION) ARE PREEMPTED BY FEDERAL LAW

Federal law preempts California's meal and rest break rules as applied to drivers of property-carrying commercial motor vehicles subject to the FMCSA's hours-of-service regulations. *Int'l Bhd. of Teamsters, Local 2785 v. FMCSA*, 986 F.3d 841, 847-54 (9th Cir. 2021).

The Complaint's own allegations are consistent with FMCSA coverage. Plaintiff was a commercial truck driver who hauled loads between distribution facilities. (Compl. ¶¶ 8-9, 13.) The Complaint invokes the "legally permitted 11-hour driving window" (Compl. ¶ 11), which is what 49 C.F.R. § 395.3(a)(3)(i) requires, and cites 49 C.F.R. § 392.3 (Compl. ¶ 15). These allegations place Plaintiff in the class of drivers to whom the preemption determination applies. Defendants recognize that the scope of FMCSA coverage may be further developed through discovery, but on the face of the Complaint, Plaintiff's own regulatory citations support preemption. If the Court declines to resolve this issue at the pleading stage, Defendants reserve the right to raise it at summary judgment.

The Complaint also cites the wrong Wage Order. The Ninth and Tenth Causes of Action reference IWC Wage Order No. 5-2001 (Compl. ¶¶ 93, 95), which applies to the public housekeeping industry, rather than Wage Order No. 9 (transportation industry).

## VIII. THE OVERTIME CLAIM (FOURTEENTH CAUSE OF ACTION) SHOULD BE DISMISSED

The Complaint fails to satisfy the pleading requirements of *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), which requires a plaintiff to allege facts regarding specific workweeks in which overtime violations occurred. The Complaint alleges only a generic "pattern and practice" of unpaid overtime (Compl. ¶ 120) without identifying a single workweek or even an approximate number of unpaid hours. That does not state a plausible claim.

In the alternative, the overtime claim is barred by the DOT hours-of-service exemption. IWC Wage Order No. 9, Section 3(L), provides that the overtime requirements "are not applicable" to employees "whose hours of service are regulated by" 49 C.F.R. §§ 395.1 through 395.13. Plaintiff's own allegations are consistent with Part 395 coverage. If the Court declines to resolve coverage at this stage, Defendants reserve the right to raise the exemption at summary judgment.

The overtime exemption also extends to drivers whose hours are regulated under California's own intrastate driver-hours regime. Wage Order 9, Section 3(L), exempts employees whose hours of service are regulated by Title 13, California Code of Regulations, subchapter 6.5, sections 1200 through 1211. Even if Plaintiff were not subject to the federal FMCSA hours-of-service regulations, the California intrastate equivalent may independently bar the overtime claim.

## IX.   THE IIED CLAIM (ELEVENTH CAUSE OF ACTION) SHOULD BE DISMISSED

### A.   Workers' Compensation Exclusivity

California's workers' compensation system is the exclusive remedy for injuries arising out of the employment relationship, including emotional distress caused by conduct that is a "normal part of the employment relationship." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987); *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008) (emotional distress claims arising from personnel management actions within the normal course of the employment relationship are barred). Everything the Complaint describes is normal employment conduct. (Compl. ¶¶ 10-17.)

Plaintiff may argue that workers' compensation exclusivity does not apply when the underlying conduct also violates FEHA, relying on *Light v. California Dep't of Parks & Recreation*, 14 Cal. App. 5th 75 (2017). But *Light* does not stand for that broad proposition. *Light* held that an IIED claim may coexist with a FEHA claim only where the conduct both violates FEHA *and* independently satisfies the

elements of the tort, including the requirement that the conduct be "extreme and outrageous." *Id.* at 101-02. That is a conjunctive test, not a categorical exemption.

*Light* itself illustrates the distinction. As to the plaintiff's supervisor in that case, the court found a triable issue: the supervisor pressured the plaintiff to lie to investigators, pursued her at home, and verbally and physically attacked her. *Id.* at 102. As to a second supervisor, the court affirmed dismissal. That supervisor refused to listen to complaints, denied promised training, and shifted the plaintiff's work location. *Id.* at 102. The court held the second supervisor's conduct was "common—though ultimately misguided—supervisory actions" insufficient for IIED. *Id.* (citing *Janken*, 46 Cal. App. 4th at 80).

The allegations here fall squarely in line with the second supervisor from *Light*. There is no physical attack, no pressure to lie to investigators, no pursuit at home. The conduct alleged is: questioning medical absences (Compl. ¶ 10); assigning disputed work (Compl. ¶ 12); a performance comment (Compl. ¶ 13); asking to skip breaks (Compl. ¶ 14); a voicemail (Compl. ¶ 15); and termination (Compl. ¶¶ 16-17). In short, personnel management. Even under *Light*, the exclusivity bar applies.

### B.     No Extreme and Outrageous Conduct

IIED requires conduct so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009). "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken*, 46 Cal. App. 4th at 80. Questioning absences is what supervisors do. Assigning loads is what dispatchers do. Calling an employee "slow" while acknowledging his reliability (Compl. ¶ 13) is a mixed performance evaluation, not conduct exceeding all usual bounds tolerated in a civilized community. This claim should be dismissed.

## X.    WAITING TIME PENALTIES (TWELFTH CAUSE OF ACTION)

The Twelfth Cause of Action seeks penalties under Labor Code § 203 on the theory that "Defendants failed to pay plaintiff sums certain at the time of termination." (Compl. ¶ 105.) That is a conclusion, not a fact. To the extent the "sums certain" are the preempted meal/rest break premiums or exempt overtime, the waiting-time claim falls with the underlying wage theories. Independently, Section 203 penalties require a "willful" failure to pay wages due. 8 Cal. Code Regs. § 13520 provides that a good-faith dispute that any wages are due will preclude imposition of waiting-time penalties. *See also Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 109-10 (2022) (meal and rest break premiums are "wages" for purposes of Sections 203 and 226). Defendants' preemption and exemption positions, supported by the Complaint's own regulatory citations, constitute at minimum a good-faith dispute that the claimed wages are due. The waiting-time claim should be dismissed.

## XI.    THE UCL CLAIM (THIRTEENTH CAUSE OF ACTION) SHOULD BE DISMISSED

The Thirteenth Cause of Action under Business and Professions Code § 17200 is predicated on the "unfair and unlawful business practices as set forth above." (Compl. ¶ 109.) To the extent the UCL claim depends on causes of action that are dismissed, it should be dismissed as well. Independently, Plaintiff lacks Article III standing to seek injunctive relief under the UCL because he is a former employee who does not allege a likelihood of future harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1112 (9th Cir. 2017); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) (former employee lacks standing to seek injunctive relief against former employer absent a reasonably certain basis for believing he will again be subjected to the challenged practices). The Court should dismiss the UCL claim to

MOTION TO DISMISS

the extent predicated on the dismissed causes of action, and dismiss the prayer for injunctive relief in its entirety.

## XII.  CONCLUSION

The Complaint's FEHA claims rest on a disability the employer did not know about. Its wage-and-hour claims are preempted by the very regulations the Complaint itself invokes. And its claims against Scott Godfrey individually are barred by settled California Supreme Court precedent. The Court should dismiss as set forth above.

March 27, 2026

FABIAN VANCOTT

/s/ *Philip D. Dracht*
Philip D. Dracht
Tanner J. Bean
*Attorneys for Defendants*

## L.R. 11-6.2 CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 5283 words, which complies with the word limit of L.R. 11-6.1.

March 27, 2026

FABIAN VANCOTT

/s/ *Philip D. Dracht*
Philip D. Dracht
Tanner J. Bean
*Attorneys for Defendants*