Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
Michael Zelman (SBN 297682)
mzelman@scllgpc.com
Sandy Sikavi (SBN 346964)
ssikavi@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**
15760 Ventura Blvd., Suite 880
Encino, CA 91436
(424) 231-2366 Telephone
(323) 319-5148 Facsimile

Attorney for Plaintiff,
JORGE ESCOBEDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCOBEDO,<br><br>            Plaintiff,<br><br>   vs.<br><br>GODFREY TRUCKING, INC., (a California Corporation), SCOTT GODFREY (an individual); DOES 1-100, inclusive,<br><br>            Defendants. | **CASE NO:** 5:26-cv-929<br><br>**PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)**<br><br>Date:            April 27, 2026<br>Time:            9:00 a.m.<br><br>Action Filed: December 19, 2025<br>Trial Date:    TBD<br><br>Assigned for All Purposes to Honorable Andre Birotte Jr and Magistrate Judge Honorable Sheri Pym |

-i-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………2-3

MEMORANDUM OF POINTS AND AUTHOTIES………………………………….4

1.     SUMMARY OF PLAINTIFF'S ARGUMENT………………………….......4

2.     FACTUAL BACKGROUND……………………………………………….4

3.     ARGUMENT…………………………………………………….......4

    A.)     The Age Discrimination Claim is Sufficiently Plead…………………….4-6

    B.)     The Disability-Based FEHA Claims are Sufficiently Plead……………...7-8

    C.)     The Harassment Claim is Sufficiently Plead…………………………...8-9

    D.)     The Failure-to-Prevent Claim is Sufficiently Plead……………….......9

    E.)     The Claims against Scott Godfrey Individually are Proper……………...9-10

    F.)     The Wrongful Termination Claim is Proper…………………………….10

    G.)     The Meal/Rest Break Claims are Proper…………………………...10-11

    H.)     The Overtime Claims are Proper……………………………………11

    I.)     The IIED Claim is Proper……………………………………………12-13

    J.)     The Waiting Time Penalties Claim is Proper………………………….13

    K.)     The UCL Claim is Proper…………………………………………….13-14

    L.)     Leave to Amend Should be Granted………………………………….14

CONCLUSION……………………………………………………………………..14

# **TABLE OF AUTHROITIES**

Cases                                                                                                                                 Page(s)

*Ashcroft v. Iqbal*

  556 U.S. 662, 678 (2009)……………………………………………………………………4

*Avila v. Continental Airlines, Inc.*

  165 Cal. App. 4th 1237, 1248–49 (2008)………………………………………………7

*Bell Atlantic Corp. v. Twombly*

  550 U.S. 544, 570……………………………………………………………………………4

*Brundage v. Hahn*

  57 Cal. App. 4th 228, 237 (1997) …………………………………………………….......7

*Cole v. Fair Oaks Fire Prot. Dist.*

  43 Cal. 3d 148, 160 (1987)……………………………………………………….....12

*Fretland v. County of Humboldt*

  69 Cal.A1pp.4th 1478, 1492 (1999)………………………………………………....12

*Guz v. Bechtel Nat'l, Inc.*

  24 Cal. 4th 317, 355 (2000) …………………………………………………….4, 5

*Hughes v. Pair*

  46 Cal. 4th 1035, 1050–51 (2009)………………………………………………..13

*Int'l Bhd. of Teamsters, Local 2785 v. FMCSA*

  986 F.3d 841, 847–54 (9th Cir. 2021)………………………………………………10

*Jones v. Lodge at Torrey Pines P'ship*

  42 Cal. 4th 1158 (2008)……………………………………………………….......9

*Landers v. Quality Communications, Inc.*

  771 F.3d 638, 645 (9th Cir. 2014)………………………………………………11

*M.F. v. Pacific Pearl Hotel Management LLC*

  16 Cal. App.5th 693, 700 (2017)……………………………………………………12

*Miklosy v. Regents of Univ. of Cal.*

  44 Cal. 4th 876, 902 (2008)…………………………………………………………12

-2-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)

