Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
Michael Zelman (SBN 297682)
mzelman@scllgpc.com
Sandy Sikavi (SBN 346964)
ssikavi@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, PC**
15760 Ventura Blvd., Suite 880
Encino, CA 914361875 Century Park East, Suite 480
Los Angeles, CA 90067
Telephone: (424) 231-2366
Facsimile:  (323) 319-5148

Attorneys for Plaintiff,
JORGE ESCOBEDO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIASUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| JORGE ESCOBEDO, <br><br> Plaintiff, <br> v. <br><br> GODFREY TRUCKING, INC. (a UtahCalifornia Corporation), ALEX PEREIRASCOTT GODFREY (an Individual), and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 5:26-cv-929 <br><br> **PLAINTIFF JORGE ESCOBEDO'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** <br><br> **(1) DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF FEHA;** <br><br> **(2) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;** <br><br> **(3) HARASSMENT ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;** <br><br> **(4) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;** <br><br> **(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;** <br><br> **5)(6) RETALIATION IN FOR ENGAGING IN PROTECTED** |



)  ACTIVITIES VIOLATION OF FEHA;

)  5)(7) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF FEHA;

)  7)(8) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;

)  3)(9) VIOLATION OF LABOR CODE § 1102.5;

)  (9) FAILURE TO PROVIDE UNINTERRUPTED MEAL BREAKS;

)  (10) FAILURE TO PROVIDE UNINTERRUPTED REST BREAKS

)  (11) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

)  (12) FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;

)  (13) VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*; AND

)  (14) FAILURE TO PAY OVERTIME COMPENSATION

**DEMAND FOR JURY TRIAL**

Plaintiff JORGE ESCOBEDO, alleges, on the basis of personal knowledge and/or information and belief:

### SUMMARY

This is an action by JORGE ESCOBEDO, ("plaintiff" or "Escobedo"), whose employment with defendants GODFREY TRUCKING, INC. (a Utah~~California~~ Corporation); ALEX PEREIRA~~SCOTT GODFREY~~ (an Individual) was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic,

-2-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:*  Plaintiff JORGE ESCOBEDO is, and at all times mentioned in this Complaint was, a resident of the County of San Bernardino, California.

2. *Defendants:*

   a.   Defendant GODFREY TRUCKING, INC., is a Utah~~California~~ Corporation, that is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in California.

   b.   Defendant ALEX PEREIRA~~SCOTT GODFREY~~ ("Godfrey"), and individual, is, and at all times mentioned in this Complaint was a resident of San Bernardino County, California.

   c.   Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

   d.   Godfrey Trucking, Inc., Alex Pereira~~Scott Godfrey~~, and Doe defendants 1 to 100 may be collectively referred to as "defendants."

3. *Relationship of defendants:*

   a.   All defendants and all Doe defendants directly and/or indirectly employed

-3-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

plaintiff, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

b. All defendants and all Doe defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged throughout, which is prohibited under California Government Code section 12940(i).

c. All defendants and all Doe defendants were acting as the agents of all other defendants and employers, as defined under the regulations, statutes, and interpreting case law, including California Government Code section 12926(d).

d. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, on behalf of all defendants, and engaged in, authorized, ratified, and approved of the conduct of all other defendants.

e. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, all defendants, and each of them, were the principals, agents, servants, employers, employees, partners, joint venturers, predecessors in interest, successors in interest, and/or authorized representatives of each of the other defendants, were at all times relevant herein acting within the purpose, course and scope of their agency, service, employment, partnership, joint venture, and/or representation, and were doing so with the knowledge, permission, and consent of their principals, employers, partners, joint venturers, and co-defendants, and each of them. Plaintiff further alleges that each and every defendant was negligent, careless, and legally liable in the selection and hiring of each and every other defendant as its agent, servant, employee, consultant, assistant, representative, partner, and/or joint venturer.

f. All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

g. Defendants directly and indirectly employed plaintiff Escobedo, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

h. In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

4. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

5. Some of the actions at issue in this case occurred in the State of California, in the County of San Bernardino. Under the California Fair Employment and Housing Act, this case can alternatively, at plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the

-5-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

aggrieved person would have worked . . .

