vPhilip D. Dracht (SBN 219044)
FABIAN VANCOTT
15 W. Carrillo St.
Santa Barbara, CA 93101
Tele: (801) 531-8900
pdracht@fabianvancott.com

Tanner J. Bean (admitted *pro hac vice*)
FABIAN VANCOTT
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
tbean@fabianvancott.com

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCOBEDO, Plaintiff,<br><br>v.<br><br>GODFREY TRUCKING, INC.; and DOES 1-100, inclusive, Defendants.[1] | Case No.: 5:26-cv-00929-JGB-ACCV<br><br>**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Complaint Served: January 27, 2026<br>Complaint Amended: February 5, 2026<br>Complaint Removed to Federal Court: February 26, 2026<br>Trial Date: None Set<br>Hearing Date: June 29, 2026 at 9:00 a.m. |

---

[1] The operative First Amended Complaint names "GODFREY TRUCKING, INC. ... ALEX PEREIRA (an Individual), and DOES 1–100." Plaintiff's amendment dropped Scott Godfrey, originally named as an individual defendant, and added Alex Pereira without seeking leave of Court under Rule 21, as the Court's Order authorized amendment of seven existing claims only. For the reasons set forth in Part V.A, Pereira is not properly a party, and he has not been served. Godfrey Trucking, Inc. is accordingly the sole moving Defendant.

PLEASE TAKE NOTICE that Defendant Godfrey Trucking, Inc. ("Defendant") hereby moves this Court for an order dismissing causes of action in the First Amended Complaint of Plaintiff Jorge Escobedo ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) and, as to certain claims and parties added without authorization, Federal Rule of Civil Procedure 12(f).

This Motion is made on the following grounds:

Under Rule 12(b)(6), the First Amended Complaint fails to cure the deficiencies the Court identified in its May 5, 2026 Order (Dkt. No. 20). The age discrimination claim still does not identify a substantially younger replacement or any non-conclusory facts supporting an inference of age-based motive. The disability-related claims still do not allege a specific qualifying disability or connect any disability to the termination. The accommodation and interactive process claims still do not identify any accommodation that was requested or any limitation that required one. The harassment claim describes personnel management, not conduct sufficiently severe or pervasive to alter the conditions of employment. Under Rule 12(f), the First Amended Complaint adds a new defendant (Alex Pereira) and a new cause of action (FEHA retaliation, Claim 6) without leave of Court, exceeding the scope of the Court's Order. The new FEHA retaliation claim is also deficient on the merits. Defendant does not challenge the Ninth Cause of Action (Labor Code § 1102.5).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and on such oral argument as the Court may allow.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 22, 2026, to discuss the substance of this Motion. The parties were unable to resolve the issues.

May 29, 2026                                   **FABIAN VANCOTT**

*/s/ Philip D. Dracht*
Philip D. Dracht
Tanner J. Bean
Attorney for Defendant
GODFREY TRUCKING, INC.

MOTION TO DISMISS FAC

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................1

II.   LEGAL STANDARD .........................................................................1

III.  THE AGE DISCRIMINATION CLAIM..........................................2

IV.   THE DISABILITY CLAIMS..............................................................3

    A.   The FAC Still Fails to Identify a Qualifying Disability .........................3

    B.   The FAC's Own Narrative Defeats the Disability Claims ......................4

    C.   The Accommodation and Interactive Process Claims Remain Deficient4

V.    THE NEW FEHA RETALIATION CLAIM AND NEW DEFENDANT .....5

    A.   Adding Pereira Exceeds the Scope of the Court's Order .......................5

    B.   The Standalone FEHA Retaliation Claim (Claim 6) Was Not Authorized..............................................................................6

    C.   The FEHA Retaliation Claim Also Fails on the Merits........................6

VI.   THE HARASSMENT CLAIM .........................................................8

VII.  THE DERIVATIVE CLAIMS .......................................................10

VIII. LEAVE TO AMEND SHOULD BE DENIED............................10

IX.   CONCLUSION.................................................................................12

MOTION TO DISMISS FAC

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal. 4th 121 (1999)..............................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...............................................................2, 4, 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)......................................................2

*Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307 (2015) ..........................10

*Fields v. Bank of N.Y. Mellon*, No. 17-cv-00272-JST, 2017 WL 5665404 (N.D. Cal. Nov. 27, 2017)......................................................................5

*Foman v. Davis*, 371 U.S. 178 (1962) ..............................................................2, 6, 12

*Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34 (2006)................................4

*Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104 (C.D. Cal. 2015)......5

*Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317 (2000).........................................................3

*Hughes v. Pair*, 46 Cal. 4th 1035 (2009) ...................................................................9

*Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55 (1996)........................................8

*Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264 (2006) ..............................8

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).......................................2

*Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109 (2002).......11

*Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) ......................................................9

*Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986 (2009)..........................................4

*Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830 (2014) ...................................8, 9

*Sheppard v. David Evans & Assocs.*, 694 F.3d 1045 (9th Cir. 2012) .......................2

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).....................................................2

*Valdez v. City of Los Angeles*, 231 Cal. App. 3d 1043 (1991) ...............................11

*Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028 (2005) .........................................7

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009).............3, 10

**Statutes and Rules**

Cal. Gov't Code § 12940(h).....................................................................................6, 7

Cal. Gov't Code § 12940(k).................................................................................10

Cal. Gov't Code § 12945.2 ....................................................................................7

Cal. Lab. Code § 1102.5 ...........................................................................8, 10, 12

Fed. R. Civ. P. 12(b)(6)...........................................................................................1

Fed. R. Civ. P. 15(a)(1)...........................................................................................1

Fed. R. Civ. P. 15(a)(2)...........................................................................................2

Fed. R. Civ. P. 21  1, 2, 5

49 C.F.R. § 392.3  4

MOTION TO DISMISS FAC

# <u>MEMORANDUM</u>

## I.    INTRODUCTION

This Court gave Plaintiff a roadmap. Plaintiff did not follow it. In its May 5, 2026 Order, the Court dismissed six claims with prejudice and seven with leave to amend, identified the specific deficiency in each surviving claim, and ordered Plaintiff to file an amended complaint, with a redline, by May 15, 2026. (Order at 8.)

Plaintiff's First Amended Complaint ("FAC") does not cure the deficiencies the Court identified. In places it is worse. Told to add, Plaintiff subtracted. The Court told Plaintiff to plead a qualifying disability and its limitations; Plaintiff responded by deleting the one passage that described any physical limitation at all: the allegation that a "pre-existing back condition" left him "unable to safely perform" heavy lifting. (Compare Dkt. 21-1 at 8 of 30 (deleted), with FAC ¶ 12.) On age discrimination, the Court held that Plaintiff must plead facts showing he was "replaced by a substantially younger employee with equal or inferior qualifications." (Order at 4.) The FAC does not allege a replacement at all. On disability, the Court held that Plaintiff was "vague as to his alleged disability and fail[ed] to identify it precisely." (Order at 5.) The FAC's disability allegations are materially unchanged. On accommodation, the FAC still does not identify what accommodation was requested or what interactive process should have occurred.

The FAC also takes two unauthorized steps. It adds Alex Pereira as a new individual defendant without seeking leave under Rule 21. And it adds a standalone FEHA retaliation claim (Claim 6) that did not exist in the original Complaint. Both exceed the scope of the Court's Order.

## II.    LEGAL STANDARD

The standard for a motion to dismiss under Rule 12(b)(6) is set forth in this Court's May 5 Order and Defendant incorporates it here by reference. After the period for amendment as of right under Rule 15(a)(1), a party may amend only

with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). *See Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend is within the court's discretion and may be denied for, inter alia, undue delay or futility). Under Rule 21, parties "may be dropped or added only on motion of any party or on the court's own initiative." The Court's Order did not authorize the addition of new parties or new causes of action.

## III.    THE AGE DISCRIMINATION CLAIM

To survive a motion to dismiss, an age discrimination claim must allege facts sufficient to raise a plausible inference that age was a motivating factor in the adverse employment action. *Iqbal*, 556 U.S. at 678. The Ninth Circuit has confirmed that a plaintiff need not plead every element of a *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973), prima facie case to survive a motion to dismiss. *Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (holding *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), survived *Twombly* and *Iqbal*). But he must plead facts, not conclusions, and those facts must make discriminatory motive plausible, not merely conceivable. *Twombly*, 550 U.S. at 570.

The FAC does not come close. The Court's prior Order noted that Plaintiff failed to allege he was replaced by a substantially younger employee. (Order at 4.) The FAC still does not allege a replacement of any kind. That gap is not, standing alone, dispositive. But it is powerful evidence that the FAC has no factual basis for inferring age-based motive, because the most natural circumstantial indicator of age discrimination in a termination case is entirely absent.

