Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
Michael Zelman (SBN 297682)
mzelman@scllgpc.com
Sandy Sikavi (SBN 346964)
ssikavi@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**
15760 Ventura Blvd., Suite 880
Encino, CA 91436
 (424) 231-2366 Telephone
(323) 319-5148 Facsimile

Attorney for Plaintiff,
JORGE ESCOBEDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCOBEDO,<br><br>            Plaintiff,<br><br> vs.<br><br>GODFREY TRUCKING, INC., (a California Corporation), ALEX PEREIRA (an individual); DOES 1-100, inclusive,<br><br>            Defendants. | **CASE NO:** 5:26-cv-929<br><br>**PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:          June 29, 2026<br>Time:          9:00 a.m.<br>Courtroom.    1<br><br>Complaint Served: January 27, 2026<br>Complaint Amended: February 5, 2026<br>Complaint Removed to Federal Court: February 26, 2026<br>Trial Date: None Set<br><br>Assigned for All Purposes to Honorable Jesus G. Bernal |

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

  1.    SUMMARY OF PLAINTIFF'S ARGUMENT ...................................................1

  2.    FACTUAL BACKGROUND.............................................................................1

      A. The Underlying Case ...............................................................................1

  3.    ARGUMENT .....................................................................................................2

      A.) The FAC Adequately States a Claim for Age Discrimination .....................2

      B.) Gout is a Qualifying Disability Under FEHA ...............................................4

      C.) The FAC Adequately Pleads Employer Knowledge and a Nexus to Termination .....................................................................................................5

      D.) The Accommodation and Interactive Process Claims Are Adequately Alleged .............................................................................................................6

      E.) Alex Pereira Was Properly Added Under Rule 15's Liberal Amendment Standard. ...........................................................................................................7

      F.) The Standalone FEHA Retaliation Claim is Proper and Well-Pleaded.........8

      G.) The FAC Adequately States a Claim for Harassment.................................10

      H.) The Derivative Claims Survive if the Underlying FEHA Claims Survive .11

      I.) Leave to Amend Should be Granted ...........................................................11

  4.    CONCLUSION.................................................................................................12

## **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)............................................................2, 3, 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).......................................2, 3, 12

*Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). ...............................................2

*Eminence Cap., L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)....................2

*Foman v. Davis*, 371 U.S. 178, 182 (1962). ...........................................................7, 9, 10

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)..............................2, 11, 12

*Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264 (2006) .......................................11

*Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) ..............................................................11

*Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012). ..................2, 3

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### 1.  SUMMARY OF PLAINTIFF'S ARGUMENT

Plaintiff Jorge Escobedo ("Plaintiff") hereby submits his Memorandum of Points and Authorities in Opposition to Defendant's Godfrey Trucking, Inc. ("Defendant") Motion to Dismiss the First Amended Complaint.  Defendant's Motion misreads the pleadings, misstates the governing standard, and demands a level of factual detail that neither Rule 8 nor this Court's May 5, 2026 Order ("Order") requires. The FAC pleads a consistent, chronologically specific narrative: a 48 year old driver with a documented medical condition was subjected to more than two years of escalating hostility from his supervisor—specifically targeting his medical absences—and was fired the day after he refused to violate federal safety regulations and reported that conduct to Human Resources. That narrative, taken as true and construed in Plaintiff's favor as the law requires, supports each surviving claim.

Defendant's motion does two things. **First**, it demands that Plaintiff plead facts beyond what Rule 8 and this Court's Order required, ignoring the actual content of the FAC and the liberal pleading standard that governs at this stage. **Second**, it raises procedural objections to the addition of Alex Pereira and the standalone FEHA retaliation claim that are overstated. For the reasons set forth below, the Motion should be denied in its entirety, and all claims in the FAC should be permitted to proceed.

### 2.  FACTUAL BACKGROUND

#### A.  The Underlying Case

Escobedo brings this action against his former employers. The Complaint was filed on December 19, 2025. Escobedo drove trucks for Godfrey Trucking for over four years without a single write-up. Starting in March 2022, the Plaintiff developed gout in his foot which took an effect on his physical ability to perform certain tasks at his job. On December 21, 2023, Escobedo told his supervisor he was too fatigued to drive after being denied a meal break, and in response the company owner personally called and pressured him to complete loads.  On December 22, 2023, the Plaintiff was terminated. The

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

Complaint alleges that this termination, and a pattern of harassment preceding it, were substantially motivated by Plaintiff's age, disability, and protected safety complaints.

