Philip D. Dracht (SBN 219044)
FABIAN VANCOTT
15 W. Carrillo St.
Santa Barbara, CA 93101
Tele: (801) 531-8900
pdracht@fabianvancott.com

Tanner J. Bean (admitted *pro hac vice*)
FABIAN VANCOTT
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
tbean@fabianvancott.com

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCOBEDO, Plaintiff,<br><br>v.<br><br>GODFREY TRUCKING, INC.; and DOES 1-100, inclusive, Defendants.[1] | Case No.: 5:26-cv-00929-JGB-ACCV<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Complaint Served: January 27, 2026<br>First Amended Complaint Filed: May 15, 2026<br>Complaint Removed to Federal Court: February 26, 2026<br>Trial Date: None Set<br>Hearing Date: June 29, 2026 at 9:00 a.m. |

---

[1] The operative First Amended Complaint names "GODFREY TRUCKING, INC. ... ALEX PEREIRA (an Individual), and DOES 1–100." Plaintiff's amendment dropped Scott Godfrey, originally named as an individual defendant, and added Alex Pereira without seeking leave of Court under Rule 21, as the Court's Order authorized amendment of seven existing claims only. For the reasons set forth in Part II, Pereira is not properly a party, and he has not been served. Godfrey Trucking, Inc. is accordingly the sole moving Defendant.

-1-

## I.    INTRODUCTION

Plaintiff's Opposition spends most of its energy on a fight Defendant did not pick. Defendant does not argue that a plaintiff must prove his case at the pleading stage, plead every element of a prima facie case, or marshal evidence before discovery. Defendant agrees that the Court takes well-pleaded factual allegations in a complaint as true. The Opposition's lengthy defense of those propositions answers an argument no one made.

Fighting a strawman is easier than addressing two of the primary questions raised by Defendant's Motion. First, did Plaintiff add Alex Pereira as a new defendant and cause of action without leave, when the Court authorized amendment of seven existing claims and nothing more? He did. Plaintiff offers no order, stipulation, or Rule 21 authority that permits these additions. Second, can Plaintiff sue Pereira individually under FEHA when Pereira appears nowhere in the administrative charge, not in its caption and not in its body? He cannot. The Opposition rests that claim on a charge narrative Plaintiff neither quotes nor attaches.

On the merits Defendant, in this reply brief, addresses only the few serious arguments that Plaintiff's Opposition raises, and otherwise rests on its Motion. The Court should grant the Motion, strike Pereira and Claim 6, dismiss the FEHA claims against Pereira with prejudice, and dismiss the derivative claims to the extent they rest on dismissed FEHA theories.

## II.    PLAINTIFF ADDED PEREIRA WITHOUT LEAVE AND RULE 15 LIBERALITY DOES NOT CURE A RULE 21 PROBLEM.

The strawman serves a purpose: it fills the space where answers to the Motion's two actual questions belong. Start with the first: the defendant Plaintiff added without leave. The new filings make the problem worse, not better. Plaintiff's own declaration, filed the same day as the Opposition, captions this case against Godfrey Trucking, Inc. and *Scott Godfrey*, the individual Plaintiff says he

dropped. The Opposition captions it against Pereira. The operative pleading defines Pereira as "Godfrey." Three documents, three different answers to the simplest question in any case: who is the defendant? That confusion is the direct product of adding a party the Court never authorized.

Plaintiff's answer to the unauthorized amendment problem is a single sentence: the Court's Order "did not expressly prohibit the addition of new parties." That inverts the rule. Leave to amend claims is not leave to add parties. Adding or dropping a party requires a court order under Rule 21, on terms the court deems just, or the opposing party's written consent under Rule 15(a). Plaintiff sought neither. The question is not whether the Order forbade new parties but whether it *authorized* them. It did not.

An order granting leave to cure pleading defects in existing claims does not silently authorize a plaintiff to enlarge the case with a new party he could have named earlier. Courts in this district strike new parties added beyond the scope of the leave granted. *See Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015) (striking matter that "exceed[s] the scope of leave to amend granted by the court"); *Peguero v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:20-cv-05889-VAP (ADSx), 2021 WL 2910562, at *5 (C.D. Cal. Apr. 26, 2021) (striking three new plaintiffs whose addition "exceeds the scope of the leave to amend"); *see also Fields v. Bank of N.Y. Mellon*, No. 17-cv-00272-JST, 2017 WL 5665404, at *3 (N.D. Cal. Nov. 27, 2017) (striking new defendants added without authorization). The Court's May 5 Order granted leave to amend seven enumerated claims. It said nothing about adding defendants.

