UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-929 JGB (ACCVx)** | Date | June 26, 2026 |
|---|---|---|---|
| Title | *Jorge Escobedo v. Godfrey Trucking, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 22); and (2) VACATING the June 29, 2026 Hearing (IN CHAMBERS)**

Before the Court is Defendant Godfrey Trucking, Inc.'s motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ("Motion," Dkt. No. 22.) The Court finds this matter appropriate for resolution without a hearing. <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **GRANTS** the Motion and **VACATES** the June 29, 2026 hearing.

## I.  BACKGROUND

On December 19, 2025, Plaintiff Jorge Escobedo ("Escobedo") filed a complaint against Defendants Godfrey Trucking, Inc. ("Godfrey Trucking") and Scott Godfrey ("Godfrey") in the Superior Court of the State of California for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) The Complaint alleges fourteen causes of action: (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) disability discrimination in violation of FEHA; (3) harassment on the basis of disability in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in the interactive process; (6) failure to prevent discrimination, harassment, and retaliation in violation of public policy; (7) wrongful termination; (8) violation of Labor Code § 1102.5; (9) failure to provide uninterrupted meal breaks; (10) failure to provide uninterrupted rest breaks; (11) intentional infliction of emotional distress; (12) failure to pay all wages due upon termination; (13) violation of Business and Professions Code § 17200 et seq.; and (14) failure to pay overtime compensation. (<u>Id.</u>)

---

On February 26, 2026, Godfrey Trucking and Godfrey (collectively, "Defendants") removed the action to this Court. ("NOR," Dkt. No. 1.) On March 29, 2026, Defendants filed an initial motion to dismiss, which the Court granted. (Dkt. Nos. 11, 20.) The Court dismissed claims one through seven with leave to amend. (Dkt. No. 20 at 4–5.) The Court also dismissed claims nine through fourteen without leave to amend. (Id. at 5–8.)

On May 15, 2026, Escobedo filed a first amended complaint. ("FAC," Dkt. No. 21.) Escobedo added a new claim for retaliation under FEHA and a new defendant, Alex Pereira, and removed Godfrey as a defendant. (Id.)

On May 29, 2026, Godfrey Trucking filed the Motion. (Mot.) On the same date, Defendant Godfrey Trucking filed a request for judicial notice.[1] ("RFJN," Dkt. No. 22-1.) Escobedo opposed the Motion. ("Opposition," Dkt. No. 23.) Godfrey Trucking filed a reply in support of the Motion. ("Reply," Dkt. No. 24.)

## II.  FACTUAL ALLEGATIONS

Plaintiffs allege the following facts, which are assumed to be true for the purposes of this Motion. See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

This case concerns Escobedo's termination from Godfrey Trucking. Escobedo is a 48-year-old man who began working at Godfrey Trucking as a "Local CA Driver" on October 2, 2019. (FAC ¶ 8.) Escobedo regularly worked between 12 and 14 hours per day. (Id. ¶ 8.)

In April 2021, Alex Pereira ("Pereira"), who was Escobedo's direct supervisor, "harassed Escobedo regarding his occasional need for time off for medical appointments." (Id.

---

[1] Godfrey Trucking requests the Court take judicial notice of: (1) the Complaint of Employment Discrimination filed by Plaintiff Jorge Escobedo with the California Civil Rights Department, CRD Matter No. 202501-27706913, dated January 13, 2025, together with the Civil Rights Department's Notice of Case Closure and Right to Sue dated January 13, 2025 (the "original CRD charge"); and (2) the Amended Complaint of Employment Discrimination filed by Plaintiff with the California Civil Rights Department, CRD Matter No. 202501- 27706913, dated February 4, 2026, together with the Civil Rights Department's February 4, 2026 transmittal letter (the "amended CRD charge"). (See RFJN.) A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may consider matters of public record, including "records and reports of administrative bodies." Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991). Given that the complaints and charge letters are matters of public record, the Court **GRANTS** Godfrey Trucking's request.

**CIVIL MINUTES—GENERAL**            Initials of Deputy Clerk mg

¶¶ 9, 10.)  At times, Pereira accused Escobedo of lying about his doctor appointments.  (Id.)  For example, in March 2022, Escobedo told Pereira he had gout and needed to miss work, and Pereira expressed disappointment in being down a driver.  (Id.)  After Escobedo called out, "Pereira persistently engaged in verbal disagreements with Escobedo and would raise his voice and yell at him over the phone."  (Id. ¶ 11.)  Escobedo complained to upper management, but "no corrective action was taken."  (Id.)  However, Pereira was talked to by management.  (Id.)

