Philip D. Dracht (SBN 219044)
Tanner J. Bean (admitted pro hac vice)
**FABIAN VANCOTT**
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tel: (801) 531-8900
Email:      pdracht@fabianvancott.com
             tbean@fabianvancott.com

Attorneys for Defendant Godfrey Trucking, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCOBEDO,<br><br>Plaintiff,<br><br>vs.<br><br>GODFREY TRUCKING, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 5:26-cv-00929-JGB-ACCVx<br><br>**DEFENDANT GODFREY TRUCKING, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: December 19, 2025<br>Removed: February 26, 2026<br>SAC Filed: July 6, 2026<br><br>Trial Date: None Set |

Defendant Godfrey Trucking, Inc. ("Defendant" or "Godfrey Trucking") answers Plaintiff Jorge Escobedo's Second Amended Complaint ("SAC") as follows. Except as expressly admitted below, Defendant denies each allegation of the SAC.

## RESPONSE TO UNNUMBERED "SUMMARY" PARAGRAPH

The SAC's unnumbered Summary paragraph consists of characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's employment with Godfrey Trucking ended on December 22, 2023, denies that the termination was wrongful, and denies that Plaintiff is entitled to any of the damages, interest, fees, or costs requested.

Defendant further denies that Government Code section 12965(b) applies to any claim remaining in this action.

## RESPONSES TO THE NUMBERED PARAGRAPHS

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and on that basis denies them.

2. Defendant admits that it is a Utah corporation authorized to do business in California. Paragraph 2(b) states legal conclusions concerning fictitiously named defendants to which no response is required; to the extent a response is required, Defendant denies that any fictitiously named defendant is responsible for any wrong or damage alleged in the SAC. Paragraph 2(c) states a naming convention to which no response is required.

3. Paragraph 3, including subparagraphs (a) through (h), states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Godfrey Trucking employed Plaintiff from October 2, 2019, to December 22, 2023, and denies the remaining allegations of Paragraph 3, including all allegations of agency, aiding and abetting, ratification, alter ego, and unity of interest.

4. Denied.

5. Paragraph 5 states legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District and denies the remaining allegations of Paragraph 5, including any suggestion that the Fair Employment and Housing Act applies to the sole remaining claim.

6. Defendant admits that Plaintiff worked for Godfrey Trucking in California and that his duties at times included deliveries in Los Angeles County. Defendant denies the remaining allegations of Paragraph 6.

7. Defendant admits that Plaintiff is more than 40 years old. Defendant denies the allegations of Paragraphs 7(b) and 7(c).

8. Defendant admits that Plaintiff began his employment with Godfrey Trucking on October 2, 2019, as a Local CA Driver based at Defendant's Fontana, California facility; that Neil Sebring, then Defendant's Driver Recruiter, participated in hiring Plaintiff; that Plaintiff maintained a satisfactory driving-safety record and regularly reported for work; that Plaintiff at times worked shifts exceeding ten hours per day; and that Plaintiff's employment ended on December 22, 2023. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's understanding of his position at the time of hire and on that basis denies them. Defendant denies that Plaintiff experienced a hostile work environment, denies that his termination was wrongful, and denies the remaining allegations of Paragraph 8.

9. Defendant admits that Alex Pereira served as Plaintiff's dispatcher. Defendant denies that Pereira subjected Plaintiff to hostile or abusive treatment and denies the remaining allegations of Paragraph 9.

10. Defendant admits that Pereira sent an email to Defendant's human resources department dated March 30, 2022, the contents of which speak for themselves, and that Plaintiff was absent from work on March 28, 2022. Defendant denies Plaintiff's characterizations of that email, denies that Pereira harassed Plaintiff, denies the allegations concerning California law as an incomplete and inaccurate statement of the law, and denies the remaining allegations of Paragraph 10.

11. Defendant admits that Sebring told Plaintiff he would speak with Pereira and that management did speak with Pereira. Defendant denies that Plaintiff complained of discriminatory or harassing behavior, denies that no corrective action was taken, and denies the remaining allegations of Paragraph 11.

12. Denied.

3          CASE NO. 5:26-cv-00929-JGB-ACCVx
ANSWER TO SECOND AMENDED COMPLAINT

13. Defendant admits that Pereira sent an email dated September 18, 2023, the contents of which speak for themselves. Defendant denies Plaintiff's characterizations of that email and denies the remaining allegations of Paragraph 13.

14. Denied.

15. Defendant admits that Scott Godfrey left Plaintiff a voicemail on or about December 21, 2023. Defendant denies that Pereira pressured Plaintiff to take a load, or that any confrontation between Pereira and Plaintiff occurred on December 21, 2023; Plaintiff performed no work and was on paid time off on December 21, 2023. Defendant denies that Pereira harassed Plaintiff, denies that Pereira pressured Plaintiff to violate any law, denies Plaintiff's characterization of the contents of any voicemail or communication, and denies the remaining allegations of Paragraph 15. The quoted language of 49 C.F.R. § 392.3 characterizes a regulation whose text speaks for itself and requires no response.

