Taylor M. Prainito (SBN 286965)
tprainito@scllgpc.com
Michael Zelman (SBN 297682)
mzelman@scllgpc.com
Sandy Sikavi (SBN 346964)
ssikavi@scllgpc.com
**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**
15760 Ventura Blvd., Suite 880
Encino, CA 91436
(424) 231-2366 Telephone
(323) 319-5148 Facsimile

Attorney for Plaintiff,
JORGE ESCOBEDO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JORGE ESCOBEDO,

Plaintiff,

vs.

GODFREY TRUCKING, INC., (a California Corporation), SCOTT GODFREY (an individual); DOES 1-100, inclusive,

Defendants.

**CASE NO:** 5:26-cv-929-JGB-ACCV

**JOINT REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Complaint Served: January 27, 2026
Complaint Amended: February 5, 2026
Complaint Removed to Federal Court: February 26, 2026
Scheduling Conference: October 26, 2026, 11:00 AM
Trial Date: None Set

Assigned for All Purposes to Honorable Jesus G. Bernal

# JOINT RULE 26(F) REPORT

Plaintiff Jorge Escobedo and Defendant Godfrey Trucking, Inc., by and through their respective counsel of record, submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f), the Court's Local Rules, and the Court's Order Setting Scheduling Conference (ECF 30), following the parties' conference held on **October 1, 2026**.

The parties have largely reached an agreement. Three issues remain for the Court to resolve: (1) the amount of written discovery requests that will be permitted, (2) the amount of depositions that will be permitted, and (3) the date for the close of fact discovery.

## I. Statement of the Case

This is an employment retaliation action arising from Plaintiff Jorge Escobedo's employment with Defendant Godfrey Trucking, Inc. Plaintiff alleges that he began working for Godfrey Trucking as a Local California Driver on October 2, 2019. Plaintiff further alleges that his employment was terminated effective December 22, 2023, after a workplace conflict involving his supervisor and after he had refused to take another load the prior day because he felt fatigued and had not taken his lunch break.

The operative claim following the Court's June 26, 2026 order is Plaintiff's claim for violation of California Labor Code section 1102.5. The Court dismissed the FEHA age discrimination, disability discrimination, disability harassment, reasonable accommodation, interactive process, failure-to-prevent, and wrongful termination claims without leave to amend, and stated that Plaintiff's only remaining claim is the Labor Code section 1102.5 claim.

Plaintiff contends that he raised good-faith complaints regarding unlawful and unsafe working conditions, including complaints related to being pressured to skip breaks, work while fatigued, and engage in conduct he believed violated applicable safety and employment laws. Plaintiff contends that Defendant retaliated against him by terminating his employment.

Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any

relief. Defendant contends that it acted lawfully and for legitimate, non-retaliatory business reasons. Defendant further denies that Plaintiff engaged in protected conduct sufficient to support liability, denies that any protected activity was a contributing factor in the termination decision, contends that it would have made the same decision for legitimate, independent reasons, denies damages, and reserves all defenses available under applicable law.

Plaintiff originally filed this action on December 19, 2025, in the Superior Court of California, County of San Bernardino, asserting fourteen causes of action against Godfrey Trucking, Inc. and Scott Godfrey. Defendants removed the action to this Court on February 26, 2026, and the Court granted Defendants' motion to dismiss, dismissing claims one through seven with leave to amend and claims nine through fourteen without leave to amend.

Plaintiff filed a First Amended Complaint on May 15, 2026, adding a FEHA retaliation claim and Alex Pereira as a defendant, while removing Scott Godfrey as a defendant. On June 26, 2026, the Court granted Defendant Godfrey Trucking, Inc.'s motion to dismiss the First Amended Complaint. The Court struck the newly added FEHA retaliation claim and all claims against Alex Pereira. The Court dismissed Plaintiff's FEHA and wrongful termination claims without leave to amend. The Court ordered Plaintiff to file an amended complaint by July 6, 2026, limited to the changes ordered by the Court, and stated that the only remaining claim is for violation of Labor Code section 1102.5. On July 6, 2026, Plaintiff filed a Second Amended Complaint asserting only the Labor Code section 1102.5 claim. Defendant filed its Answer on July 20, 2026. Plaintiff filed a "Petition for Writ of Mandate Challenging Order Granting Motion to Dismiss First Amended Complaint" with the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit denied the petition on September 17, 2026.