*Naranjo v. Spectrum Sec. Servs., Inc.*

13 Cal. 5th 93, 109–10 (2022)……………………………………………………13

*O'Connor v. Consolidated Coin Caterers Corp.*

517 U.S. 308 (1996) …………………………………………………….........6

*Reno v. Baird*

18 Cal. 4th 640, 645-46 (1998)…………………………………………..8, 9

*Roby v. McKesson Corp.*

47 Cal. 4th 686, 708–09 (2009)……………………………………….........9

*Tameny v. Atl. Richfield Co.*

27 Cal. 3d 167, 176 (1980)……………………………………………….10

*Yau v. Santa Margarita Ford., Inc.*

229 Cal.App.4th 144 (2014)…………………………………………………13

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### 1.  SUMMARY OF PLAINTIFF'S ARGUMENT

Plaintiff Jorge Escobedo ("Plaintiff") hereby submits his Memorandum of Points and Authorities in Opposition to Defendants' Godfrey Trucking, Inc. and Scott Godfrey ("Defendants") Motion to Dismiss.

### 2.  FACTUAL BACKGROUND

Escobedo brings this action against his former employers. The Complaint was filed on December 19, 2025. Escobedo drove trucks for Godfrey Trucking for over four years without a single write-up. Starting in March 2022, the Plaintiff developed gout in his foot which took an effect on his physical ability to perform certain tasks at his job. On December 21, 2023, Escobedo told his supervisor he was too fatigued to drive, and in response the company owner personally called and pressured him to complete loads.  On December 22, 2023, the Plaintiff was terminated. The Complaint alleges that this termination, and a pattern of harassment preceding it, were substantially motivated by Plaintiff's age, disability, and protected safety complaints.

### 3.  ARGUMENT

A Rule 12(b)(6) motion challenges only legal sufficiency. (*Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009)). The court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. The plausibility standard does not require factual allegations—it requires only that the facts alleged raise a reasonable inference that the defendant is liable (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570). Where a complaint is factually deficient, courts in the Ninth Circuit routinely grant leave to amend rather than dismissal with prejudice. Dismissal without leave to amend is appropriate only where amendment would be futile.

#### A.)    The Age Discrimination Claim is Sufficiently Plead.

The Defendants argue that the Plaintiff's Age Discrimination claim fails to plead facts showing that the Plaintiff's age was a substantial motivating factor in his termination.

**First**, to state a FEHA age discrimination claim, Plaintiff must allege facts showing

-4-

membership in a protected class, competent performance, an adverse employment action, and circumstances suggesting discriminatory motive. (*Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000)).  Per the Defendants' Motion, the Complaint satisfies the first three elements. As to the fourth element, Defendants misinterpret *Guz* to mean that the Plaintiff is required to establish a discriminatory motive on the face of the Complaint. This is improper.

Instead, Plaintiff is required to show that the Plaintiff's age was a substantial motivating reason for the discrimination.  The Plaintiff's Complaint pleads the following facts suggesting a discriminatory motive based on age:

- "Alex Pereira, who is approximately 40 years old, would later become Escobedo's direct supervisor and dispatcher…" (Complaint, para. 9)
- "However, beginning in mid-2022, Escobedo started experiencing increasingly hostile and abusive treatment from Pereira, who by that time had become his direct supervisor and dispatcher." (Complaint, para. 10)
- "Pereira characterized Escobedo as 'the slowest local driver' in a manner intended to undermine and demean him. The comment is offensive to Escobedo and he finds it to be harassing based upon his age and/or his disability." (Complaint, para. 13)
- "Specifically, defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees." (Complaint, para. 28)

Here, the Complaint pleads facts showing that the main actor in the discrimination against the Plaintiff was Alex Pereira. Pereira is eight years younger than the Plaintiff and later became Plaintiff's supervisor and dispatcher. The Defendants argue that since there were no direct comments made regarding the Plaintiff's age, the Complaint fails to show a discriminatory motive based on age. However, the Complaint does plead facts showing that Pereira made several indirect comments undermining the Plaintiff, suggesting his age was a motivating factor for his termination. In fact, Pereira's comment accusing Plaintiff

-5-

of being the slowest driver suggests that Pereira made a subjective evaluation in the context of a disputed protected activity. Further, the Complaint also pleads facts suggesting that the Defendants have a pattern of age-based discrimination against its employees, presenting more facts suggesting that that Plaintiff was yet another victim among several employees facing age-based discrimination.