California Government Code § 12965(b) (emphasis added).

6.   Plaintiff worked in California, and at times, conducted certain job duties in the County of Los Angeles.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.   *Plaintiff's protected status and activity:*

   a.   Plaintiff is more than 40 years old.

   b.   Plaintiff suffered from a disability and/or medical condition.

   c.   Plaintiff made good faith complaints about the discrimination and harassment he experienced while employed by defendants to defendants' human resources department and to his supervisors and/or managers.

8.   Jorge L. Escobedo (hereinafter "Escobedo") a 48 year old male, began his employment with Godfrey Trucking, Inc. (hereinafter "Defendant" or "Godfrey Trucking") on October 2, 2019, as a Local CA Driver. Escobedo was hired by Neil Sebring, the Drivers Supervisor, and was initially assigned to work at Defendant's Fontana, California location at 15777 Slover Ave, Fontana, CA 92335. At the time of his hire, Escobedo understood his position would consist of "drop and hook" loads, meaning he would not be required to unload heavy freight. Escobedo maintained a clean safety record and was a reliable employee who came to work every day and fulfilled his job duties. Throughout his employment, Escobedo worked long hours—regularly 12 to 14 hours per day and 45 to 55 hours per week—to ensure Defendant's operations ran smoothly. His employment with Defendant went without major incident until mid-2022, when he began experiencing a hostile work environment that would ultimately culminate in his wrongful termination on December 22, 2023.

9.   In April of 2021, Escobedo started experiencing increasingly hostile and abusive treatment from Pereira, who by that time had become his direct supervisor and dispatcher. In October 2021, Escobedo briefly resigned from his position following

**Formatted:** Font: 14 pt

disputes regarding his work assignments. On October 22, 2021, there was a miscommunication regarding a scheduled load, which left Defendant in a difficult position. On October 26, 2021, Alex Pereira (hereinafter "Pereira"), approximately 40 years old, who would later become Escobedo's direct supervisor and dispatcher, informed Escobedo that he needed to run a relay with another driver to cover for a colleague. When Escobedo expressed concerns about this assignment, he ultimately resigned on October 29, 2021. Following his resignation, Defendant reached out to Escobedo and offered to rehire him. On November 5, 2021, Defendant issued a "Conditions for Employment" letter, which Escobedo signed on November 9, 2021. This letter specifically required Escobedo to "work and communicate with [his] dispatcher/reporting supervisor Alex" and acknowledged that while Escobedo did not desire to run over the road routes, "there is a possibility during your course of employment that you'll be required to run over the road or on a relay to assist the fleet 'out of state.'" Despite these conditions, Escobedo returned to work with the understanding that he would be treated fairly and professionally.

10.   In March of 2022, Escobedo began to experience severe pain in his foot, limiting his ability to put any weight on it or walk. Towards the end of March, the pain in his foot became notably worse, requiring medical treatment. Pereira persistently harassed Escobedo regarding his occasional need for time off for medical appointments. Due to the gout in his foot, Escobedo occasionally needed to attend doctor's appointments. However, beginning in mid 2022, Escobedo started experiencing increasingly hostile and abusive treatment from Pereira, who by that time had become his direct supervisor and dispatcher. Pereira persistently harassed Escobedo regarding his occasional need for time off for medical appointments. Due to medical issues, Escobedo occasionally needed to attend doctor's appointments. Each time Escobedo requested time off, Pereira harassed him at work, accusing him of lying about his doctor's visits. Under California labor laws, Escobedo was not required to provide a doctor's note unless he missed more than three consecutive days, yet Pereira continued to question and challenge his absences. In March 2022, when Escobedo reported that he believed he had gout in his foot and needed to miss

-7-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

work on March 27-28, 2022, to seek medical treatment, Pereira sent an email to Human Resources expressing suspicion about Escobedo's injury. In the email dated March 30, 2022, Pereira wrote: *"I received a call from Jorge on Sunday night March 27th that he thought he had GOUT in his foot, hurting him and that he couldn't work Monday 28th left me in a bad way Monday... It is hurting me, I was not expecting to lose the driver this week... seems weird to me. First it was gout, then ankle sprain, then it usually doesn't take this long to get x ray results from an urgent care ??"* This email demonstrates Pereira's pattern of questioning and doubting Escobedo's legitimate medical needs.