What the FAC offers instead is worse than silence. Paragraph 28 is identical to the original Complaint: "defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees." Not a single name, date, position, or comparator. Under *Iqbal*, courts "are not bound to accept as true

-2-
MOTION TO DISMISS FAC

a legal conclusion couched as a factual allegation." 556 U.S. at 678. Paragraph 31 adds that defendants "made a number of comments to and about plaintiff and made staffing decisions and/or transfers that exhibited ageist motivations, intentions, and consciousness." What comments? By whom? When? The FAC does not say.

The only specific factual allegation even arguably related to age is Pereira's description of Plaintiff as "the slowest local driver." (FAC ¶ 13.) That comment appears in an email that simultaneously praises Plaintiff's attendance, reliability, and safety record. It says nothing about age. A plaintiff's subjective belief that a neutral comment was age-related does not make it so. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000). Plaintiff had two opportunities to plead a viable age discrimination claim. The Court identified the deficiency. Plaintiff chose not to cure it. Dismissal with prejudice is appropriate. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

## IV. THE DISABILITY CLAIMS

### A. The FAC Still Fails to Identify a Qualifying Disability.

The Court dismissed the disability claims because Plaintiff "has not alleged any specific disability or limitations imposed by his ailments" and "failed to identify how any of the alleged adverse employment actions relate to his disability." (Order at 5.) The FAC does not cure either deficiency. Paragraph 7(b) is unchanged: "Plaintiff suffered from a disability and/or medical condition." The only specific condition the FAC identifies is gout (FAC ¶ 10), a single episode in March 2022. The original Complaint alleged both gout and a back condition, and the Court found those allegations insufficient. The FAC pleads less.

The FAC is not merely unchanged. It moves in the wrong direction. The Court's Order identified two deficiencies: no specific disability and no connection between the disability and the adverse employment action. Rather than adding the facts the Court said were missing (a precisely identified qualifying disability, its specific limitations, disclosure to a decisionmaker, and a nexus to the termination),

the FAC removed factual detail that was in the original Complaint, including the Ashley Furniture driver-assist refusal and the circumstances surrounding the rehire. The result is an amended complaint with less factual content than the version the Court already found insufficient. That is not an attempt to cure. It is confirmation that supportive facts for this claim do not exist.

**B.    The FAC's Own Narrative Defeats the Disability Claims.**

Read the FAC's account of the termination event. On December 21, 2023, Pereira pressured Plaintiff to take a load. Plaintiff refused. Why? In his own words: he "was fatigued and had not taken his legally required lunch break." (FAC ¶ 15.) He "informed Pereira that given his fatigued condition, he needed to take the rest of the day off." (Id.) The FAC then cites the federal safety regulation prohibiting driving while fatigued, 49 C.F.R. § 392.3.

Plaintiff did not tell Pereira he was refusing because of gout or any other medical condition. He did not request an accommodation. He said he was tired and had not eaten lunch. The next day, he was fired. Critically, the FAC alleges no fact connecting any disability to the termination decision. The gout episode occurred twenty-one months earlier, and the FAC does not tie it to the firing in any way. The FAC's own account of the precipitating event is a refusal to drive while fatigued, and its only account of the termination is the parties' "inability to work together." (FAC ¶ 17.) The conclusory labels in Paragraph 17 cannot supply a disability nexus the factual allegations omit. *Iqbal*, 556 U.S. at 678.

**C.    The Accommodation and Interactive Process Claims Remain Deficient.**

The accommodation claim (Claim 4) and interactive process claim (Claim 5) require that the employer know of the employee's disability and that the employee communicate a need for accommodation. *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 54 (2006); *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986,

1013, 1018–19 (2009). The only condition the FAC identifies is gout (FAC ¶ 10). It does not support these claims.

The FAC alleges a single gout episode twenty-one months before termination. It does not allege that the gout recurred, that it was ongoing at the time of termination, or that Plaintiff ever requested a workplace accommodation for it. He took two days off and returned to work. The FAC does not allege that Plaintiff disclosed any disability or work limitation to a decisionmaker, identified any major life activity that any condition limited, or requested any specific accommodation. Those are the facts a duty to accommodate claim requires. The FAC pleads none of them.

Paragraph 53 asserts that "Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability." But the FAC never identifies what accommodation was requested, what limitation required it, or what the employer should have done differently. These are precisely the deficiencies the Court identified. The FAC does not cure them. Claims 4 and 5 should be dismissed with prejudice.