## 3.  ARGUMENT

A complaint survives a Rule 12(b)(6) motion if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the plausibility standard does not require factual allegations—it requires only that the facts alleged raise a reasonable inference that the defendant is liable. *Bell Atlantic Corp.*, 550 U.S. 544, 570.

Further, the Court must accept all material allegations as true and construe them in the light most favorable to the plaintiff. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Employment discrimination claims in particular are assessed under a "flexible" standard; Plaintiff is not required to plead every element of a *McDonnell Douglas* prima facie case to survive a motion to dismiss. *Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012).

Last, where amendment of a complaint was permitted, Rule 15's liberal policy applies. Leave to amend "shall be freely given when justice so requires," and this policy is to be "applied with extreme liberality." *Eminence Cap., L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### A.)     The FAC Adequately States a Claim for Age Discrimination.

The Defendant argues that the FAC must fail on Plaintiff's claims for Age Discrimination because it does not allege that Plaintiff was replaced by a substantially younger employee. This argument conflates the pleading standard with the ultimate burden of proof and demands more than the law requires at this stage.

-2-

Defendant invokes *Iqbal* and *Twombly* to argue that Plaintiff's factual allegations are conclusory and insufficient. But Defendant applies those standards too aggressively in the employment discrimination context. The Ninth Circuit in *Sheppard*— which Defendant itself cites — held that *Twombly* and *Iqbal* do not require a plaintiff to plead every element of a *McDonnell Douglas* prima facie case. The *Iqbal* standard requires "plausibility," not probability, and courts must draw all reasonable inferences in Plaintiff's favor. Defendant uses *Iqbal* to demand a level of factual specificity (replacement allegation, named comparators, specific accommodation request) that the case does not require at the pleading stage. Critically, *Iqbal* prohibits courts from treating *legal conclusions* as true. It does not require that facts be corroborated or detailed to a pre-discovery standard. The FAC's factual allegations are precisely the kind of concrete factual content *Iqbal* deems sufficient. What is required is that the facts pled make discriminatory motive plausible. The FAC does that.

The FAC alleges that Plaintiff is 48 years old and has been employed at Godfrey Trucking since 2019; that over the relevant period Defendant discharged older employees with greater frequency than younger employees, hired fewer employees over the age of 40, and gave better jobs and benefits to younger employees; that Plaintiff was subjected to a sustained pattern of hostile treatment by a supervisor who is eight years his junior; and that Plaintiff was ultimately fired in circumstances where a younger employee— Pereira—was expressly backed by ownership over Plaintiff. The voicemail from CEO Scott Godfrey himself, stating "Alex is 'our guy'" and they have to "get this shit done," is alleged in the FAC and supports a plausible inference that youth drove Defendant's decision to choose Pereira's account over Plaintiff's. These are concrete, chronologically anchored factual allegations, not mere legal conclusions.

In its Motion, Defendant relies heavily on the absence of a "replacement" allegation, but replacement is one path—not the only path—to an inference of discriminatory motive. At the pleading stage, the question is whether the allegations as a whole, taken together, plausibly suggest that age was a substantial motivating factor. The FAC's allegations

-3-

regarding Defendant's pattern of favoring younger employees, the supervisor's persistent hostility directed at a 48-year-old employee and not others, and Defendant's decision to side with the younger supervisor and terminate the older driver on the day after a confrontation—taken as true—cross the plausibility threshold.

Further, Defendant cites *Guz* for the proposition that a plaintiff's "subjective belief that a neutral comment was age-related does not make it so." *Guz* is a summary judgment case, not a pleading case. Its holding addressed what evidence is legally sufficient to defeat summary judgment — not what a plaintiff must plead in a complaint to survive a 12(b)(6) motion. Applying *Guz*'s summary judgment framework to a pleading-stage motion conflates the standard governing the sufficiency of a complaint with the standard governing the sufficiency of evidence. At the pleading stage, the Court asks only whether the allegations, taken as true, support a plausible inference. *Guz* does not authorize dismissal merely because a defendant can offer an alternative neutral explanation, that is a factual dispute for a later stage.