Plaintiff's argument—that Pereira is "the central actor" rather than a stranger—misses what those cases hold. The problem is procedural, not factual. The rule does not turn on how familiar the new defendant is with the events; it turns on whether the plaintiff obtained leave to add him. If anything, Plaintiff's point cuts against him: if Pereira has been "the central actor" since 2021, Plaintiff

REPLY ISO MOTION TO DISMISS FAC

could have and should have named him in the original Complaint and in the CRD charge, but chose not to. Rule 15's liberality and the "extreme liberality" language Plaintiff quotes from *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), governs whether leave *should be granted*. It does not convert an amendment filed without leave into one filed with it. The Court should strike Pereira from the FAC as an unauthorized amendment.

## III.    THE STANDALONE RETALIATION CLAIM EXCEEDS THE SCOPE OF THE ORDER FOR THE SAME REASON.

Plaintiff says the Court "necessarily authorized" a new standalone retaliation claim when it granted leave to re-plead the claims that contained retaliation as a sub-theory. Not so. The Order authorized amendment of seven existing claims. Plaintiff's freestanding cause of action under Government Code § 12940(h), pleaded for the first time as Claim 6, is a new claim, not a repair of an old one. If Plaintiff wanted to add it, he needed to ask. The same principles that govern the addition of Pereira govern the addition of Claim 6.

Plaintiff's reliance on *Foman v. Davis*, 371 U.S. 178, 182 , 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), does not help him. *Foman* describes when leave to amend should be granted on request. It does not hold that a party may add claims and parties without a request at all. Defendant does not quarrel with *Foman*'s standard; Plaintiff simply never invoked it at the proper time: he never moved for leave.

## IV.    THE FEHA CLAIMS AGAINST PEREIRA FAIL FOR LACK OF EXHAUSTION.

Even if the Court were to retroactively grant Plaintiff permission to amend his Complaint to include Pereira, the Court should still dismiss the FEHA claims against Pereira because Plaintiff has failed to administratively exhaust those claims against him. Plaintiff's exhaustion argument depends entirely on a fact he never establishes. He concedes the CRD charges "named Godfrey Trucking and Scott Godfrey by caption," but contends the "body of the administrative charge narrative

described Pereira's conduct in detail." Then comes the tell. Plaintiff writes that his argument "depends entirely on what Plaintiff's CRD charge narrative actually says about Pereira's conduct," and that if "the narrative describes his harassing actions in detail," dismissal is not required. Those are large ifs and Plaintiff does nothing to answer them.

Defendant attached to its Request for Judicial Notice (Dkt. 22-1) both right-to-sue packages, the original charge dated January 13, 2025, and the amended charge dated February 4, 2026, to the Request for Judicial Notice. Pereira appears in neither; not in the caption, not in the body, and not in the narrative. The charges name only Godfrey Trucking and Scott Godfrey. The amended charge changed one thing—an address—and added no respondent and no new factual narrative. So, the "if" on which Plaintiff's argument rests is resolved on the face of those documents. Pereira simply does not appear.

That defeats the FEHA claims against Pereira as a matter of law. A plaintiff may not sue an individual under FEHA unless the individual was identified in the administrative charge, either as a named respondent or with sufficient specificity in the body of the charge to give notice. *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 116–18 (2002); *Valdez v. City of Los Angeles*, 231 Cal. App. 3d 1043, 1060–61 (1991). Plaintiff says *Medix* and *Valdez* involved individuals "genuinely absent from the administrative record." So is Pereira. That is the point.

This defect cannot be cured by amendment, so dismissal should be with prejudice. Exhaustion is measured by what the charge said and the time to amend the charge has passed. Plaintiff cannot retroactively place Pereira in a charge that closed and his request for leave "to address it" cannot rewrite the administrative record.

REPLY ISO MOTION TO DISMISS FAC

## V. THE OPPOSITION CONFIRMS THE SUBSTANTIVE PLEADING DEFECTS IN THE FEHA CLAIMS.

Defendant addresses the merits briefly. The Opposition largely confirms the gaps the Motion identified.