In an email dated September 18, 2023, Pereira described Escobedo as a "challenge" and that although he has "complaints about him . . . he comes in every day . . . and for the most part [is] reliable."  (Id. ¶ 13.)  Pereria also mentioned Escobedo "is very slow, the slowest driver I have.  But he has had a safe record and he gets us at least 2 loads per day at the Andrus yard or the milk run which helps turn the OTR fleet quicker."  (Id.)

Throughout the fall of 2023, "Pereira would send text messages and call Escobedo, demanding that he skip his breaks in order to pick up additional loads and return to the yard more quickly."  (Id. ¶ 14.)  On December 21, 2023, the situation reached a boiling point when Pereira pressured Escobedo to take another load, even though Escobedo felt fatigued and had not taken his lunch break.  (Id. ¶ 15.)  Escobedo denied the request and took the rest of the day off.  (Id.)  Godfrey then called Escobedo and left a voicemail stating the job needed to get done and that Pereira had informed him the two men had gotten into a screaming match.  (Id.)

The next day, on December 22, 2023, Godfrey, along with a human resources representative, called Escobedo to inform him that he was being terminated, effective immediately.  (Id. ¶ 16.)  The termination letter dated December 22, 2023, mentioned the recurring "workplace conflict" between Escobedo and Pereira.  (Id. ¶ 17.)

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).  Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (internal citation and quotation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## B. Rule 15

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Cap., L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

## IV.  DISCUSSION

## A.  New Claim and New Defendant

Escobedo added a new claim for retaliation (Claim Six) and added a new defendant (Pereira) in the FAC. (See FAC.) However, the Court did not grant Escobedo leave to add parties or claims in its Order on May 5, 2026. (Dkt. No. 20; Rule 15.) If Escobedo wishes to add parties or claims, he must affirmatively seek leave to do so. As such, Claim Six and all claims against Pereira are **STRICKEN**. See DeLeon v. Wells Fargo Bank, N.A., No. 10–CV–01390–LHK, 2010 WL 4285006, *3 (N.D.Cal. Oct. 22, 2010) ("In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

//

//

**CIVIL MINUTES—GENERAL**  Initials of Deputy Clerk mg

### B. Claim One: FEHA Age Discrimination

With respect to age discrimination, Escobedo again fails to allege sufficient facts to state a claim. FEHA prohibits employment discrimination based on protected characteristics, including age. Cal. Gov't Code § 12940(a). "[T]o make out a prima facie case of age discrimination under FEHA, a plaintiff must present evidence that the plaintiff (1) is over the age of 40; (2) suffered an adverse employment action; (3) was performing satisfactorily at the time of the adverse action; and (4) suffered the adverse action under circumstances that give rise to an inference of unlawful discrimination, i.e., evidence that the plaintiff was replaced by someone significantly younger than the plaintiff." Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 321 (2010). "A plaintiff's burden in making a prima facie case of discrimination is not intended to be 'onerous.'" Id. (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Where the alleged adverse employment action is an employee's termination, the employee must establish that he was "replaced by a substantially younger employee with equal or inferior qualifications." Nidds v. Schindler Elevator Co., 113 F.3d 912, 917 (9th Cir. 1997) (quoting Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994), as amended on denial of reh'g (July 14, 1994)).

Again, Escobedo pleads nothing more than conclusory statements of law. (See FAC ¶¶ 26–37.) Notably, Escobedo did not add any new facts regarding his age discrimination claim. (Id.) Additionally, Escobedo appears to misunderstand the pleading standard at this stage. (See Opp'n at 6–7.) Rather than providing factual allegations regarding his experience with age discrimination, Escobedo once again relies on vague allegations that "defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees." (FAC ¶ 28.) Therefore, Claim One is **DISMISSED WITHOUT LEAVE TO AMEND** because Escobedo fails to cure the deficiencies previously identified by the Court.

### C. Claims Two, Three, Four, Five, and Seven: Disability and FEHA-Related

Claims Two, Three, Four, and Five are based on Escobedo's alleged disability, which he conclusively states he "suffered from a disability and/or medical condition." (FAC ¶ 7b.) To plead disability discrimination, Escobedo must allege, "(1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of [his] disability . . . '" Faust v. California Portland Cement Co., 150 Cal. App. 4th 864, 886 (Cal. Ct. App. 2007). FEHA defines a physical disability as a physiological condition that affects one or more body systems, including the neurological and musculoskeletal systems. Cal. Govt. Code § 12926(m)(1)(A). The disability must also limit a major life activity. Id. § 12926(m)(2)(B). "Major life activities" is broadly construed and includes "physical, mental, and social activities and working." Id. § 12926(m)(1)(B)(iii).