16. Defendant admits that Plaintiff communicated with Kathy Dang, Defendant's Human Resources Manager, on December 20, 21, and 22, 2023, and that Dang directed Plaintiff to take December 21, 2023 off. Defendant further admits that on December 22, 2023, Dang and Scott Godfrey informed Plaintiff by telephone that his employment was terminated effective immediately. Defendant denies that Plaintiff was harassed or was pressured to violate any safety regulation or other law, denies that Plaintiff's communications reported or disclosed any violation of law or constituted activity protected by Labor Code section 1102.5, and denies that any such communication was a contributing factor in the decision to terminate Plaintiff's employment. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's subjective feelings and on that basis denies them. Defendant denies the remaining allegations of Paragraph 16.

17. Defendant admits that it provided Plaintiff a termination letter dated December 22, 2023, which referenced workplace conflict between Plaintiff and Pereira and whose contents speak for themselves. Defendant denies that the stated

reason for the termination was pretextual, denies that the termination was discriminatory or retaliatory, and denies the remaining allegations of Paragraph 17.

18. Defendant admits that Plaintiff earned approximately $72,000 per year and that, during his employment, Plaintiff received wages, bonuses, and benefits that included dental and vision coverage. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's post-termination employment status, finances, family circumstances, and emotional condition, and on that basis denies them. Defendant denies that Plaintiff's termination was wrongful or unjust and denies that Plaintiff suffered any harm as a result of any wrongful conduct by Defendant.

19. Denied.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Denied.

22. Denied.

23. Denied, including each of subparagraphs (a) through (c).

24. Defendant admits that Plaintiff purports to seek attorneys' fees and denies that Plaintiff is entitled to recover them.

25. Paragraph 25 concerns administrative prerequisites for claims that are no longer part of this action, and no response is required. To the extent a response is required, Defendant admits that Plaintiff filed administrative complaints with the California Civil Rights Department and received right-to-sue notices, and denies the remaining allegations of Paragraph 25.

26. Defendant incorporates its responses to Paragraphs 1 through 25. To the extent Paragraph 26 purports to incorporate paragraphs 33 through 85, no such paragraphs exist in the SAC, and no response is required.

27. Paragraph 27 characterizes Labor Code section 1102.5, whose text speaks for itself, and no response is required. To the extent a response is required, Defendant

5     CASE NO. 5:26-cv-00929-JGB-ACCVx
ANSWER TO SECOND AMENDED COMPLAINT

admits that section 1102.5 was in effect during Plaintiff's employment and denies that Defendant violated it.

28. Denied, including subparagraphs (a) and (b).

29. Denied.

30. Denied.

31. Denied.

32. Paragraph 32 contains no allegations, and no response is required.

## RESPONSE TO PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested or to any relief at all.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production it would not otherwise bear, Defendant asserts the following defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The SAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Same Decision; Labor Code § 1102.6)

Even if Plaintiff could demonstrate by a preponderance of the evidence that a disclosure or activity protected by Labor Code section 1102.5 was a contributing factor in his termination, which Defendant denies, Defendant would have terminated Plaintiff's employment at that time for legitimate, independent reasons, even if Plaintiff had not engaged in any activity protected by section 1102.5. Those reasons include the recurring and irreconcilable workplace conflict between Plaintiff and his dispatcher, Alex Pereira, which Plaintiff attributed to his own inability to work with Pereira during the December 22, 2023 telephone call and which is documented in the termination letter of the same date; Plaintiff's confirmation during that call that he

was not resigning; and the fact that Pereira was Defendant's only dispatcher in California, such that Defendant had no position in which it could continue to employ Plaintiff given Plaintiff's refusal to work with Pereira. Defendant can and will prove that same decision by clear and convincing evidence. Cal. Lab. Code § 1102.6.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's damages, if any, are barred or must be reduced to the extent he failed to make reasonable efforts to obtain and retain comparable employment after December 22, 2023.

## FOURTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's damages, if any, are barred or limited to the extent evidence acquired after the termination reveals conduct that would have led to Plaintiff's termination on lawful grounds.

## FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred or Limited)

The SAC fails to allege facts sufficient to support punitive damages under Civil Code section 3294, including oppression, fraud, or malice on the part of an officer, director, or managing agent of Godfrey Trucking, and any award of punitive damages would violate the due process protections of the United States and California Constitutions to the extent it is excessive or untethered to actual harm.

## SIXTH AFFIRMATIVE DEFENSE

### (No Standing for Injunctive Relief)

Plaintiff, a former employee, lacks standing to pursue injunctive relief against Godfrey Trucking, as this Court has already held in this action. (Dkt. No. 20.)

ANSWER TO SECOND AMENDED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations, including California Code of Civil Procedure section 338(a).

## EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Plaintiff's employment was at will under California Labor Code section 2922, and Defendant was entitled to terminate that employment for any lawful reason or for no reason at all.

## NINTH AFFIRMATIVE DEFENSE

### (Setoff and Offset)

Any recovery by Plaintiff must be reduced, offset, or barred to the extent of any income, earnings, benefits, or other compensation Plaintiff received, or with reasonable effort could have received, from other employment or sources during the relevant period.

Defendant reserves the right to seek leave to assert additional defenses as they become known through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows: (1) that Plaintiff take nothing by the SAC and that it be dismissed with prejudice; (2) that Defendant recover its costs of suit; and (3) for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

Dated: July 20, 2026                    **FABIAN VANCOTT**

By: */s/ Philip D. Dracht*
Philip D. Dracht
Tanner J. Bean
Attorneys for Defendant
GODFREY TRUCKING, INC.