**II. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. Plaintiff is

a citizen of California. Defendant Godfrey Trucking, Inc. is a Utah corporation with its principal place of business in Utah. Defendant removed the action under 28 U.S.C. §§ 1441 and 1446. Venue is proper in this District under 28 U.S.C. § 1441(a) because it embraces the state court in which the action was pending. No claim invokes the Court's supplemental jurisdiction. The parties reserve all rights regarding any jurisdictional, venue, pleading, or procedural issues.

**III. Legal Issues**

Following the Court's June 26, 2026 order, Plaintiff's remaining claim is for violation of California Labor Code section 1102.5. Plaintiff contends that he complained about unlawful and unsafe conduct, including being pressured to work through required breaks, operate while fatigued, and perform work in a manner he believed violated applicable employment and safety requirements. Plaintiff contends that his protected complaints and refusal to engage in unlawful conduct were substantial motivating reasons for his termination.

Defendant denies liability and contends that Plaintiff was terminated for legitimate, non-retaliatory reasons, including workplace conflict and business-related reasons unrelated to any protected activity. Defendant further contends that Plaintiff cannot establish protected activity, that any protected activity was a contributing factor in the termination decision, or recoverable damages. Defendant further contends that it would have terminated Plaintiff's employment for legitimate, independent reasons even if Plaintiff had not engaged in protected activity. See Cal. Lab. Code § 1102.6. Defendant also asserts, or reserves the right to assert, defenses including failure to mitigate, after-acquired evidence, the same-decision defense under Labor Code section 1102.6, lack of causation, legitimate business justification, offset, and any other defenses available under applicable law.

**IV. Parties, Witnesses, and Key Documents**

With the reservation that the parties' anticipated key witnesses, documents, and damages are subject to change according to ongoing discovery, the parties state the

following:

**A. Parties**

- Jorge Escobedo, Plaintiff
- Godfrey Trucking, Inc., a Utah Corporation. For conflict purposes, Godfrey Trucking, Inc. has no parent corporation, subsidiaries, or affiliates.

**B. Witnesses**

- Plaintiff's Anticipated Witnesses: Plaintiff anticipates that the following individuals may serve as witnesses at trial: (1) Plaintiff; (2) Defendant Godfrey Trucking, Inc., and its current and former employees; (3) Alex Pereira; (4) Scott Godfrey; (5) Neil Sebring; (6) Kathy Dang; (7) Edward Hernandez; (8) Josh Menez; (9) Roberto (last name unknown); (10) John (last name unknown); (11) Anthony Bernard
- Defendant's Anticipated Witnesses: Defendant anticipates that the following individuals may serve as witnesses at trial: (1) Alex Pereira, (2) Kathy Dang, (3) Scott Godfrey, and (4) Neil Sebring.

**C. Key Documents**

- Plaintiff's Anticipated Key Documents: Plaintiff anticipates that the following documents may serve at trial: (1) All documents related to Plaintiff's employment, the hiring, termination, disciplinary record during employment, and job performance; (2) All documents related to Defendant's employee handbooks in effect during Plaintiff's employment, personnel policies and procedures, policies regarding discrimination, policies regarding complaints of discrimination, and complaints of discrimination by current and former employees; (3) All communications relating to Plaintiff and the allegations in Plaintiff's instant complaint. These documents include, but are not limited to, GODFREY_9-11, 15-25, 33-47, 55, 57, 59-60, 69-74, 76-82, 110-112, 115-116, 126, and 131-191.
- Defendant's Anticipated Key Documents: Defendant anticipates that documents related to Plaintiff's job performance and conduct, which were cited as reasons for the termination of his employment, will be key documents. Those include, but are

not limited to, documents previously produced as GODFREY_00009-11, 17-21, 33, 35, 37, 39, 43,

As new witnesses and documents become anticipated by the parties, the parties will update their initial disclosures to reflect the same.