**Second**, the Defendants argue that the Plaintiff fails to satisfy the fourth element of age discrimination by failing to identify a comparator. In other words, Defendants demand the equivalent of statistical proof at the pleading stage. That is not what *Twombly* requires

Plaintiff need not name a specific younger comparator by name in his complaint. He must allege facts from which the Court can draw a reasonable inference of discriminatory motive. Here, those facts include: Pereira's comment that Plaintiff was "the slowest local driver;" the allegation that Defendants discharged older employees with greater frequency and gave preferential treatment to younger employees; and the fact that an employee eight years younger than the Plaintiff was promoted to become the Plaintiff's supervisor and dispatcher. Together, these facts permit a reasonable inference of age-based animus sufficient to survive a 12(b)(6) motion.

Further, Defendants invoke *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996), for the proposition that an eight-year age difference between Plaintiff and his supervisor weakens the inference of bias. But *O'Connor* and *France v. Johnson*, 795 F.3d 1170 (9th Cir. 2015), concerns whether a supervisor substantially younger than the plaintiff supports an inference of age bias — they do not hold that a supervisor in the protected class is categorically incapable of age-based animus. Here, the Defendants are suggesting that Pereira was incapable of age-based animus because of the fact that he is 40 years old and also in the protected class. However, whether Pereira harbored age-based animus toward Plaintiff is a factual question for discovery and trial, not a question to be resolved against Plaintiff on the face of the Complaint. The First Cause of Action should not be dismissed

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)

**B.)The Disability-Based FEHA Claims are Sufficiently Plead**

The Defendants argue that the Second through Fifth Causes of Action are improper because the Plaintiff fails to allege that the Defendants had knowledge of the Plaintiff's disability. This is improper.

**First**, whether the Defendants had knowledge of the disability is a question of fact that must be resolved by a jury or judge. Thus, it is not a basis for a motion to dismiss.

**Second**, the Defendants attempt to establish lack of knowledge based on a September 18, 2023 email by Pereira stating that Escobedo is refusing to cover a local move for Ashley Furniture and that Pereira is unaware of any physical restrictions that the Plaintiff has. However, this email does not conclusively establish lack of knowledge of disability. In fact, the email simultaneously acknowledges that Plaintiff refused the load (a refusal premised, on the face of the Complaint, on physical inability to do heavy lifting) and that Pereira did not consider himself aware of formal restrictions. Pereira's actual or constructive knowledge of physical restrictions is a factual dispute. It cannot be resolved in single self-interested email in which Pereira claims he is unaware of physical restrictions.

Instead, knowledge may be imputed to the employer "when the fact of disability is the only reasonable interpretation of the known facts." (*Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1248–49 (2008) (quoting *Brundage v. Hahn*, 57 Cal. App. 4th 228, 237 (1997)). Here, the Complaint alleges Plaintiff communicated that he could not perform the heavy-lifting assignment because of a physical limitation. That allegation, taken as true, supports a reasonable inference that the employer was on notice. Whether Pereira's stated lack of awareness reflects genuine ignorance, willful blindness, or a litigation-crafted narrative is precisely the kind of question of fact not subject to a motion to dismiss.

Further, in an email dated March 30, 2022, Pereira notified Kathy Dang about the gout in Plaintiff's foot hurting him and that he was going to urgent care. (Complaint, para. 10). This email chain shows that the Defendants documented knowledge of the Plaintiff's

-7-

medical condition affecting his ability to work. This email taken in totality with the allegations of the Complaint suggest that the employer was aware Plaintiff had recurring physical limitations.