11. After these incidents, Escobedo's interactions with Pereira became increasingly hostile. Pereira persistently engaged in verbal disagreements with Escobedo and would raise his voice and yell at him over the phone. Escobedo complained to Supervisor Neil Sebring (hereinafter "Sebring") in 2021 and 2022 about Pereira's discriminatory and/or harssing behavior, explaining that Pereira would call and yell at him. and was overworking the drivers, expecting too much to be accomplished within the legally permitted 11 hour driving window. Despite Escobedo's complaints, no corrective action was taken. Both complaints took place over the phone. During these phone calls, Escobedo addressed the fact that Pereira would constantly pressure drivers to work through their meal breaks, and pressure drivers to perform work outside of their job duties. Sebring merely told Escobedo he would "speak to him," and that Escobedo needed to get along with Pereira because he is the dispatcher, but Pereira's hostile behavior continued and escalated. but Pereira's hostile behavior continued and escalated.

12. By August and September 2023, Pereira escalated his harassment significantly. In September 2023, Pereira pressured Escobedo to perform work assignments that were beyond the scope of his job duties and that Escobedo was physically unable to perform. Specifically, Escobedo was assigned a local move for Ashley Furniture that would require him to provide "driver assist"  meaning he would need to physically unload heavy furniture at the destination. Due to a pre-existing back condition, Escobedo was unable to safely perform this type of heavy lifting. When Escobedo refused to take the assignment

-8-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

**Formatted:** Font: 14 pt

**Formatted:** Font: 14 pt

**Formatted:** Font: 14 pt

on September 18, 2023, Pereira became hostile and retaliatory. In an email dated September 18, 2023, sent to Human Resources Manager Kathy Dang and CEO Scott Godfrey, Pereira wrote: *"Jorge is refusing to cover a local move I have booked for Ashley furniture tomorrow... Jorge does not have any physical restrictions that I am aware of... Jorge is flat refusing, saying that if he has to do any driver assist that he will QUIT and find another Job. That he has received many job offers, and that he will just take one of those... Please add this to his driver file Kathy."* In response to this email, Dang replied: *"It seems like he's an ongoing challenge so I would suggest looking for a new driver."* This email exchange makes clear that Defendant began contemplating terminating Escobedo's employment in retaliation for his refusal to perform work that was unsafe and beyond his physical capabilities.

13. Throughout September 2023, Pereira also made derogatory comments about Escobedo's work performance. In an email dated September 18, 2023, Pereira wrote: *"He is a challenge, I have complaints about him for sure. But he comes in every day, never has called in on me and for the most part reliable. He is very slow, the slowest local driver I have. But he has had a safe record and he gets us at least 2 loads per day at the Andrus yard or the milk run which helps turn the OTR fleet quicker."* Despite acknowledging that Escobedo was reliable, maintained a safe driving record, and never called in sick, Pereira characterized Escobedo as "the slowest local driver" in a manner intended to undermine and demean him. The comment is offensive to Escobedo and he finds it to be harassing based upon his age and/or his disability.

14. The harassment continued to escalate throughout the fall of 2023. Pereira regularly pressured Escobedo to work without taking his legally required meal and rest breaks. Pereira would send text messages and call Escobedo, demanding that he skip his breaks in order to pick up additional loads and return to the yard more quickly. Pereira expected Escobedo to violate California labor laws and federal motor carrier safety regulations in order to meet unrealistic productivity demands. When Escobedo attempted to assert his rights to take breaks and work safely, Pereira became angry and would

retaliate by cutting Escobedo's hours or sending him home early.

15. On December 21, 2023, the situation reached a breaking point. That day, Pereira once again harassed Escobedo, pressuring him to take a truck load to Rancho Dominguez despite the fact that Escobedo was fatigued and had not taken his legally required lunch break. Federal motor carrier safety regulations, specifically 49 C.F.R. § 392.3, prohibit a driver from operating a commercial motor vehicle when "the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle." Escobedo informed Pereira that given his fatigued condition, he needed to take the rest of the day off. Shortly thereafter, Scott Godfrey (hereinafter "Godfrey"), the CEO and owner of Godfrey Trucking, called Escobedo directly and insisted, "We need to get this stuff going." Godfrey then left a voicemail for Escobedo in which he stated that Pereira said they got into a shouting match and that "Alex is 'our guy'" and they have to "get this shit done."