## V.    THE NEW FEHA RETALIATION CLAIM AND NEW DEFENDANT

### A.    Adding Pereira Exceeds the Scope of the Court's Order.

The original Complaint named Godfrey Trucking and Scott Godfrey as defendants. The FAC drops Scott Godfrey and adds Alex Pereira without seeking leave under Rule 21 or stipulation. The Court's Order did not authorize the addition of new parties. Courts in this District strike new parties and new claims added beyond the scope of an order granting leave to amend. *See Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015) (striking new claims that "exceed the scope of leave to amend granted by the court"); *Fields v. Bank of N.Y. Mellon*, No. 17-cv-00272-JST, 2017 WL 5665404, at *3 (N.D. Cal. Nov. 27, 2017) (striking new defendants added beyond the scope of leave). The defect is compounded by three additional problems. First, no cause of action in the

FAC is actually directed at Pereira. Every claim is captioned "Against Defendants GODFREY TRUCKING, INC. and Does 1 to 100." The Third Cause of Action (harassment, the only claim for which individual liability is statutorily authorized) is captioned against "GODFREY TRUCKING, INC., SCOTT GODFREY, and Does 1 to 100," naming a person who is no longer a party and still not naming Pereira. The individual defendant added to this case has zero claims directed at him. Second, the FAC defines Pereira with the parenthetical "('Godfrey')" at Paragraph 2(b), and then uses "Godfrey" to refer to Scott Godfrey at Paragraph 15. Two different people share the same defined term. The FAC is internally incoherent about who it is suing. Third, the residency allegation is an artifact of the same incomplete find-and-replace. The FAC alleges that the new individual defendant "is, and at all times mentioned in this Complaint was, a resident of San Bernardino County, California" (FAC ¶ 2(b)), but the redline shows that allegation was carried over verbatim from the original pleading's allegation about Scott Godfrey, with only the name changed. (Dkt. 21-1 at 3 of 30.) The pleading is thus incoherent about who the individual defendant is and where he resides. The claims against Pereira should be stricken.

**B.    The Standalone FEHA Retaliation Claim (Claim 6) Was Not Authorized.**

The original Complaint did not include a standalone FEHA retaliation cause of action under Government Code § 12940(h). The FAC's Sixth Cause of Action is an entirely new claim with distinct elements. The Court's Order granted leave to amend seven existing claims, not to add new ones. *See Foman*, 371 U.S. at 182.

**C.    The FEHA Retaliation Claim Also Fails on the Merits.**

The problem extends beyond the claim's existence. The subparts of Paragraph 67 are a laundry list that duplicates the entire FEHA case. Subparts (a), (b), (c), (e), (f), and (g) restate the discrimination, harassment, failure to accommodate, interactive process, and failure-to-prevent theories already pleaded

in Claims 1 through 5 and Claim 7. Subpart (i) invokes CFRA leave under Government Code § 12945.2, an entirely new statutory theory that was not in the original Complaint and was not authorized by the Court's Order. These sub-parts should be stricken as either duplicative or unauthorized.

Even if the Court permits the new claim, it fails to state a plausible cause of action. FEHA retaliation under § 12940(h) requires that the employee have opposed conduct reasonably believed to violate FEHA's anti-discrimination provisions. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). The FAC identifies three categories of protected activity, none of which is adequately alleged.

First, the FAC asserts Plaintiff engaged in "taking medical leave (FMLA)." (FAC ¶ 66.) But the FAC does not allege that Plaintiff ever took FMLA leave, that he requested FMLA leave, or that Godfrey Trucking employs 50 or more employees as the FMLA requires. Two days of absence for a gout flare-up is not an FMLA leave request.

Second, the FAC asserts Plaintiff engaged in "requesting accommodations." (Id.) As discussed above, the FAC does not allege that Plaintiff ever requested a specific accommodation for a specific disability.

Third, the FAC asserts Plaintiff made "good faith complaints and/or opposition to discrimination and harassment." (Id.) But the FAC's own description of those complaints belies the characterization. Plaintiff told his supervisor that Pereira "would call and yell at him" and "would constantly pressure drivers to work through their meal breaks." (FAC ¶ 11.) He told Human Resources on December 21 that Pereira was pressuring him to drive while fatigued. (FAC ¶ 16.) Those are complaints about management style and safety regulation violations, not complaints about discrimination based on a protected characteristic. The FAC labels them "discriminatory and/or harassing" (FAC ¶ 11), but the factual content

describes workplace friction and labor-law concerns, not opposition to FEHA-prohibited conduct. *Iqbal*, 556 U.S. at 678.