As such, dismissal with prejudice is inappropriate where amendment to add a comparator or replacement allegation, if the Court deems it necessary, remains available.

### B.)	Gout is a Qualifying Disability Under FEHA

The Defendant argues that the FAC fails to identify a qualifying disability. This misreads both the FAC and FEHA's broad definition of disability.

**First**, the FAC specifically alleges that in March 2022, Plaintiff began experiencing "severe pain in his foot, limiting his ability to put any weight on it or walk," that the condition was diagnosed as gout, and that Plaintiff required medical treatment and missed work as a result.

FEHA defines "physical disability" to include any physiological condition affecting one or more body systems that limits a major life activity. Walking and bearing weight are, without question, major life activities. Severe foot pain that prevents ambulation is a qualifying physical disability under FEHA's expansive definition, a definition that is "broadly construed" by California courts.

-4-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

Thus, the allegation of gout with described functional limitations satisfies the pleading requirement that the Court identified in the Order.

**Second**, the Defendant's argument that the FAC is "worse" than the original Complaint because it deleted the back condition misses the point. A plaintiff need not allege every disability ever experienced; alleging one qualifying disability, specifically identified and connected to functional limitations and employer conduct, is sufficient. The FAC does precisely that.

**C.)    The FAC Adequately Pleads Employer Knowledge and a Nexus to Termination**

The Defendant argues that the FAC does not connect Plaintiff's disability to the termination; however, the FAC's factual allegations, read together and in Plaintiff's favor, plausibly support that nexus.

The FAC alleges that Pereira sent an email to Human Resources expressing skepticism about Plaintiff's gout diagnosis, writing: "It is hurting me, I was not expecting to lose the driver this week ... seems weird to me. First it was gout, then ankle sprain." This email demonstrates not only that the employer had direct, documented knowledge of Plaintiff's condition, but that his supervisor communicated that knowledge with expressed hostility to Human Resources. That same supervisor subsequently escalated his harassment of Plaintiff throughout 2023, and it was that supervisor's account that the company relied on when it terminated Plaintiff the day after Plaintiff again asserted his rights.

The FAC thus alleges a documented chain: Plaintiff disclosed his disability to his supervisor; his supervisor responded with suspicion and hostility that he documented in writing and sent to HR; that hostility escalated over the following months; and the same supervisor's complaint directly precipitated Plaintiff's termination. At the pleading stage, these allegations are more than sufficient to raise a plausible inference that disability was a motivating factor.

///

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

**D.)    The Accommodation and Interactive Process Claims Are Adequately Alleged**

Defendant argues that the FAC fails to identify a specific accommodation request.

In fact, the FAC alleges that Escobedo requested accommodation in the form of time off to attend medical appointments, and in response Pereira harassed him regarding his request and accusing him of lying about his appointments.

Pereira persistently pressured Plaintiff to perform work despite his medical condition, that Pereira's documented email acknowledged Plaintiff's refusal based on inability to perform certain physical tasks, and that Plaintiff requested and received time off for medical treatment—a form of accommodation.

The FAC further alleges that despite Defendant's knowledge of Plaintiff's condition, it took no steps to accommodate him and instead terminated his employment when he sought time off. These allegations, accepted as true, adequately plead that Defendant had knowledge of a physical limitation and took no steps to discuss or provide any accommodation, in violation of Government Code sections 12940(m) and 12940(n).

Defendant cites *Gelfo* and *Scotch* to argue that the accommodation and interactive process claims require the employee to have communicated a specific accommodation need to the employer. However, *Gelfo* and *Scotch* both address the substantive elements of those claims at trial or summary judgment, not the pleading standard. More importantly, both cases recognize that an employer's *knowledge* of a disability and its functional impact can trigger the duty to engage in the interactive process even without a formal accommodation request. The FAC alleges precisely that: Pereira had direct, documented knowledge of Plaintiff's gout and its impact on his ability to work (his own email to HR demonstrates this), and Defendant took no steps to engage in any interactive process. Whether Plaintiff used the magic words "I request an accommodation" is a fact-intensive inquiry that *Gelfo* and *Scotch* themselves do not reduce to a checklist for pleading purposes.