### A. *Harassment.* The FAC pleads personnel management, and *Roby* does not convert it into harassment.

Plaintiff leans on *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708–09 (2009), for the proposition that personnel-management acts may serve as evidence of a hostile environment. True, but *Roby* makes those acts *evidence of* harassment; it does not make routine load assignments, break pressure, and yelling about work into actionable harassment by themselves. The conduct must still be severe or pervasive and tied to a protected characteristic. *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006). The FAC does allege that Pereira questioned Escobedo's medical absences in 2022. FAC ¶ 10. What it does not allege is that this continued. The escalation the Opposition describes, in the fall of 2023, is pleaded as pressure over breaks and productivity, not medical absences, and the FAC ties none of it to the gout. FAC ¶¶ 12–15. The Opposition's account of a sustained campaign "targeting his medical absences" through termination is argument the text of the FAC does not support.

### B. *Accommodation and interactive process.* The only accommodation identified was requested and received.

Plaintiff says an employer who knows about a disability must start the interactive process even without a formal request. Fine. But the accommodation and interactive process claims (Claims 4 and 5) do not fail for want of magic words, they fail because they do not allege the elements: a communicated need for accommodation and an accommodation or dialogue the employer then withheld. *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 54 (2006); *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1013, 1018–19 (2009). The only condition the

FAC identifies is a single gout episode in March 2022 and the only accommodation it describes is time off for medical appointments, which the Opposition concedes Plaintiff "requested and received." FAC ¶ 10. An accommodation requested and received is not an accommodation denied. Nothing else is pleaded: no recurrence of the gout, no limitation communicated in 2023, no request that went unanswered, and no dialogue that broke down. The fall 2023 allegations concern breaks and productivity, not disability. FAC ¶¶ 12–15. And when Escobedo reported what was happening to Human Resources that December, he was told to take the rest of the day off. FAC ¶ 16. That leaves Paragraph 53's claim that Defendants "wholly failed to attempt any reasonable accommodation," a label without a fact: it identifies no accommodation Plaintiff needed, sought, or was refused. FAC ¶ 53.

**C.    *Derivative claims.* They rise and fall with the FEHA claims.**

Plaintiff agrees the failure-to-prevent claim and the FEHA component of the wrongful-termination claim are derivative. To the extent the underlying FEHA theories against Pereira are dismissed, the derivative claims tied to them fail too. Defendant has never challenged the Labor Code § 1102.5 claim and nothing here disturbs it.

**C.    The Motion's remaining grounds stand unrebutted.**

The Motion identified pleading defects in the FEHA claims the Order allowed Plaintiff to replead. To the extent the Opposition engages those grounds at all, it does so with narrative the FAC does not contain. Defendant rests on the Motion as to each remaining ground.

**VI.    CONCLUSION**

The Court gave Plaintiff leave to fix seven claims. He used it to add a defendant he never sought leave to add and a claim the Order never authorized, while filing papers that do not agree on who the defendants are. On exhaustion, he bet his case on a charge narrative he chose not to show the Court, but the charge that is before

the Court does not mention Pereira at all. The Court should strike Pereira as a defendant and Claim 6, dismiss the FEHA claims against Pereira with prejudice, and dismiss the derivative claims to the extent they rest on dismissed FEHA theories.

Dated: June 15, 2026                    FABIAN VANCOTT

                                        /s/ Philip D. Dracht
                                        By: Philip D. Dracht
                                            Tanner J. Bean
                                        Attorneys for Defendant,
                                        GODFREY TRUCKING, INC.


**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6**

The undersigned, counsel of record for Defendant Godfrey Trucking, Inc., certifies that this Reply does not exceed 12 pages, excluding the caption, table of contents, table of authorities, signature block, and this certification, and therefore complies with the page limit for reply briefs set by the Court's Standing Order and Local Rule 11-6.

Dated: June 15, 2026                    FABIAN VANCOTT

                                        /s/ Philip D. Dracht
                                        By: Philip D. Dracht
                                            Tanner J. Bean
                                        Attorneys for Defendant,
                                        GODFREY TRUCKING, INC.

REPLY ISO MOTION TO DISMISS FAC