Escobedo now alleges "that he believed he had gout in his foot and needed to miss work . . . to seek medical treatment." (FAC ¶ 10.) But an instance of believing he has gout is insufficient to plead a physical disability under FEHA. Without sufficient factual allegations

regarding his experience with gout, it is unclear whether gout makes the achievement of a major life activity difficult. Escobedo also does not allege any limitations gout had on his ability to work, nor ever suggests that he required accommodations on account of his gout. See McKenna v. Permanente Med. Grp., Inc., 894 F. Supp. 2d 1258, 1278 (E.D. Cal. 2012) (finding dismissal appropriate where a plaintiff was "vague as to her alleged disability and fail[ed] to identify it precisely"). This suggests that Escobedo's gout-related pain is the type of condition excluded under FEHA, as having "little or no residual effect." Cal. Code Regs. tit. 2, § 11065(d)(9)(B). Moreover, "[v]ague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the [FEHA]." Featherstone v. S. California Permanente Med. Group, 217 Cal. Rptr. 3d 258, 273 (Cal. App. 2d Dist. 2017) (citation omitted); see also King v. Permanente Med. Group, Inc., No. CIV. 2:13-01560 WBS, 2013 WL 5305907, at *7 (E.D. Cal. Sept. 19, 2013) (dismissing plaintiff's disability discrimination claim where allegations that she took sick leave on three occasions over the course of three months were insufficient to "impute knowledge of her alleged disability to defendant"). Also fatal to Escobedo's claim is the lack of allegations connecting his March 2022 gout experience to his termination in December 2023. It is not enough for Escobedo to plead that his employer was aware of his health issues during one week of his employment. See id. Escobedo also undermines his own disability discrimination claims: in the days leading up to Escobedo's termination, Escobedo does not allege that he needed a day off because of his gout; instead, he states that he "informed Pereira that given his fatigued condition, he needed to take the rest of the day off." (FAC ¶ 15.) Therefore, Claims Two, Three, Four, and Five are **DISMISSED WITHOUT LEAVE TO AMEND** because Escobedo fails to cure the deficiencies previously identified by the Court.

Additionally, given that Escobedo's Seventh Claim for failure to prevent discrimination, harassment, and retaliation in violation of FEHA is based on disability and age (see FAC ¶ 66), this claim necessarily fails as Escobedo has failed to allege a FEHA claim on each basis. Therefore, Claim Seven is **DISMISSED WITHOUT LEAVE TO AMEND**.

### D. Claim Eight: Wrongful Termination in Violation of Public Policy

"Under California common law, although 'an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy.'" Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 748 (9th Cir. 2011) (quoting Silo v. CHW Med. Found., 45 P.3d 1162, 1166 (Cal. 2002)). This "public policy exception to the at-will employment rule must be based on policies carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions." Silo, 45 P.3d at 1166 (internal quotation marks omitted). "The elements for this tort are (1) the existence of a public policy and (2) a nexus between the public policy and an employee's termination." Lucent Techs., Inc., 642 F.3d at 749.

Here, Escobedo's wrongful termination claim is derivative of his FEHA claims. To the extent Escobedo's wrongful termination claim is based on theories of discrimination and harassment based on age or disability (see FAC ¶ 81), the claim fails for the same reasons those

underlying claims fail, as discussed above.  <u>See, e.g.</u>, <u>Horn v. Azusa Pac. Univ.</u>, 2019 WL 9044606, at *9 (C.D. Cal. Jan. 14, 2019).  Therefore, Claim Eight is **DISMISSED WITHOUT LEAVE TO AMEND**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Godfrey Trucking's Motion.  Escobedo shall file an amended complaint by July 6, 2026.  To be clear, the amended complaint shall only reflect the changes ordered by the Court in this Order.  At this time, Escobedo's only remaining claim is Claim Nine for violation of Labor Code § 1102.5.  Escobedo is further instructed to include as an exhibit a redlined version of the amended complaint reflecting all changes made.  Failure to comply with this order could result in sanctions, including dismissal of the complaint with prejudice.

**IT IS SO ORDERED.**