**V. Damages**

With the reservation that the parties' damages are subject to change according to ongoing discovery, the parties state the following:

Plaintiff's Damages: Plaintiff asserts the following damages: (1) Lost earnings, plus benefits; (2) Reimbursement of all attorney's fees and costs expended in this lawsuit, which are presently accruing; and (3) Pre-Judgement and Post-Judgement interest on all damages.

Defendant's Damages: Godfrey Trucking asserts no affirmative claim for damages in this action. Godfrey Trucking reserves the right to seek its costs and attorney fees to which it may be entitled by statute, rule, contract, or other applicable law, which are presently accruing.

**VI. Insurance**

Defendant does not have insurance coverage regarding this lawsuit.

**VII. Motions**

As stated below and in Exhibit B, the parties have agreed to phased discovery. Under those phases, motions for summary judgment must be heard by August 23, 2027 and other dispositive or non-discovery pretrial motions by February 28, 2028. Motions in limine will be heard at the final pretrial conference on March 13, 2028.

- Plaintiff's Anticipated Motions

The Plaintiff anticipates possible discovery motions if disputes arise. Plaintiff reserves the right to oppose any dispositive motions and to file any appropriate motions permitted by the Federal Rules, Local Rules, and the Court's scheduling order.

- Defendant's Anticipated Motions
    - Potential discovery motions

- Motion for Summary Judgment
- Potential pretrial motions

**VIII. Manual for Complex Litigation**

The parties do not anticipate that any of the procedures of the Manual for Complex Litigation need to be utilized.

**IX. Status of Discovery**

Prior to Plaintiff filing suit, he requested documents regarding his employment file from Defendant. Defendant responded by producing documents numbered GODFREY_000001-191. Since then, neither party has conducted further discovery. The parties will serve initial disclosures as described below as well as discovery requests within the fact discovery period.

**X. Discovery Plan**

The parties propose that discovery proceed as follows:

**A. Initial Disclosures**

The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **October 15, 2026**. The parties reserve the right to supplement their disclosures as discovery proceeds.

**B. Subjects on Which Discovery May Be Needed**

The parties anticipate discovery regarding, among other things:

1. Plaintiff's employment history with Godfrey Trucking;
2. Plaintiff's job duties, schedule, compensation, benefits, and performance;
3. Plaintiff's complaints regarding breaks, fatigue, safety, dispatch instructions, working conditions, and alleged unlawful practices;
4. Communications among Defendant's managers, supervisors, HR personnel, and decisionmakers regarding Plaintiff;
5. The circumstances leading to Plaintiff's termination;
6. The circumstances of Plaintiff's December 2023 refusal to take an assigned load and related dispatch communications, and driver logs, GPS data, and

timekeeping records for the relevant period;

7. Defendant's stated reasons for termination and Plaintiff's contention that those reasons were pretextual;

8. Defendant's policies and practices concerning retaliation, employee complaints, meal and rest breaks, driver safety, fatigue, dispatching, and termination;

9. Comparator evidence, including treatment of other employees who made complaints or refused assignments;

10. Plaintiff's alleged damages, including lost wages, lost benefits, emotional distress, mitigation, and punitive damages if applicable; and

11. Defendant's affirmative defenses.

By including a topic in the list above, neither party waives its right to object to the relevance, scope, or breadth of discovery requests served upon it including requests relating to the topics above.

**C. Written Discovery**

The parties anticipate serving interrogatories, requests for production of documents, and requests for admission. The parties agree that written discovery may proceed subject to the Federal Rules of Civil Procedure, the Local Rules, and any scheduling order entered by the Court. The Parties do not agree on the amount of discovery to be conducted in this lawsuit, and therefore, request the Court to determine the amount of discovery.

- Plaintiff proposes the following:

  Requests for Admission: 100 per party.