**Last**, the Defendants claim the fact that twenty-one months passed between the gout episode and the termination contributed to the lack of knowledge. However, the Defendant conveniently omits (1) paragraph twelve of the Complaint alleging that the Plaintiff informed Defendants he was physically unable to perform the Ashley Furniture job, and (2) paragraph fifteen of the Complaint alleging that Plaintiff informed Defendants he was unable to take a truck load to Rancho Dominguez because he was fatigued and had not taken his rest break.

Thus, this argument fails.

### C.)    The Harassment Claim is Sufficiently Plead

The Defendants argue that the Third Cause of Action is improper because the Complaint's allegations describe conduct that is considered personnel management within the company.

Per Defendants' motion, *Reno v. Baird*, 18 Cal. 4th 640, 645-46 (1998) states, "[h]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Defendants then go on to state that because the adverse conduct was normal personnel management, it does not fall under *Reno's* definition of harassment. However, this fails to acknowledge that *Reno* also clarifies that official employment actions can support a harassment claim where they communicate a hostile message as part of a broader pattern of discriminatory animus. (*Id.*)

The Plaintiff's complaint alleges a sustained course of conduct spanning over a year: hostile confrontations about medical appointments; harassment in September 2023 pressuring him to work without legally required meal and rest breaks; Pereira's statement calling the Plaintiff the "slowest local driver" made in the context of a refusal premised on a physical limitation;  and a culminating incident on December 21, 2023 in which Pereira

-8-

pressured a fatigued Plaintiff to drive, followed immediately by the company owner's personal intervention to demand the same.  This is the kind of sustained pattern that may constitute harassment in connection with an employee's protected characteristics even where individual acts could be characterized as personnel management. (*Roby v. McKesson Corp*. 47 Cal. 4th 686, 708–09 (2009)). Thus, this argument fails.

**D.)      The Failure-to-Prevent Claim is Sufficiently Plead**

For the reasons stated above, Defendants' derivative failure-to-prevent argument under Government Code § 12940(k) fails.

**E.)      The Claims against Scott Godfrey Individually are Proper**

**First**, *Reno* and *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158 (2008), the Court found that a non-employer individual is not personally liable under FEHA for discrimination or retaliation. However, in *Raines v. Healthworks Medical Group*, (9th Cir. 2022) 28 F.4th 968, 969, the Court found that business-entity agents engaged in certain aspects of the hiring process may be directly liable for violations of anti-discrimination laws. This applies to employer's agents who employ five or more employees within the definition of "employer." This leaves the question of the scope of agent liability open.

**Second**, Government Code § 12940(j)(3) expressly imposes personal liability on employees — including supervisors — for harassment. The California Supreme Court decisions in *Reno* and *Jones* addressed discrimination and retaliation claims, respectively. Godfrey's personal conduct — directly calling Plaintiff on December 21, 2023, and pressuring him to drive while fatigued, followed by the voicemail demanding loads be completed— constitutes the kind of direct personal conduct that distinguishes harassment from personnel management. As such the Third Cause of Action as to Scott Godfrey individually is proper.

**Last**, the remaining wage and IIED claims against Godfrey individually should survive to the extent they arise from his direct personal conduct. The Complaint attributes specific acts — the December 21 call, the voicemail, and the joint participation in the termination — to Godfrey. Whether his personal conduct in those interactions gives rise

-9-

to individual liability on claims other than FEHA is a question of fact.

**F.)      The Wrongful Termination Claim is Proper**

As stated above, Defendant's derivative wrongful termination claim is supported by FEHA because the Plaintiff was terminated based on his protected status (age, disability, and/or good faith complaints). To the extent that the Defendants argue that the FEHA claims are subject to dismissal, these arguments are questions of fact. Specifically, Defendants argue that the Plaintiff failed to show that Defendants had knowledge of Plaintiff's disability, and that Defendants' comments undermining Plaintiff's age proves that age was a motivating factor for Plaintiff's termination. Instead, these factual questions require discovery and trial, and cannot be resolved at the pleading stage.