16. Feeling overwhelmed, harassed, and pressured to violate safety regulations, Escobedo reached out to Kathy Dang, Defendant's Human Resources Manager, to report what was happening. Dang advised Escobedo to take the rest of the day off on December 21, 2023. However, just one day later, on December 22, 2023, Dang and Godfrey called Escobedo on a three-way telephone call and informed him that his employment was being terminated effective immediately.

17. In a termination letter dated December 22, 2023, the company acknowledged a workplace conflict between Escobedo and his supervisor Pereira, which had occurred on multiple occasions. Despite Escobedo reporting that Pereira was pressuring him to violate laws and drive while he was stressed and exhausted, the company backed Pereira and terminated Escobedo. The termination was discriminatory and/or retaliatory based upon Escobedo's age, disability and/or his good faith complaints of illegal activity. In an attempt to thinly veil these reasons for termination, the company has pretextually characterized the reason for termination as Escobedo and Pereira's "inability to work

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

together." In reality the company knowingly and boldy elected to terminate the victim.

18. As a result of his wrongful termination, Escobedo has suffered significant financial and emotional harm. Escobedo was earning approximately $72,000 per year and has lost his income, bonuses, and benefits including dental and vision insurance. He is currently unemployed and actively seeking work, but has been forced to rely on his savings to support himself and his family, which includes his wife and four children. The sudden and unjust termination has caused Escobedo to experience daily stress, anxiety, and emotional distress. Escobedo loved his job, took pride in his safe driving record, and was a loyal and reliable employee. He has been deeply hurt by Defendant's decision to terminate him for asserting his legal rights and complaining about unlawful treatment.

19. Defendants' stated reason for terminating was false and mere pretext as defendants' real reason for terminating Escobedo's employment was for wrongful, illegal, discriminatory and/or retaliatory purposes related to his medical condition/disability, age, requests for accommodation and his good faith complaints regarding discrimination, harassment, retaliation, and/or other conduct that Escobedo reasonably believed to be illegal.

20. Following the termination, Escobedo suffered severe symptoms of emotional distress including, but not limited to depression, anxiety, stress, headaches, and weight loss.

21. *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, stock options, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

22. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

23. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or

malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his age, disability, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his age, disability, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

24. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

25. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Civil Rights Department ("CRD") and receiving a CRD right-to-sue letter.

## FIRST CAUSE OF ACTION

-12-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

**(Violation of FEHA (Government Code § 12900, *et seq.*)**

**(Age Discrimination)—Against Defendants GODFREY**

**TRUCKING, INC. and Does 1 to 100, Inclusive)**

26. The allegations set forth in paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendant to refrain from discriminating against any employee because he or she is more than 40 years old. Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

28. During plaintiff's employment with defendants, defendants, through their supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old. Specifically, defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees.

29. During plaintiff's employment with defendants, defendants intentionally engaged in age discrimination. During plaintiff's employment with defendants, defendants had a pattern and practice of discriminating against employees who were more than 40 years old.

30. Plaintiff was a qualified employee at the time of the termination of his employment and was more than 40 years old. All of defendants' conduct raises an inference of discrimination.

31. Defendants, through their managers and supervisors, made a number of comments to and about plaintiff and made staffing decisions and/or transfers that exhibited ageist motivations, intentions, and consciousness. Plaintiff believes and, on that basis, alleges that defendants' real motivation was to discharge him because of his age.

32. Defendants' conduct, as alleged, violated FEHA, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

-13-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

a.  Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(a);

b.  Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(j);

c.  Failing to take all reasonable steps to prevent discrimination and harassment based on age and/or other protected characteristics, in violation of Government Code section 12940(k);

d.  Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

33.  On the basis of the above, plaintiff believes and alleges that his age was a substantial motivating factor in defendants' termination of his employment.