Plaintiff's § 1102.5 retaliation claim, which Defendant does not challenge in this motion, is based on these same events. That claim survives because § 1102.5 protects employees who refuse to violate a law or report a legal violation generally. FEHA retaliation requires something more specific: opposition to conduct the employee reasonably believed violated FEHA's anti-discrimination protections. The FAC does not allege that Plaintiff ever told anyone he or anyone else was being mistreated because of his age or disability.

## VI. THE HARASSMENT CLAIM

Harassment under FEHA requires conduct "sufficiently severe or pervasive to alter the conditions of [the employee's] employment." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006); *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal. 4th 121, 129–30 (1999). The conduct must be both objectively and subjectively offensive, and it must be directed at the plaintiff because of a protected characteristic. *See Lyle*, 38 Cal. 4th at 279; *Aguilar*, 21 Cal. 4th at 130; *Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830, 869 (2014). California law also draws a fundamental line between harassment and personnel management. "Commonly necessary personnel management actions such as hiring and firing, job or project assignments, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions . . . do not come within the meaning of harassment." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64–65 (1996).

The FAC's allegations against Pereira still fall within the *Janken* catalog. Assigning loads (FAC ¶¶ 14, 15) is a project assignment. Evaluating Plaintiff as "the slowest local driver" (FAC ¶ 13) is a performance evaluation. Pressuring Plaintiff to complete work and skip breaks (FAC ¶ 14) is workload management. Calling to insist work get done (FAC ¶ 15) is a work directive.

Nor does *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), change the result. *Roby* clarified that personnel-management actions may have evidentiary relevance to a harassment claim when they convey a hostile message based on a protected characteristic. *Id.* at 706–09. But *Roby* did not transform personnel management into harassment. The conduct must still be severe or pervasive, and it must communicate hostility because of the protected characteristic. The FAC alleges neither. Questioning whether a medical absence is genuine conveys skepticism about the absence, not animus toward the underlying condition. And isolated expressions of that skepticism, spread across many months and interspersed with the supervisor's own documented praise for Plaintiff's reliability and safety record (FAC ¶ 13), do not approach the severe-or-pervasive threshold *Roby* left intact.

The FAC adds two allegations not in the original Complaint: that Pereira accused Plaintiff of "lying about his doctor's visits" (FAC ¶ 10) and that Pereira "raise[d] his voice and yell[ed] at him over the phone" (FAC ¶ 11). Even crediting these allegations, they do not cross the severe-or-pervasive line. A supervisor questioning whether medical absences are legitimate is attendance management, however unpleasant. Yelling during phone calls about work assignments is rude, but rudeness is not actionable harassment. *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009) (applying analogous severe-or-pervasive harassment standard; isolated incidents of hostile conduct insufficient absent severity or pervasiveness).

The FAC also fails to connect the alleged conduct to a protected characteristic. Harassment must be "because of" the plaintiff's disability or age. *See Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830, 869 (2014) (distinguishing harassment based on a protected characteristic from general workplace conflict). The FAC does not allege that Pereira yelled at Plaintiff because of his age or disability. It does not allege any comment referencing age or disability. It alleges a

supervisor and a driver who did not get along. That is a workplace personality conflict, not disability harassment.

## VII. THE DERIVATIVE CLAIMS

The failure-to-prevent claim (Claim 7) under Government Code § 12940(k) depends entirely on whether the underlying FEHA claims state viable causes of action. *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1314 (2015). If the FEHA claims are dismissed, this claim falls with them.

The wrongful termination claim (Claim 8) is derivative of both the FEHA claims and the § 1102.5 claim. To the extent it rests on FEHA theories of age or disability discrimination, it fails for the same reasons those claims fail. To the extent it rests on the § 1102.5 theory, Defendant does not seek dismissal of that component in this motion.

## VIII. LEAVE TO AMEND SHOULD BE DENIED

This is Plaintiff's second attempt to state these claims. The Court identified specific deficiencies, gave Plaintiff a deadline, and ordered a redlined version showing all changes. Plaintiff missed the substance of the order. The age discrimination claim repeats the same conclusory allegations verbatim. The disability claims add no material new facts. The accommodation and interactive process claims are unchanged. Where a plaintiff has had two opportunities to state a claim and has failed both times, further amendment is futile. *Zucco Partners v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Start with what the Court asked for. On disability, the Court directed Plaintiff to plead a qualifying disability, its specific limitations, disclosure to a decisionmaker, and a nexus to the termination. Plaintiff had facts on each point in the original Complaint. He deleted them.