///

-6-

**E.)      Alex Pereira Was Properly Added Under Rule 15's Liberal Amendment Standard**

Defendant argues that adding Pereira exceeds the scope of the Court's Order and is improper under Rule 21. But the Court's Order did not expressly prohibit the addition of new parties; it granted leave to file an amended complaint.

Under Rule 15, leave to amend, "the court should freely give leave when justice so requires." The only bases for denial are undue delay, bad faith, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those factors is present here.

**First**, Pereira is not a stranger to this litigation. He is the central actor in every factual allegation in this case: he is the supervisor who sent the documented hostile email questioning Plaintiff's gout diagnosis, who escalated the harassment over two plus years, who pressured Plaintiff to violate federal safety regulations on December 21, 2023, and whose account of events the company accepted when it terminated Plaintiff the following day. His conduct is described at length in the original Complaint and in the Court's own factual summary in the Order. Adding him as a named individual defendant is not a departure from the case already before the Court—it is a clarification of who is responsible for the conduct already pled.

**Second**, Defendant separately contends that Pereira was not named in Plaintiff's CRD charge and therefore cannot be individually sued under FEHA. Plaintiff acknowledges that the CRD charges named Godfrey Trucking and Scott Godfrey by caption. However, the body of the administrative charge narrative described Pereira's conduct in detail sufficient to provide notice and to exhaust administrative remedies as to the claims arising from his personal conduct as the harassing supervisor. Courts have recognized that FEHA's exhaustion requirement is satisfied where the individual's conduct is sufficiently described in the charge's narrative, even if not captioned as a respondent. To the extent the Court has any doubt on this point, Plaintiff respectfully requests leave to amend to address it.

Further, Defendant's relies on *Medix* and *Valdez*. However, *Medix* and *Valdez* both involved individuals who were genuinely absent from the administrative record; they were

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

not named in the charge caption, and their conduct was not described in the charge narrative. The operative question under those cases and the FEHA exhaustion doctrine is whether the individual received sufficient *notice* through the administrative process to allow the claims to proceed. Where an individual's conduct is described with specificity in the charge narrative, even if not in the caption, courts have found exhaustion satisfied. The argument here depends entirely on what Plaintiff's CRD charge narrative actually says about Pereira's conduct. If the narrative describes his harassing actions in detail, *Medix* and *Valdez* do not mandate dismissal.

**Third**, Plaintiff also acknowledges the drafting error in Paragraph 2(b) of the FAC, where Alex Pereira is defined with the parenthetical "('Godfrey')" and the term "Godfrey" is used inconsistently. This is a scrivener's error resulting from an incomplete find and replace, not a substantive deficiency. The Court has ample authority to treat it as such rather than as grounds for dismissal.

**Fourth**, Defendant cites *Gerritsen* and *Fields* to argue that new parties and claims added beyond the scope of an order granting leave to amend must be stricken. Both cases are distinguishable. In *Gerritsen*, the new claims were entirely unrelated to the original allegations. Here, Pereira is not a new actor, he is the central figure in every factual allegation the Court reviewed and summarized in its own Order. Adding him as a named defendant does not expand the factual scope of the case at all. *Fields* similarly involved a situation where the added defendants had no prior connection to the pending claims. The rule these cases reflect is a case management principle aimed at preventing plaintiffs from transforming a narrow amended pleading into a vehicle for collateral new litigation, not a tool to prevent naming the specific individual whose conduct is already the subject of every surviving claim in the case.

**F.)    The Standalone FEHA Retaliation Claim is Proper and Well-Pleaded**

Defendant argues that the Retaliation Claim was not authorized by the Court's Order and that it duplicates other claims. Neither is correct.