  Interrogatories: 100 per party

  Requests for Production of Documents: 100 per party

- Defendant proposes the following:

  Requests for Admission: 25 per party. Requests for admission directed solely to the genuineness or authenticity of documents shall not count toward this limit.

  Interrogatories: 25 per party

Requests for Production of Documents: 25 per party

**D. Electronically Stored Information**

The parties have discussed preservation and production of electronically stored information. Potential sources of ESI include emails, text messages, internal messaging platforms, personnel systems, payroll and timekeeping records, dispatch records, GPS or driver logs, HR files, termination-related communications, and documents concerning Plaintiff's complaints, job duties, work assignments, performance, and termination.

The parties agree to meet and confer in good faith regarding search terms, custodians, date ranges, format of production, and any disputes concerning proportionality or burden. Unless otherwise agreed, ESI shall be produced in a reasonably usable format, with metadata preserved where reasonably available, requested by the propounding party, and proportional to the needs of the case. By identifying a potential source of ESI above, neither party waives its right to object to the relevance, scope, or breadth of discovery requests served upon it including requests relating to the potential sources of ESI above.

**E. Depositions**

The parties anticipate taking depositions of Plaintiff, relevant human resources personnel, supervisors, and decisionmakers involved in Plaintiff's termination, witnesses with knowledge of Plaintiff's complaints and working conditions, and damages or mitigation witnesses.

The parties also anticipate potential Rule 30(b)(6) deposition topics concerning Defendant's complaint-handling procedures, retaliation policies, safety policies, meal and rest break practices, dispatch operations, termination decision-making, timekeeping, payroll, driver logs, and document retention. By identifying a potential topic for deposition, neither party waives its right to object to notice of deposition or Rule 30(b)(6) topics' relevance, scope, breadth, or specificity.

The parties agree that depositions may proceed subject to the Federal Rules of Civil Procedure, the Local Rules, and any scheduling order entered by the Court. The Parties do not agree on the amount of depositions to be conducted in this lawsuit, and therefore,

request the Court to determine the amount of discovery.

- Plaintiff proposes the following: 10 depositions per party.
- Defendant proposes the following: 5 depositions per party.

**F. Protective Order**

The parties desire the entry of a protective order because discovery may involve confidential personnel records, medical information, financial records, proprietary business information, safety policies, payroll records, driver records, and other confidential employment-related documents. The parties agree to the entry of the Court's model protective order.

**G. Privilege and Work Product**

The parties agree that privileged or work-product-protected information need not be produced. The parties will provide privilege logs for documents withheld on the basis of privilege or work product, unless otherwise agreed or ordered.

The parties agree to meet and confer regarding any inadvertent production of privileged or protected material and to include an appropriate clawback provision in any protective order or ESI protocol.

**H. Preservation of Evidence**

The parties have discussed their obligations to preserve relevant evidence, including paper documents, ESI, emails, text messages, personnel records, HR records, payroll records, dispatch records, driver records, timekeeping records, safety records, termination-related documents, and communications relevant to Plaintiff's employment, complaints, work assignments, breaks, fatigue, alleged protected activity, termination, mitigation, and damages. The parties agree to take reasonable steps to preserve relevant evidence. By identifying a potential source of evidence, neither party waives its right to object to the relevance, scope, or breadth of discovery requests served upon it including requests relating to the potential sources of evidence above.

**XI. Phased Discovery – Fact Discovery**

The Parties agree that discovery will be conducted in two phases. The first phase

will be fact discovery. After fact discovery, it is anticipated that one or more of the Parties will file a motion for summary judgment. If that motion is granted, the case will come to its conclusion. If that motion is not granted, the parties will move into the second phase of discovery, expert discovery. If no motion for summary judgment is filed by the deadline below, the parties will move into expert discovery.

**XII. Fact Discovery Cut-Off**

The Parties do not agree on the fact discovery cut-off deadline in this lawsuit, and therefore, request the Court to determine the fact discovery deadline.