Further, under Labor Code § 1102.5, an employer shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state or federal statute.  The Seventh Cause of Action is independently supported by Labor Code § 1102.5, which Defendants do not challenge. (*Tameny v. Atl. Richfield Co*., 27 Cal. 3d 167, 176 (1980)). Plaintiff's termination came the day after he refused to drive while fatigued — a refusal grounded in federal and state safety regulations governing commercial motor vehicle drivers. That refusal constitutes protected activity under § 1102.5 regardless of how the FEHA claims are resolved. To the extent the Court dismisses any FEHA-based wrongful termination theory, Plaintiff requests leave to amend.

**G.)      The Meal/Rest Break Claims are Proper**

Defendants argue that federal preemption under *Int'l Bhd. of Teamsters, Local 2785 v. FMCSA*, 986 F.3d 841, 847–54 (9th Cir. 2021), bars the meal and rest break claims because Plaintiff was a commercial truck driver subject to FMCSA hours-of-service regulations. The preemption, however, turns on whether Plaintiff's specific operations were subject to federal hours-of-service regulations — a question of fact.

FMCSA hours of service apply to **(1)** drivers operating CMVs in interstate commerce that weigh 10,001+ pounds, **(2)** drivers that transport placardable hazardous materials, or **(3)** drivers that transport 16+ passengers or 9+ for compensation.

-10-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)

Plaintiff worked as a "Local CA Driver" hauling loads between distribution facilities in California. The scope of FMCSA coverage depends on the size of the vehicles operated, the nature of the cargo, the distance of the routes, and whether specific exemptions apply. Thus, the Defendants' argument regarding meal and rest breaks is premature.

Instead, as Defendants themselves acknowledge, "the scope of FMCSA coverage may be further developed through discovery." (Motion, p. 14:13-14). That concession is dispositive of the motion: if discovery is necessary to resolve coverage, dismissal is inappropriate.

**H.)    The Overtime Claims are Proper**

Defendants argue that the Plaintiff fails to satisfy the pleading requirements of overtime violations under *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014).

Plaintiff acknowledges that *Landers* requires some factual specificity regarding workweeks in which overtime violations occurred. Plaintiff regularly worked 12 to 14 hours per day, was paid at an hourly rate of $27.50, and was never paid overtime. These facts provide the foundation for specific workweek allegations.

Further, IWC Wage Order 9, Section 3(L) exempts CA overtime rules for drivers regulated by the US Dept of Transportation. It applies to truck drivers and helpers who operate in interstate commerce, or expected to make interstate runs. Regardless of the overtime exemption, the driver is still entitled to meal and rest breaks.

The exemption argument under IWC Wage Order No. 9 raises the same preemption/coverage questions addressed above and may be further developed through discovery. Thus, the IWC Wage Order No. 9 cannot be resolved at the pleading stage.

**I.)    The IIED Claim is Proper**

The Defendants argue that the IIED cause of action is barred by California's workers' compensation system.

**First**, workers' compensation exclusivity bars IIED claims arising from normal personnel management. (*Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987);

*Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008)).

"When the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability." (*Cole*, 43 Cal. 3d 148, 160.)

Here, the Defendants attempt to argue that the adverse conduct against the Plaintiff fell under normal personnel management. However, the conduct here extends beyond routine supervision. Plaintiff was pressured by both his supervisor and the company's owner to operate a commercial motor vehicle while fatigued, in potential violation of federal safety regulations. When he refused, the owner personally called him — twice — to insist the load be completed, and Plaintiff was terminated the next day. Despite Defendants' contention, this conduct does not fall under the "normal part of the employment relationship." It involves a company principal personally demanding that a commercial driver violate safety rules, followed by immediate termination for refusal.

**Second**, the workers' compensation preemption does not apply to an IIED claim based on actions that violate FEHA. (*M.F. v. Pacific Pearl Hotel Management LLC* 16 Cal. App.5th 693, 700 (2017)).