34.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

35.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

36.  Defendants' discrimination was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

37.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

-14-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*)

### (Disability Discrimination)—Against Defendants

### GODFREY TRUCKING, INC. and Does 1 to 100,

### Inclusive)

38.  The allegations set forth in paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

39.  Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

40.  Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.  Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(a);

b.  Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

c.  Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

e.  Retaliating against plaintiff for seeking to exercise rights guaranteed under

-15-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

f. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

41. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

42. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

43. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

44. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

### THIRD CAUSE OF ACTION
**(Violation of FEHA (Government Code § 12900, *et seq.*)**
**(Medical Condition and/or Disability Harassment—**
**GODFREY TRUCKING, INC., SCOTT GODFREY, and**
**Does 1 to 100, Inclusive)**

45. The allegations set forth in paragraphs 1 through 44 are re-alleged and incorporated herein by reference.

46. Defendants' conduct, as alleged, violated FEHA, Government Code section

12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(j);

b.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of medical condition and/or physical disability, in violation of Government Code section 12940(k).

47.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

48.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

49.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

50.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

**FOURTH CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12940(a),**

**(i), (m), (n)) (Failure to Provide Reasonable**

**Accommodation)—Against Defendants GODFREY**

**TRUCKING, INC., and Does 1 to 100, Inclusive)**

51.   The allegations set forth in paragraphs 1 through 50 are re-alleged and incorporated herein by reference.

52.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i),

-17-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

(m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the CRD, in full compliance with administrative requirements, and received a right-to-sue letter.

53. Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability. Defendants used plaintiff's disability and his need to take medical leave as an excuse for terminating plaintiff's employment.

54. Plaintiff believes and, on that basis, alleges that his disability and the need to accommodate his disability were substantial motivating factors in defendants' termination of his employment.

55. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

57. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

58. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

**FIFTH CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*)**

**(Failure to Engage in Interactive Process)—Against**

**Defendants GODFREY TRUCKING, INC. and Does 1 to**

**100, Inclusive)**

-18-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

59. The allegations set forth in paragraphs 1 through 58 are re-alleged and incorporated herein by reference.

60. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for liability: failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n).

61. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

62. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

63. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

64. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

### SIXTH CAUSE OF ACTION
#### (Violation of FEHA (Government Code § 12900, *et seq.*)
#### (Retaliation for Engaging in a Protected Activity)—Against
#### Defendants GODFREY TRUCKING, INC. and Does 1 to
#### 100, Inclusive)

65. The allegations set forth in paragraphs 1 through 64 are re-alleged and incorpo¬rated herein by reference.

-19-

66. Plaintiff's engagement in protected activity, including taking medical leave (FMLA) and requesting accommodations, good faith complaints and/or opposition to discrimination and harassment based on age, disability/medical condition, and/or good faith complaints protected by FEHA, Government Code section 12900, et seq., were motivating factors in Defendants' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse job actions against Plaintiff.

67. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and Defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Demoting, discharging, barring, refusing to retain, refusing to transfer, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's age, disability, good faith complaints and/or other protected characteristics by FEHA, Government Code section 12900, et seq., in violation of Government Code section 12940(a);

b. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's age, disability, good faith complaints and/or other protected characteristics, in violation of Government Code section 12940(j);

c. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on age, disability, gender, and/or good faith complaints in violation of Government Code section 12940(k);

d. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendants' failure to provide such rights, including, the right to be free of discrimination, in violation of Government Code section 12940(h);

e. Failing to accommodate plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

f. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

-20-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

g. Creating a hostile work environment, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of disability and/or other protected characteristics, in violation of Government Code section 12940(j);

h. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

i. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

68. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

69. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

70. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

64.71. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against Defendants.

**SEVENTHIXTH CAUSE OF ACTION**

**(Failure to Prevent Discrimination, Harassment,**

**and Retaliation in Violation of FEHA**

**(Government Code § 12940(k))—Against**

**Defendants GODFREY TRUCKING, INC. and**

-21-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt

Formatted: Font: 14 pt

**Does 1 to**

**100, Inclusive)**

65.72.   The allegations set forth in paragraphs 1 through 7164 are re-alleged and incorporated herein by reference.

66.73.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the CRD and received a right-to-sue notice.