He deleted the September 2023 Ashley Furniture assignment, the "pre-existing back condition," and the allegation that he was "unable to safely perform"

the heavy lifting it required. (Dkt. 21-1 at 8 of 30.) That passage was the FAC's only description of a physical limitation tied to an actual job demand. Gone.

He deleted the September 18, 2023 email exchange, in which Pereira reported the refusal to Human Resources and Kathy Dang replied that the company should look "for a new driver." (Dkt. 21-1 at 9 of 30.) That exchange was the closest the pleading came to disclosure to a decisionmaker and a nexus to the termination. Gone.

And he deleted the "Conditions for Employment" letter issued November 5, 2021, and signed November 9, 2021, in which Plaintiff acknowledged he "may be required to run over the road or on a relay to assist the fleet 'out of state.'" (Dkt. 21-1 at 6–7 of 30.) That document spoke to the scope of his position. Gone.

The pattern is not subtle. Given a roadmap to the facts the Court said were missing, Plaintiff erased the facts he already had. When the second try at a pleading subtracts facts where the Court told Plaintiff to add, it's unclear how Plaintiff can conjure up new facts to fix the problem.

Amendment to add Pereira would also be futile, for a reason independent of the scope of the Court's order. (See supra Part V.A.) A plaintiff may not sue an individual under FEHA unless the individual was identified in his administrative charge before the Civil Rights Department, either as a charged party or sufficiently in the body of the charge to give notice of the alleged violation. *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 116–18 (2002); *Valdez v. City of Los Angeles*, 231 Cal. App. 3d 1043, 1061–62 (1991). Plaintiff did not. His CRD charge, filed January 13, 2025, named only Godfrey Trucking, Inc. and Scott Godfrey. (Defendant's Request for Judicial Notice, Exs. A–B.) His amended CRD charge, filed February 4, 2026, again named only Godfrey Trucking and Scott Godfrey, and changed nothing but the company's address. Pereira appears nowhere in either charge: not in the caption, not in the body, not in the narrative. And the CRD confirmed that the amendment bought Plaintiff nothing new, advising that it

"is not a new Right to Sue letter" and that the original January 13, 2025 notice "remains the only such notice provided by the CRD." The administrative door is closed. There is no remedy left for Plaintiff to exhaust as to Pereira. The irony is hard to miss: Plaintiff dropped the one individual he had charged (Godfrey) and substituted one he never charged at all (Pereira). Nor has Pereira ever been served. He is a defendant in name only, added by a stray find-and-replace, against whom no administrative remedy was ever pursued. The claims against Pereira cannot be cured, and leave to add him should be denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Claims 1, 2, 4, and 5 should be dismissed with prejudice. The claims against Pereira and the new FEHA retaliation claim (Claim 6) should be stricken or dismissed. The failure-to-prevent claim (Claim 7) and the FEHA-based component of the wrongful termination claim (Claim 8) should be dismissed without prejudice to the extent they are tethered to the § 1102.5 claim.

## IX.   CONCLUSION

The Court gave Plaintiff a roadmap. The FAC ignores it. Worse, it deletes facts the original complaint had, in the very areas the Court flagged as insufficient. The age claim has no comparator and no non-conclusory facts. The disability claims have no qualifying disability, no causal connection to the termination, and no accommodation request. The harassment claim describes personnel management, not conduct severe or pervasive enough to alter the conditions of employment. The new FEHA retaliation claim was added without leave and fails on the merits because the FAC's own description of Plaintiff's complaints shows he was reporting safety violations, not opposing FEHA-prohibited discrimination. The Court should grant this Motion.

DATED: May 29, 2026

**FABIAN VANCOTT**

*/s/ Philip D. Dracht*
By: Philip D. Dracht

Tanner J. Bean
Attorney for Defendant,
GODFREY TRUCKING, INC.

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6**

Pursuant to Local Rule 11-6, the undersigned hereby certifies that this Memorandum of Points and Authorities contains approximately 3848 words, excluding the caption, tables, signature block, and this certification, as calculated by the word-processing program used to prepare this document. The memorandum complies with the page and word limits set forth in Local Rule 11-6.

*/s/ Philip D. Dracht*

**PROOF OF SERVICE**

I, Philip D. Dracht, hereby certify that on May 29, 2026, I electronically filed the foregoing document along with the concurrently filed Request for Judicial Notice with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notifications in this case.

*/s/ Philip D. Dracht*