The original Complaint contained FEHA retaliation as a sub-theory within multiple

-8-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

claims, including the disability discrimination and failure to prevent claims that the Court dismissed with leave to amend. In granting leave to amend those claims, the Court necessarily authorized Plaintiff to re-plead the retaliation theory underlying them. Separating that theory into a standalone cause of action under Government Code section 12940(h) does not add a new legal theory to the case; it organizes a theory already pled into its own claim, which is consistent with the structure courts routinely encourage for clarity of pleading.

On the merits, the FAC adequately pleads FEHA retaliation. The FAC alleges that Plaintiff engaged in protected activity on multiple occasions: he complained to supervisor Neil Sebring in 2021 and 2022 about Pereira's harassing conduct, specifically including conduct Plaintiff characterized as discriminatory; he complained to Human Resources on December 21, 2023; and he requested medical leave and time off for treatment of his medical condition. The FAC further alleges that his employment was terminated the day after he made an HR complaint and refused to comply with Pereira's demands. Temporal proximity between protected activity and an adverse employment action supports an inference of causation at the pleading stage. The FAC's allegation that Defendant sided with Pereira and terminated Plaintiff the very next day—despite having no prior disciplinary record against Plaintiff—makes retaliation plausible on its face.

Defendant argues that Plaintiff's complaints were about "management style" rather than FEHA protected activity. This characterization of the FAC's allegations is not accurate. The FAC expressly alleges that Plaintiff complained to Sebring about "Pereira's discriminatory and/or harassing behavior" and that Plaintiff complained to Human Resources about being pressured to violate laws and about the hostile conditions he was experiencing. Whether those complaints, in context, constituted opposition to FEHA prohibited conduct is a fact intensive question that cannot be resolved on a motion to dismiss.

Further, Defendant invokes *Foman* to support denying leave to add Pereira and to add Claim 6, arguing these exceed the scope of the Court's Order. But *Foman* cuts the

-9-

other way. Its holding is that leave to amend "shall be freely given when justice so requires," and it permits denial only for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party... futility of amendment." *Foman*, 371 U.S. at 182. Defendant cannot demonstrate undue prejudice. Pereira is the central actor in the case, his conduct is the subject of every claim, and he has been on notice of this litigation throughout. There is no undue delay; Plaintiff amended within the Court ordered deadline. And the addition of a standalone FEHA retaliation claim does not introduce a new factual theory, it reorganizes a theory already embedded in the original pleading. *Foman*'s enumerated factors do not support denial here.

### G.)    The FAC Adequately States a Claim for Harassment

Defendant argues that the conduct alleged in the FAC constitutes mere "personnel management" that cannot support a harassment claim. The FAC's allegations, however, go well beyond ordinary supervision.

The harassment alleged spans more than two years, from 2021 through December 2023. It includes: Pereira repeatedly accusing Plaintiff of lying about his doctor's appointments over multiple years; Pereira sending a hostile email to Human Resources expressing pointed suspicion about Plaintiff's gout diagnosis, questioning the genuineness of his medical condition; Pereira regularly yelling at Plaintiff over the phone; Pereira pressuring Plaintiff to skip legally mandated breaks and work through fatigue; and Pereira characterizing Plaintiff in writing in a manner Plaintiff experienced as demeaning based on his age and disability.

Crucially, this conduct was not isolated. It was systematic, directed at Plaintiff specifically, and explicitly linked to Plaintiff's medical condition. Pereira's documented hostility was triggered by and focused on Plaintiff's medical absences and physical limitations.

Defendant relies on *Janken* to argue that assigning loads, evaluating performance, and pressuring Plaintiff to work are personnel management actions that cannot constitute

-10-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

harassment. *Janken*'s personnel management doctrine was substantially qualified by the California Supreme Court in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) — a case Defendant also cites but attempts to limit. *Roby* held that while discrete personnel management acts may not individually constitute harassment, such acts are properly considered as evidence of a hostile work environment when they communicate hostility based on a protected characteristic. The California Supreme Court's own later ruling thus narrows *Janken*'s categorical exclusion, and Defendant cannot simultaneously cite *Roby* while ignoring its qualification of *Janken*.