The Defendant proposes **May 10, 2027** for the completion of all fact discovery and the hearing and resolution of all fact discovery motions so that the parties can complete fact discovery ahead of the motion for summary judgment and mediation deadlines in Phase I.

The Plaintiff proposes **January 21, 2028** for the completion of all fact discovery and the hearing and resolution of all fact discovery motions

**XIII. Summary Judgment Motions**

The parties propose **August 23, 2027** for the last date of hearing, and resolution of all summary judgment motions following the completion of fact discovery. Although subject to the results of ongoing discovery, Defendant presently believes fact discovery will permit the Court to determine Defendant did not retaliate against Plaintiff, including, but not limited to, the following anticipated reasons: Plaintiff did not engage in protected activity; Plaintiff cannot state a prima facie case of retaliation; no protected activity was a contributing factor in the decision to terminate his employment; Defendant can show by clear and convincing evidence that it would have made the same decision for legitimate, independent reasons, *see* Cal. Lab. Code § 1102.6; *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703 (2022);; and Plaintiff lacks damages as a result of a failure to mitigate his damages, because he obtained higher paying employment, and because he cannot demonstrate evidence for non-economic damages.

**XIV. Phased Discovery - Expert Discovery**

The parties anticipate that, if a motion for summary judgment is denied or not filed, expert discovery may be necessary regarding questions of damages and mitigation. The parties propose the following dates for expert discovery:

- Initial Expert Disclosures: **November 12, 2027**
- Rebuttal/Supplemental Expert Disclosures: **December 10, 2027**

**XV. Expert Discovery Cut-Off**

The parties propose **January 21, 2028** for the completion of all expert discovery.

**XVI. Motions in Limine and Other Dispositive and Non-discovery Motions**

The parties propose **February 28, 2028** as the last date to hear all other dispositive or non-discovery pretrial motions. The parties propose that motions in limine will be heard at the final pretrial conference on **March 13, 2028**.

**XVII. Settlement and Alternative Dispute Resolution**

Before the filing of Plaintiff's initial complaint, Plaintiff served an initial settlement demand and requested the parties conduct pre-litigation mediation. Defendant agreed to conduct pre-litigation mediation if Plaintiff would agree that the mediation operate under a bracket of monetary figures. Plaintiff did not agree to that bracket and proceeded to file his initial complaint.

The parties have discussed settlement and alternative dispute resolution. The parties believe that private mediation may be productive after completion of fact discovery and before the summary judgment hearing deadline. The parties propose completing private mediation by **August 16, 2027**.

**XVIII. Trial Estimate**

Plaintiff has demanded a jury trial. The parties estimate that trial will take approximately **4 to 6 court days**, depending on the number of witnesses, expert testimony, evidentiary issues, and motions in limine.

The parties propose a jury trial dates of **March 28-April 2, 2028**.

With the reservation that the parties' anticipated witnesses are subject to change according to ongoing discovery, the parties state the following:

Plaintiff anticipates calling approximately 8 witnesses at trial.

Defendant anticipates calling approximately 5 witnesses at trial.

**XIX. Trial Counsel**

With the reservation that the attorneys staffed on the above matter for each party are subject to change, the parties anticipate the following:

- Plaintiff's Trial Counsel: Taylor M. Prainito, Michael Zelman, and Sandy Sikavi
- Defendant's Trial Counsel: Phil Dracht and Tanner Bean

**XX. Independent Expert or Master**

The Parties do not anticipate the need for the appointment of an independent expert or master under Federal Rule of Civil Procedure 53.

**XXI. Timetable**

Attached to this report as **Exhibit A** is the Schedule of Pretrial and Trial Dates in the form requested by the Court. Additionally, attached to this report as **Exhibit B** is a full schedule containing all dates discussed in this report.

**XXII. Other Issues**

At this time, the parties do not have any further matters regarding case management, severance, bifurcation, or ordering of proof.