"[W]ork-related injury discrimination is not a normal risk of the compensation bargain. This…emotional distress claims are not barred by the exclusivity rule to the extend they seek emotional distress damages for the alleged work-related injury discrimination." (*Fretland v. County of Humboldt* 69 Cal.A1pp.4th 1478, 1492 (1999)).

Here, the Plaintiff's Complaint states several claims under FEHA based on disability discrimination and harassment. In other words, the IIED claim here is tethered to conduct that violated FEHA, and the actions alleged establish discriminatory conduct that falls outside the scope of the normal employment relationship. In fact, in 2014, the Fourth

-12-

District concluded that the <u>workers' compensation preemption does not apply to claims for wrongful termination based on workplace injuries</u> in *Yau v. Santa Margarita Ford., Inc.* (2014) 229 Cal.App.4th 144. The basis of the Plaintiff's claims here is exactly that, discrimination based on disability leading to wrongful termination. Thus, this argument fails.

**Last**, the Plaintiff sufficiently pleads outrageous and extreme conduct. IIED requires conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." (*Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009).)

Here, the Defendants attempt to down play their conduct to "a simple pleading of personnel management activity." However, when viewed as a pattern — over a year of escalating harassment tied to protected activities, culminating in direct pressure by the company owner to violate federal safety laws, followed by immediate termination for refusal — the allegations plausibly meet this threshold.

**J.)      The Waiting Time Penalties Claim is Proper**

For the same reasons that the overtime and rest/meal break claims are proper, the waiting time penalties claim is proper. As such, to the extent any wage claims survive — particularly the meal and rest break claims — the § 203 penalties claim survives.

Further, Defendants' good-faith dispute argument is an affirmative defense that cannot be decided at the pleading stage. Whether a genuine good-faith dispute exists, and whether it excuses a willful failure to pay, are questions of fact. (*Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 109–10 (2022).)

**K.)      The UCL Claim is Proper**

Under a UCL claim, a former employee has standing to seek injunctive relief <u>to prevent future harm</u>.

Here, the Complaint alleges that as a result of the Defendants' misconduct, the Plaintiff suffered lost future income and employment benefits. Thus, this argument fails.

**L.)      Leave to Amend Should be Granted**

-13-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)

Where the Court find any improperly plead claims, Plaintiff requests leave to amend. Amendment would not be futile: the factual record contains specific dates, communications, wage data, and witness information sufficient to support detailed re-pleading. This would be Plaintiff's first amended complaint. The Ninth Circuit's policy favoring resolution of disputes on their merits compels granting leave.

**CONCLUSION**

For the reasons stated above, the Plaintiff respectfully requests that the Court deny the Motion to Dismiss in its entirety, or in the alternative deny the motion as to the FEHA, wage-and-hour, wrongful termination, and IIED claims, and grant Plaintiff leave to amend as to any claims the Court finds deficiently pleaded.

DATED:     April 6, 2026

**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**

/s/ *Sandy M. Sikavi*

By:    Sandy M. Sikavi, Esq.
Taylor M. Prainito, Esq.
Michael Zelman, Esq.
Attorneys for Plaintiff,
JORGE ESCOBEDO

-14-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)

## CERTIFICATE OF SERVICE

I certify that on April 6, 2026, I served a true and correct copy of the foregoing **PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS UNDER FRCP 12(b)(6)**, on the following attorneys as follows:

Philip D. Dracht (SBN 219044)
FABIAN VANCOTT
15 W. Carrillo St.
Santa Barbara, CA 93101
Tele: (801) 531-8900

Tanner J. Bean (pro hac vice pending)
FABIAN VANCOTT
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
Email(s):
pdracht@fabianvancott.com
tbean@fabianvancott.com
knielson@fabianvancott.com

by the following indicated method or methods:

__XXX__      BY EMAIL:   I delivered a true and correct copy of the documents(s) to the attorney(s) at the above e-mail address.

Executed this ___6th___ day of April 2026, in the City and County of Los Angeles, State of California.

/s/   *Kimberly Morales*
Kimberly Morales