67.74.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*i.e.,* his age, disability, and/or participation in protected activities and/or his good faith complaints and opposition). During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees on the basis of such protected classes.  During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination on the basis of engagement in protected activity and protected status.

68.75.   Plaintiff believes and on that basis alleges that his protected status and/or engagement in a protected activity was a substantial motivating factor in defendants' employees' discrimination and retaliation against him.

69.76.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

70.77.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

-22-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt

71.78.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

72.79.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

### EIGHSEVENTH CAUSE OF ACTION

**(Wrongful Termination of Employment in Violation of Public Policy (Labor Code § 1102.5; FEHA, Government Code § 12900, *et seq.*)—Against Defendants GODFREY TRUCKING, INC., and Does 1 to 100, Inclusive)**

73.80.  The allegations set forth in paragraphs 1 through 792 are re-alleged and incorporated herein by reference.

74.81.  Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's employment was terminated in part because of his protected status (*i.e.,* his age, disability, and/or good faith complaints).  These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

75.82.  As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

76.83.  As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

77.84.  Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

78.85.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

-23-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq., plain*tiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

**NINEIGHTH CAUSE OF ACTION**

**(Violations of Labor Code § 1102.5, *et seq.*—**

**Against All Defendants and Does 1 to 100, Inclusive)**

79.86.  The allegations set forth in paragraphs 1 through 8578 are re-alleged and incorporated herein by reference.

80.87.  At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants.  This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality.

81.88.  Plaintiff raised complaints of illegality while he worked for defendants, and defendants retaliated against him by terminating his employment.

a.  Specifically, plaintiff reported the unlawful discrimination and retaliation he was experiencing from defendants on the basis of his age, disability and/or good faith complaints.

b.  Plaintiff also reported what he reasonably believed to be unsafe working conditions in violation of OSHA and/or other state laws, rules, codes, and/or regulations.

82.89.  As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

83.90.  As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

84.91.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

NINTH CAUSE OF ACTION

(Failure to Provide Uninterrupted Meal Breaks - Cal.

Labor Code §§ 226.7; 512(a) - Against Defendants

GODFREY TRUCKING, INC., and Does 1 to 100,

Inclusive)

85.   The allegations set forth in paragraphs 1 through 84 are re-alleged and incorporated herein by reference.

86.   At all times relevant hereto, Labor Code sections 226.7(a) and 512(a) applied to Defendants' employment of Plaintiff.

87.   At all times relevant hereto, Labor Code section 226.7(a) provided that no employers could require employees to work during any meal period mandated by an applicable wage order.

88.   At all times relevant hereto, Labor Code section 512(a) provided that employers could not require or permit an employee to work a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

89.   At all times relevant hereto, Labor Code section 512(a) provided that employers could not require or permit an employee to work a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of both the employer and the employee only if the first meal period was not waived.

90.   On many occasions throughout his employment with Defendants, they did not provide Plaintiff with thirty (30) minute; uninterrupted meal breaks as required by the Labor Code.

91.   During Plaintiff's employment, Defendants frequently failed to compensate Plaintiff with an additional hour of pay for work performed during his earned meal period thereby violating Labor Code sections 226.7(a) and 512(a).   Accordingly, pursuant to

-25-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

section 226.7(b), Plaintiff is entitled to recover from Defendants an additional hour of pay at Plaintiff's regular rate of compensation for each work day that a meal period was not provided.

TENTH CAUSE OF ACTION

(Failure to Provide Uninterrupted Rest Breaks - Cal. Labor Code §§ 226.7 - Against Defendants GODFREY TRUCKING, INC., and Does 1 to 100, Inclusive)

92. The allegations set forth in paragraphs 1 through 91 are re-alleged and incorporated herein by reference.

93. At all times relevant hereto, Labor Code sections 226.7(a) and IWC Order No. 5-2001 applied to Defendants' employment of Plaintiff.

94. At all times relevant hereto, Labor Code section 226.7(a) provided that no employers could require employees to work during any rest period mandated by an applicable wage order.