Here, Pereira's conduct—repeatedly challenging Plaintiff's medical absences, accusing him of dishonesty about his medical condition in writing, and escalating his hostility precisely when Plaintiff asserted his rights under applicable medical leave and safety laws—does exactly that. Whether this conduct is, in totality, "sufficiently severe or pervasive" under the standard of *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264 (2006), is a question of fact inappropriate for resolution on a pleading stage motion. The FAC's detailed, temporally specific allegations cross the threshold of plausibility and must be permitted to proceed.

**H.)    The Derivative Claims Survive if the Underlying FEHA Claims Survive**

The failure to prevent claim and the FEHA based component of the wrongful termination claim are derivative of the FEHA claims. Because the FEHA claims are adequately pled, these derivative claims must also survive. Defendant does not independently challenge the Labor Code § 1102.5 component of the wrongful termination claim, which independently supports the wrongful termination cause of action.

**I.)    Leave to Amend Should be Granted**

Where the Court find any improperly plead claims, Plaintiff requests leave to amend.

Under Rule 15, "the court should freely give leave when justice so requires," and the Ninth Circuit has directed district courts to grant leave "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured." *Lopez*, 203 F.3d at 1127.

-11-

Any deficiency the Court identifies, whether the absence of a specific replacement allegation, a more precise connection between Plaintiff's disability and the adverse action, or the scrivener's error in defining Pereira, is curable. Plaintiff should be afforded the opportunity to cure it rather than have meritorious claims dismissed with prejudice at the threshold.

Defendant relies on *Zucco Partners* to argue that because Plaintiff had two chances to plead and failed both times, further amendment is futile and dismissal with prejudice is warranted. *Zucco Partners* is a securities fraud case decided under the heightened pleading standard of the Private Securities Litigation Reform Act (PSLRA), which imposes mandatory specificity requirements that have no analog in ordinary civil pleading. The PSLRA's heightened standard, not *Iqbal*, governed the *Zucco* analysis, making its futility analysis inapplicable here. In the ordinary Rule 8 context, the Ninth Circuit's standard set out in *Lopez* directs courts to grant leave to amend "unless it determines that the pleading could not *possibly* be cured by the allegation of other facts." That is a far more forgiving standard than *Zucco*'s PSLRA analysis supports.

## 4. CONCLUSION

The FAC pleads a concrete, detailed factual narrative of an older employee with a documented medical condition who was subjected to more than two years of escalating targeted harassment by his supervisor, complained about that conduct, and was fired the day after he reported it to Human Resources. Defendant asks the Court to apply a pleading standard that is more demanding than Rule 8, *Twombly*, and *Iqbal* require, and to resolve fact intensive questions—whether the alleged conduct was "because of" a protected characteristic, whether it was sufficiently pervasive, and whether Plaintiff's complaints constituted protected activity—at the pleading stage. Those are quintessentially jury questions. The Motion should be denied. In the alternative, Plaintiff requests leave to amend.

///

///

-12-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

///

Dated:  June 8, 2026

**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**

By:  /s/  *Sandy M. Sikavi*

Sandy M. Sikavi, Esq.
Taylor M. Prainito, Esq.
Michael Zelman, Esq.
Attorneys for Plaintiff,
JORGE ESCOBEDO

-13-

PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

## **CERTIFICATE OF SERVICE**

I certify that on June 8, 2026, I served a true and correct copy of the foregoing **PLAINTIFF JORGE ESCOBEDO'S OPPOSITION TO DEFENDANT GODFREY TRUCKING, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**, on the following attorneys as follows:

Philip D. Dracht (SBN 219044)
FABIAN VANCOTT
15 W. Carrillo St.
Santa Barbara, CA 93101
Tele: (801) 531-8900

Tanner J. Bean (pro hac vice pending)
FABIAN VANCOTT
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
Email(s):
pdracht@fabianvancott.com
tbean@fabianvancott.com
knielson@fabianvancott.com

by the following indicated method or methods:

__XXX__      BY EMAIL:   I delivered a true and correct copy of the documents(s) to the attorney(s) at the above e-mail address.

Executed this ___8th___ day of June 2026, in the City and County of Los Angeles, State of California.

/s/  *Kimberly Morales*
Kimberly Morales