DATED: October 9, 2026

**SOUTHERN CALIFORNIA LABOR LAW GROUP, P.C.**

*/s/ Sandy M. Sikavi*

By: Sandy M. Sikavi, Esq.
Taylor M. Prainito, Esq.
Michael Zelman, Esq.
Attorneys for Plaintiff,
JORGE ESCOBEDO

DATED: October 9, 2026

**FABIAN VANCOTT**

*/s/ Tanner J. Bean*

By: Philip D. Dracht, Esq.
Tanner J. Bean, Esq.
Attorneys for DEFENDANT GODFREY TRUCKING, INC.

**EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Case No.: 5:26-cv-00929-JGB-ACCV

Case Name: *Escobedo v. Godfrey Trucking, Inc.*

| Matter | Plaintiff(s)' Request (mo/day/year) | Defendant(s)' Request (mo/day/year) | Court's Order |
|---|---|---|---|
| ☒Jury Trial or ☐Court Trial **(Tuesday at 9:00 a.m.)** Length: 4-6 Days | March 28-April 2, 2028 | March 28-April 2, 2028 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions In Limine **(Monday - two (2) weeks before trial date)** | March 13, 2028 | March 13, 2028 | |
| Last Date to Conduct Settlement Conference | August 16, 2027 | August 16, 2027 | |
| Last Date to ***Hear*** Non-Discovery Motions (Monday at 9:00 a.m.)* | February 28, 2028 | February 28, 2028 | |
| All Discovery Cut-Off (including hearing all discovery motions)* | January 21, 2028 | January 21, 2028 | |
| Expert Disclosure (Rebuttal) | December 10, 2027 | December 10, 2027 | |
| Expert Disclosure (Initial) | November 12, 2027 | November 12, 2027 | |
| Last Date to Amend Pleadings or Add Parties | January 15, 2027 | January 15, 2027 | |

* Subject to the phasing shown in Exhibit B and Sections VII, XI, XIII, and XVI.

ADR [L.R. 16-15] Settlement Choice:

☐Attorney Settlement Officer Panel
☒Private Mediation
☐Magistrate Judge

**EXHIBIT B: FULL CASE SCHEDULE**

| Event | Proposed Date |
|---|---|
| Rule 26(f) conference | October 1, 2026 |
| Initial disclosures | October 15, 2026 |
| Last day to amend pleadings or add parties | January 15, 2027 |
| *Phase 1: Fact Discovery* | |
| Fact discovery cutoff, including filing and hearing of discovery motions | Defendant's Proposal: May 10, 2027<br>Plaintiff's Proposal: January 21, 2028 |
| Deadline to complete private mediation or settlement conference | August 16, 2027 |
| Last day for hearing on motions for summary judgment | August 23, 2027 |
| *Phase 2: Expert Discovery* | |
| Initial expert disclosures | November 12, 2027 |
| Rebuttal/supplemental expert disclosures | December 10, 2027 |
| Expert discovery cutoff | January 21, 2028 |
| Motions in limine filing or other dispositive or pretrial motion deadline, including filing and hearing of such motions | February 28, 2028 |
| Joint pretrial conference order, witness lists, exhibit lists, and trial briefs | March 2, 2028 |
| Final pretrial conference | March 13, 2028 |
| Jury trial | March 28-April 2, 2028 |

# CERTIFICATE OF SERVICE

I certify that on October 9, 2026, I served a true and correct copy of the foregoing **JOINT REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** on the following attorneys as follows:

Philip D. Dracht (SBN 219044)
FABIAN VANCOTT
15 W. Carrillo St.
Santa Barbara, CA 93101
Tele: (801) 531-8900

Tanner J. Bean (*pro hac vice*)
FABIAN VANCOTT
95 S. State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
Email(s):
pdracht@fabianvancott.com
tbean@fabianvancott.com
knielson@fabianvancott.com

by the following indicated method or methods:

_XXX_ BY EMAIL: I delivered a true and correct copy of the documents(s) to the attorney(s) at the above e-mail address.

Executed this 9th day of October 2026, in the City and County of Los Angeles, State of California.

*/s/ Kimberly Morales*
Kimberly Morales