95. At all times relevant hereto, IWC Order Number 5-2001(12) required employers to provide to an employee a ten (10) minute rest period for every four (4) hours worked, absent exceptions which are not applicable to Plaintiff's claim.

96. Throughout the entirety of his employment, Plaintiff worked shifts of sufficient length to require Defendants to provide two ten (10) minute rest periods. On many occasions, Defendants did not provide Plaintiff with one or both of his rest breaks, thereby violating Labor Code § 226.7 and the applicable wage order. Accordingly, pursuant to § 226.7(c), Plaintiff is entitled to recover from Defendants one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that a rest period was not provided.

ELEVENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress - Against All

-26-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Defendants and Does 1 to 100, Inclusive)

97.   The allegations set forth in paragraphs 1 through 96 are re-alleged and incorporated herein by reference.

98.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

99.   Defendants were aware that treating plaintiff in the manner alleged above, including depriving him of his livelihood, would devastate plaintiff and cause him extreme hardship.

100.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

101.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

102.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

TWELVFTH CAUSE OF ACTION

(Failure to Pay All Wages Upon Termination (Labor

Code § 203)    Against All Defendants and Does 1 to

100, Inclusive)

103.   The allegations set forth in paragraphs 1 through 102 are re-alleged and incorporated herein by reference.

104.   Plaintiff is no longer employed by defendants.

105.   Defendants failed to pay plaintiff sums certain at the time of termination.

106.   Defendants' failure to pay wages, as alleged above, was willful in that defendants

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

knew wages to be due but failed to pay them; this violation entitles plaintiff to penalties under Labor Code section 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

### THIRTEENTH CAUSE OF ACTION
#### (Violation of Business and Professions Code § 17200, *et seq.* Against Defendants GODFREY TRUCKING, INC., and Does 1 to 100, Inclusive)

107. The allegations set forth in paragraphs 1 through 106 are re-alleged and incorporated herein by reference.

108. Plaintiff brings this case of action on behalf of himself and in his capacity as a private attorney general.

109. Defendants, and each of them, have engaged in unfair and unlawful business practices as set forth above.

110. Business and Professions Code section 17200 *et seq.* prohibits unlawful and unfair business practices.

111. By engaging in the above-described acts and practices, defendants, and each of them, have committed one or more acts of unfair competition within the meaning of Business and Professions Code section 17200 *et seq.*

112. Defendants, and each of them, have violated statutes and public policies. Through the conduct alleged in this complaint, defendants have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code section 17200 *et seq.*, depriving plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

113. As a direct and proximate result of the aforementioned acts and practices, plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of defendants.

114. Plaintiff seeks an order of this Court awarding restitution, injunctive relief and

-28-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

all other relief allowed under Business and Professions Code section 17200 *et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

FOURTEENTH CAUSE OF ACTION

(Failure To Pay Overtime Compensation, in Violation

of Labor Code §§ 510, 558, 1194, and 1197.1)

Against All Defendants and Does 1 to 100, Inclusive)

115. The allegations set forth in paragraphs 1 through 114 are re alleged and incorpo rated herein by reference.

116. This cause of action is brought pursuant to Labor Code §§ 510, 558, 1194, and 1197.1, which requires an employer to pay employees overtime at a rate of one and one half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

117. As a pattern and practice, Defendant suffered and forced Plaintiff to work in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 510 and 1194.

118. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510, 558, 1194, and 1197.1.

119.92. Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all overtime wages due and owing Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203.

-29-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

**PRAYER**

WHEREFORE, plaintiff, JORGE ESCOBEDO, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For injunctive relief;

7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, JORGE ESCOBEDO, demands trial of this matter by jury.  The amount demanded exceeds $35,000.00 (Government Code § 72055).

Dated:  May 15, 2026May 15, 2026             **SOUTHERN CALIFORNIA**

**LABOR LAW GROUP, P.C.**

By: _____

Sandy M. Sikavi, Esq.
Taylor M. Prainito, Esq.
Michael Zelman, Esq.

Attorneys for Plaintiff,

JORGE ESCOBEDO

-30-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Normal, Tab stops:  2.6", Left + 3", Left

Formatted: Font: 14 pt